1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  NATHAN R. LINDELL (248668)
   DANIELLE S. MYERS (259916)
3  JUAN CARLOS SANCHEZ (301834)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   nlindell@rgrdlaw.com
6  dmyers@rgrdlaw.com
   jsanchez@rgrdlaw.com
7
   [Proposed] Lead Counsel for [Proposed] Lead Plaintiff
8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
                        WESTERN DIVISION
11

| | |
|---|---|
| KEITH JENSEN, Individually and on Behalf of All Others Similarly Situated, )<br><br>                    Plaintiff, )<br><br>        vs. )<br><br>STABLE ROAD ACQUISITION CORP., et al., )<br><br>                    Defendants. ) | Case No. 2:21-cv-05744-JFW-SHK<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:        October 18, 2021<br>TIME:         1:30 p.m.<br>CTRM:        7A<br>JUDGE:       Hon. John F. Walter |

4840-0662-2970.v1

## I.      INTRODUCTION

There are three related cases pending in this Court that are putative securities class action lawsuits (the "Related Actions") brought against defendants for purported violations of the Securities Exchange Act of 1934 (the "1934 Act") on behalf of purchasers of Stable Road Acquisition Corp. ("Stable Road" or the "Company") securities between October 7, 2020 and July 13, 2021 (the "Class Period"), inclusive.[1] Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).   As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they involve common legal and factual questions.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Blackridge Capital Alliance LLC respectfully submits that it is the presumptively most adequate plaintiff in this case because it has filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Additionally, Blackridge's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.      FACTUAL BACKGROUND

Stable Road was launched as a special purpose acquisition company or "SPAC."  By way of background, SPACs like Stable Road are often referred to as

---

[1]      The Related Actions are: *Jensen v. Stable Road Acquisition Corp.*, No. 2:21-cv-05744 (filed on 7/15/2021); *Hall v. Stable Road Acquisition Corp.*, No. 2:21-cv-05943 (filed on 7/22/2021); and *DePoy v. Stable Road Acquisition Corp.*, No. 2:21-cv-06287 (filed on 8/4/2021).

4840-0662-2970.v1

"blank check companies" because they have no business or operations at the time of formation.  Instead, SPAC sponsors use proceeds from public offerings to acquire a business, often within a specified industry.

On October 7, 2020, Stable Road and Momentus Inc. – a private commercial space company – issued a joint press release announcing that Stable Road had agreed to acquire Momentus in a proposed merger, subject to shareholder approval.  The press release stated that the merger would "create the first publicly traded space infrastructure company at the forefront of the new space economy." *Jensen*, ECF No. 1 at ¶21.

The Related Actions allege that, throughout the Class Period, defendants misrepresented and failed to disclose adverse facts about Momentus's business, operations, and prospects and Stable Road's due diligence activities in connection with the merger, which were known to defendants or recklessly disregarded by them, as follows: (a) Momentus's 2019 test of its key technology, a water plasma thruster, had failed to meet Momentus's own public and internal pre-launch criteria for success, and was conducted on a prototype that was not designed to generate commercially significant amounts of thrust; (b) the U.S. government had conveyed that it considered Momentus's CEO, defendant Mikhail Kokorich, a national security threat, which jeopardized Kokorich's continued leadership of Momentus and Momentus's launch schedule and business prospects; (c) consequently, the revenue projections and business and operational plans provided to investors regarding Momentus and the commercial viability and timeline of its products were materially false and misleading and lacked a reasonable basis in fact; and (d) Stable Road had failed to conduct appropriate due diligence of Momentus and its business operations and defendants had materially misrepresented the due diligence activities being conducted by Stable Road executives and its sponsor in connection with the merger.

On January 25, 2021, Momentus announced that defendant Kokorich had resigned as Momentus's CEO "in an effort to expedite the resolution of U.S.

1 government national security and foreign ownership concerns surrounding the
2 Company." *Jensen*, ECF No. 1 at ¶26.  On this news, the price of Stable Road Class A
3 stock suffered a nearly 20% decline over three trading sessions.

4       Then, on July 13, 2021, the U.S. Securities and Exchange Commission ("SEC")
5 announced charges against Stable Road, CEO Brian Kabot, SRC-NI Holdings (Stable
6 Road's SPAC sponsor), Momentus, and defendant Kokorich for making "misleading
7 claims about Momentus's technology and about national security risks associated with
8 Kokorich." *Jensen*, ECF No. 1 at ¶28.  The release, among other things, stated that all
9 parties other than defendant Kokorich had settled the charges against them for $8
10 million in total, while the case against defendant Kokorich continued.  Also on July
11 13, 2021, the SEC publicized a cease-and-desist order and complaint against
12 defendant Kokorich which detailed defendants' scheme to defraud investors in
13 connection with the merger.  *Id.* at ¶29.  On this news, the price of Stable Road Class
14 A stock declined an additional 10%, further damaging investors.

