Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles Linehan (SBN 307439)
  clinehan@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Hartmut Haenisch*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JENSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>STABLE ROAD ACQUISITION CORP., et al.,<br><br>        Defendants. | Case No. 2:21-cv-05744-JFW-SHK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF HARTMUT HAENISCH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:    October 25, 2021<br>Time:    1:30 p.m.<br>Crtrm.:  7A<br>Judge:   Hon. John F. Walter |
| MARTIN HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>STABLE ROAD ACQUISITION CORP., et al.,<br><br>        Defendants. | Case No. 2:21-cv-05943-JFW-SHK |
| DREW DEPOY,<br><br>        Plaintiff,<br><br>    v.<br><br>STABLE ROAD ACQUISITION CORP., et al.,<br><br>        Defendants. | Case No. 2:21-cv-06287-JFW-SHK |

Lead Plaintiff Movant Hartmut Haenisch ("Haenisch") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Haenisch as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities other than the defendants that purchased or otherwise acquired Stable Road Acquisition Corp. ("Stable Road" or the "Company") securities between October 7, 2020 and July 13, 2021, inclusive (the "Class Period").

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Haenisch is the "most adequate plaintiff" as defined by the PSLRA.

Haenisch has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Haenisch satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Haenisch respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Haenisch's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities

class action litigation and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

Stable Road was a special purpose acquisition company ("SPAC") formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. Momentus Inc. ("Momentus") was a private company that purported to offer "in-space infrastructure services by building transfer and service vehicles that will carry satellites and hosted payloads between orbits in space using an innovative water-based propulsion system," a microwave electro-thermal ("MET") water plasma thruster.

On October 7, 2020, Momentus announced that it had signed a definitive merger agreement with Stable Road, resulting in Momentus becoming a publicly traded entity. The transaction was initially valued at $1.13 billion, but was later cut to $466.6 million in June 2021 due to delays in Momentus's first commercial launch.

On January 4, 2021, Stable Road revealed that Momentus's January 2021 launch would be "remanifest[ed] . . . to a subsequent launch opportunity in 2021" because the company needed additional time to obtain the necessary regulatory approvals. On this news, the Company's stock price fell $1.71, or 9.5%, to close at $16.25 per share on January 5, 2021.

On January 25, 2021, Momentus announced that Mikhail Kokorich ("Kokorich," the CEO of Momentus) had resigned from the company. The press release also stated that Momentus, in consultation with Stable Road "determined that accepting Mr. Kokorich's resignation is in the best interest of the Company, in an effort to expedite the resolution of U.S. government national security and foreign

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

ownership concerns surrounding the Company, the existence of which the Company has recently confirmed." On this news, the Company's stock price fell $4.75, or 19%, to close at $20.10 per share on January 27, 2021.

On May 24, 2021, Stable Road disclosed that Momentus "does not expect to fly any missions in 2021" because it was still securing regulatory approvals. On this news, the Company's share price fell $1.61, or approximately 14%, to close at $10.42 per share on May 24, 2021.

On July 13, 2021, after the market closed, the United States Securities and Exchange Commission ("SEC") announced a settlement for penalties exceeding $8 million with Stable Road; its sponsor SRC-NI; Stable Chief Executive Officer, Brian Kabot; and its merger target Momentus. The charges relate to misleading claims about Momentus's technology and about national security risks associated with Kokorich. According to the SEC's charges, Stable Road had repeated Momentus's misleading claims that it had "'successfully tested' its propulsion technology in space when, in fact, the company's only in-space test had failed to achieve its primary mission objectives or demonstrate the technology's commercial viability." On this news, the Company's share price fell $1.20, or more than 10%, to close at $10.68 per share on July 14, 2021, on unusually heavy trading volume.