15       As a result of defendants' wrongful acts and omissions, and the declines in the
16 price of Stable Road's securities as detailed herein, Blackridge other class members
17 have suffered significant losses and damages.

18 **III.    ARGUMENT**

19       **A.    This Court Should Consolidate the Related Actions**

20       "If actions before the court involve a common question of law or fact, the court
21 may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  Importantly, the PSLRA
22 contemplates consolidation if "more than one action on behalf of a class asserting
23 substantially the same claim" has been filed.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

24       The Related Actions share sufficiently common legal and factual questions to
25 warrant consolidation, including alleging similar 1934 Act claims against the same
26 defendants in the same Class Period.  Because the Related Actions are based on
27 common facts and involve the same subject matter, the same discovery will be

28

4840-0662-2970.v1

1  relevant to all lawsuits.  Thus, consolidation is appropriate here.  *See generally Lloyd*

2  *v. CVB Fin. Corp.*, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

3      **B.   Blackridge Should Be Appointed Lead Plaintiff**

4          The PSLRA establishes the procedure for the appointment of a lead plaintiff in

5  "each private action arising under [the 1934 Act] that is brought as a plaintiff class

6  action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see*

7  *also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint

8  is filed, a notice must be published "in a widely circulated national business-oriented

9  publication or wire service" advising members of the purported plaintiff class "of the

10  pendency of the action, the claims asserted therein, and the purported class period"

11  and that "not later than 60 days after the date on which the notice is published, any

12  member of the purported class may move the court to serve as lead plaintiff."  15

13  U.S.C. §78u-4(a)(3)(A)(i).  Robbins Geller published the statutory notice of the first-

14  filed *Jensen* complaint on July 15, 2021.  *See* Declaration of Danielle S. Myers in

15  Support of Motion for Consolidation of Related Actions, Appointment as Lead

16  Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."),

17  Ex. A.

18          Next, the PSLRA provides that the Court shall adopt a presumption that the

19  most adequate plaintiff is the person or group of persons that:

20          (aa) has either filed the complaint or made a motion in response to a notice . . .;

21          (bb) in the determination of the court, has the largest financial interest in the

22  relief sought by the class; and

23          (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of

24  Civil Procedure.

25  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Blackridge meets these requirements and should be

26  appointed Lead Plaintiff.

27

28

4840-0662-2970.v1

1

### 1.     Blackridge's Motion Is Timely

2      The July 15, 2021, statutory notice of the first-filed *Jensen* complaint published

3 by Robbins Geller advised purported class members of the pendency of the action, the

4 claims asserted, the proposed Class Period, and the right to move the Court to be

5 appointed as lead plaintiff within 60 days, or by September 13, 2021.  *See* Myers

6 Decl., Ex. A.  Because Blackridge's motion has been filed by the statutory deadline, it

7 is eligible for appointment as lead plaintiff.

8

### 2.     Blackridge Has a Substantial Financial Interest in the Relief Sought by the Class

9

10      As evidenced by its Certification and loss chart, Blackridge has a significant

11 financial interest stemming from the purchase of 38,000 shares of Stable Road Class

12 A stock and 25,000 Stable Road warrants during the Class Period, resulting in

13 approximately $126,485 in losses.  *See* Myers Decl., Exs. B, C.  To the best of

14 Blackridge's counsel's knowledge, there are no other plaintiffs with a larger financial

interest.

15

### 3.     Blackridge Is Typical and Adequate of the Purported Class

16

17      In addition to possessing a significant financial interest, a lead plaintiff must

18 also "otherwise satisf[y] the requirements of Rule 23."   15 U.S.C. §78u-

19 4(a)(3)(B)(iii)(I)(cc).   Rule 23 requires that "the claims or defenses of the

20 representative parties are typical of the claims or defenses of the class; and [that] the

21 representative parties will fairly and adequately protect the interests of the class."

22 Fed. R. Civ. P. 23(a)(3)-(4); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

23 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

24      "So long as the plaintiff with the largest losses satisfies the typicality and

25 adequacy requirements, he is entitled to lead plaintiff status . . . ."  *Cavanaugh*, 306

26 F.3d at 732.  "The movant with the largest financial interest only needs to make a

27 prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff."

28 *Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (citing

- 5 -

1   *Cavanaugh*, 306 F.3d at 739). "To make a prima facie showing of typicality, a

2   moving plaintiff should establish that its claims are similar to all class members." *Id.*

3   In determining whether the adequacy requirement is met, "[a] court should inquire

4   about the movant's interests in the outcome of the case and their willingness to

5   vigorously represent the class's claims to determine if [there] is a preliminary showing

6   of adequacy." *Id.* "Additionally, a court should ensure that the movant's interests do

7   not conflict with those of the class and that the movant's counsel is capable and

8   qualified." *Id.*

9       Blackridge satisfies the typicality requirement as it seeks to represent a class of

10  similarly situated purchasers of Stable Road securities and suffered a loss as a result of

11  defendants' alleged misconduct.  Indeed, like all other class members, Blackridge: (1)

12  purchased Stable Road securities during the Class Period; (2) was adversely affected

13  by defendants' false and misleading statements and omissions; and (3) suffered

14  damages thereby.  In other words, Blackridge's claims arise from the same alleged

15  misconduct and are based on the same legal theory as the claims of other class

16  members.

17      Blackridge also satisfies the adequacy requirement.  It is a Texas-based

18  investment firm owned and operated by Bradley M. Palmer II.  *See* Myers Decl., Ex.

19  D. Mr. Palmer is a sophisticated investor who has submitted a Declaration confirming

20  Blackridge's willingness and ability to serve as lead plaintiff.  *See id.*  Prior to

21  launching Blackridge, Mr. Palmer owned and operated another investment company

22  and has familiarity with selecting and overseeing lawyers.  *Id.* at ¶1.  Finally, as

23  detailed further below and in Mr. Palmer's Declaration, Blackridge retained qualified

24  and experienced proposed lead counsel to vigorously prosecute the case on behalf of

25  the class.  *See id.* at ¶6.

26      Because Blackridge filed a timely motion, has a large financial interest in the

27  relief sought by the class, and demonstrated its typicality and adequacy, the Court

28  should adopt the presumption that it is the "most adequate plaintiff."

1

## C.    The Court Should Approve Blackridge's Selection of Counsel

2

3       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel,

4   subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Blackridge has

5   selected Robbins Geller to serve as lead counsel in this case.[2]

6       Robbins Geller, a 200-attorney nationwide law firm with offices in California,

7   regularly practices complex securities litigation.  Courts throughout the country,

8   including in this District, have noted Robbins Geller's reputation for excellence,

9   which has resulted in the appointment of Robbins Geller attorneys to lead roles in

10  hundreds of complex class action securities cases.  *See, e.g.*, *Koffsmon v. Green Dot*

11  *Corp.*, 2021 WL 3473975, at *5 (C.D. Cal. Aug. 6, 2021); *see also In re Enron Corp.*

12  *Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008)

13  (commenting that the "experience, ability, and reputation of the attorneys of [Robbins

14  Geller] is not disputed; it is one of the most successful law firms in securities class

15  actions, if not the preeminent one, in the country").

16      Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of

17  investors as sole lead counsel in securities class action cases, including $1.02 billion

18  in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.),

19  and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).

20  And, in 2021, Robbins Geller secured final approval of a $1.21 billion recovery in *In*

21  *re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).

22  Robbins Geller attorneys have obtained the largest securities fraud class action

23  recovery in this Circuit and in the Fifth, Seventh, Eighth, Tenth, and Eleventh

24  Circuits.[3]

25  _____

    [2]     For a detailed description of Robbins Geller's track record, resources, and
26  attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the
    Firm's resume is available upon the Court's request, if preferred.

27  [3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion
28  recovery is largest securities class action recovery in U.S. history and in the Fifth
    Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio)

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in this District in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As such, Blackridge's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions should be consolidated as they involve common legal and factual questions. Additionally, Blackridge has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Blackridge respectfully requests that the Court grant its motion.

DATED: September 13, 2021   Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
NATHAN R. LINDELL
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ

s/ Danielle S. Myers
DANIELLE S. MYERS

($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
dmyers@rgrdlaw.com
isanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 9 -

1

<u>CERTIFICATE OF SERVICE</u>

2        I hereby certify under penalty of perjury that on September 13, 2021, I

3  authorized the electronic filing of the foregoing with the Clerk of the Court using the

4  CM/ECF system which will send notification of such filing to the e-mail addresses on

5  the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing

6  of the foregoing via the United States Postal Service to the non-CM/ECF participants

7  indicated on the attached Manual Notice List.

8                              s/ Danielle S. Myers
                              DANIELLE S. MYERS

9

10                         ROBBINS GELLER RUDMAN
                               & DOWD LLP

11                        655 West Broadway, Suite 1900
                        San Diego, CA  92101-8498
                        Telephone:  619/231-1058

12                        619/231-7423 (fax)

13                        E-mail:  dmyers@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

## Mailing Information for a Case 2:21-cv-05744-JFW-SHK Keith Jensen v. Stable Road Acquisition Corp. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Atkinson**
  stefan.atkinson@kirkland.com

- **Emerson Bursis**
  emerson.bursis@kirkland.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark C Holscher**
  mark.holscher@kirkland.com

- **Frank J Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,paralegal@johnsonfistel.com,jonathans@johnsonfistel.com,brettm@johnsonfistel.com

- **Nathan R Lindell**
  nlindell@rgrdlaw.com,e_file_sd@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Austin C Norris**
  austin.norris@kirkland.com,laura-bay-kirkland-ellis-llp-2744@ecf.pacerpro.com,laura.bay@kirkland.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)