The complaints in this action allege that the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaints allege that the Defendants failed to disclose to investors: (1) that Momentus had only conducted a single in-space test, which did not meet any of Momentus's pre-launch evaluation criteria, thus the company had not "successfully tested" its technology; (2) that the sole in-space test conducted by Momentus was never designed to test the commercial viability of the company's thrusters; (3) that, as a result, Momentus's progress in commercializing its technology was significantly overstated; (4) that Kokorich had been informed that

the U.S. Government considered him to be a "threat" that caused his affiliation with another space technology company to be a risk to national security; (5) that, because Kokorich was considered a national security risk, Momentus would face challenges obtaining the necessary licenses and approvals for its commercial launches; (6) that, as a result, Kokorich's affiliation with Momentus jeopardized, among other things, the company's launch schedule and revenue projections which were based on assumptions about the timing of the company's first commercial launch; (7) that Stable Road had not conducted adequate due diligence, including as it relates to Momentus's testing progress and national security concerns with Momentus's CEO; (8) that, as a result of the failure to disclose the foregoing, Stable Road was reasonably likely to face regulatory scrutiny; and (9) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the Class have suffered significant losses and damages.

**III.    PROCEDURAL HISTORY**

On July 15, 2021, Plaintiff Keith Jensen commenced a securities fraud class action against Stable Road and certain of its officers, captioned *Jensen v. Stable Road Acquisition Corp., et al.*, Case No. 21-cv-05744 (the "*Jensen* Action"). It is brought on behalf of persons who purchased Stable Road securities during the Class Period.

On July 22, 2021, Plaintiff Martin Hall filed a substantially similar class action against Stable Road and certain of its officers captioned *Hall v. Stable Road Acquisition Corp., et al.*, Case No. 21-cv-05943 (the "*Hall* Action"). It is brought on behalf of persons who purchased or otherwise acquired Stable Road securities during the Class Period.

On August 4, 2021, Plaintiff Drew DePoy filed a substantially similar class action, captioned *DePoy v. Stable Road Acquisition Corp., et al.*, Case No. 21-cv-06287 (the "*DePoy* Action," and together with the *Jensen* Action and the *Hall* Actions, the "Related Actions"). It is brought on behalf of persons who purchased Stable Road securities during the Class Period.

## IV.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.  Haenisch Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e*., the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Haenisch has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Accordingly, Haenisch respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Haenisch Filed a Timely Motion

On July 15, 2021, pursuant to Section 21D(a)(3)(A) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), notice was published in connection with this action. *See* Declaration of Charles H. Linehan in Support of the Motion of Hartmut Haenisch for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Haenisch had sixty days (*i.e.*, until September 13, 2021), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Stable Road securities during the Class Period, Haenisch is a member of the proposed class and timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* Dkt. No. 39 (Haenisch's original lead plaintiff motion); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). The hearing date on Haenisch's original motion was incorrect, and Haenisch

promptly filed a notice of errata correcting the error (*see* Dkt. No. 51). While the Court subsequently struck the motion due to the hearing date error (*see* Dkt. No. 52), Haenisch still "made a motion in response to a notice" within 60 days of the publication of the PSLRA notice as required by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Haenisch attests that he has reviewed the complaint, and is willing to serve as a representative of the class. Linehan Decl., Ex. B. Accordingly, Haenisch satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Haenisch Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). Haenisch has the largest financial interest among Class members who filed applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Haenisch purchased Stable Road securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C (illustrating losses of $256,945.90). No other Class member that has filed a motion for appointment as lead plaintiff claims a larger financial interest. As such, Haenisch has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Haenisch Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead

plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a) Haenisch's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the

absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Haenisch's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Haenisch purchased Stable Road securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Haenisch alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Stable Road's operations and financial prospects. Haenisch's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Stable Road securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Haenisch's interests and claims are typical of the interests and claims of the Class.

### b) Haenisch is an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Haenisch easily satisfies the adequacy requirements. Haenisch's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Haenisch is] antagonistic to other

members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Haenisch resides in Clark County, Nevada, and has been managing his own investment portfolio for approximately ten years. *See* Linehan Decl., Ex. D, ¶ 2. He is a Logistics Coordinator and has an MBA from Osnabrück University. *Id.* Moreover, Haenisch has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. E (the firm's résumé). In addition, Haenisch is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Haenisch is adequate to represent the Class.

### C. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Haenisch has retained GPM to pursue this litigation on his behalf and will retain the firm as Lead Counsel in the event Haenisch is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit E, the Court may be assured that, by granting Haenisch's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Haenisch's selection of counsel.

## V. CONCLUSION

For the foregoing reasons, Hartmut Haenisch respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Haenisch as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: September 22, 2021

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Hartmut Haenisch and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On September 22, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan