Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
  *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Hartmut Haenisch*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Master File No. 2:21-CV-5744-JFW(SHKx) |
| | **NOTICE OF MOTION AND LEAD PLAINTIFF'S MOTION REGARDING CLASS CERTIFICATION SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:   November 29, 2021<br>Time:   1:30 p.m.<br>Crtrm:  7A<br>Judge:  Hon. John F. Walter |

**TO: THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, November 29, 2021, at 1:30 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable John F. Walter, in Courtroom 7A, 350 W. First Street, Los Angeles, CA 90012, Lead Plaintiff Hartmut Haenisch ("Lead Plaintiff") will move this Court for entry of an Order deferring the entry of a schedule regarding class certification until after resolution of Defendants' anticipated motion to dismiss. Lead Plaintiff respectfully submits that oral argument may not be necessary on this Motion, because it is not opposed by Defendants.

In support of this Motion, Lead Plaintiff submits the Memorandum of Points and Authorities included herein, the accompanying Declaration of Garth Spencer, the accompanying proposed order, and such other written or oral arguments as may be permitted by the Court.

## COMPLIANCE WITH CIVIL LOCAL RULE 7-3

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 29, 2021. The conference was conducted via telephone, and participants included Casey Sadler and Garth Spencer of Glancy Prongay & Murray LLP (on behalf of Lead Plaintiff), Emerson Bursis and Stefan Atkinson of Kirkland & Ellis LLP (on behalf of Defendants Stable Road Acquisition Corp.,SRC-NI Holdings, LLC, Brian Kabot and, James Norris), and Aaron Goodman of Baker and McKenzie, LLP and David Aveni of Wilson Elser Moskowitz Edelman and Dicker LLP (on behalf of Defendants Momentus Inc., and Mikhail Kokorich). During this conference, and afterwards via email, the parties discussed Lead Plaintiff's belief that it would be appropriate for the parties to stipulate regarding class certification scheduling in light of the Court's prior orders in this action. Defendants responded that they did not believe such a stipulation was necessary and would not so stipulate, but that they did not oppose Lead Plaintiff

filing a motion to seek clarification of the class certification schedule. *See* Exhibit A (email correspondence among counsel), to the Declaration of Garth Spencer filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff makes this Motion, out of an abundance of caution, to clarify the schedule for matters relating to class certification in this action. Lead Plaintiff respectfully seeks entry of an Order deferring the entry of a schedule regarding class certification until after resolution of Defendants' anticipated motion to dismiss.

## I.      Procedural History

This action was initiated by the filing of a complaint on July 15, 2021. Dkt No. 1. On August 16, 2021, the Court entered its Order Extending Time for Defendants to Respond to the Complaint and for Plaintiff to File a Motion for Class Certification (Dkt. No. 19) (the "Extension Order"), which provides in relevant part:

> Within ten (10) days following the appointment of a lead plaintiff and lead counsel, counsel for lead plaintiff and counsel for Defendants will meet and confer and submit a proposed schedule to the Court for the filing or designation of the operative complaint, Defendants' responses thereto, lead plaintiff's motion for class certification (if necessary), and other applicable deadlines.

*Id.* at ¶3.

On October 18, 2021 the Court entered its Order Granting Joint Stipulation Vacating and Taking Off Calendar Deadline to File a Joint Report and Scheduling Conference, and Setting Deadlines for the Filing of an Amended Complaint and Defendants' Response Thereto (Dkt No. 72) ("Pleading Schedule Order"), which set a schedule for the filing of an amended consolidated class action complaint, and briefing on any motions to dismiss.

On October 20, 2021 the Court entered its Order Granting Motion of Hartmut Haenisch for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (Dkt No. 75), which appointed Hartmut Haenisch as lead

plaintiff, and appointed Glancy Prongay & Murray LLP as lead counsel for the plaintiff class.

## II.    Argument

In light of the deadline contained in the Extension Order for the parties to submit a proposed schedule to the Court relating to issues including class certification, Lead Plaintiff, out of an abundance of caution, seeks to clarify the schedule for matters relating to class certification in this action. Lead Plaintiff respectfully seeks entry of an Order deferring the entry of a schedule regarding class certification until after resolution of Defendants' anticipated motion to dismiss.

Under the Pleading Schedule Order the deadline for Plaintiff to file an amended consolidated class action complaint is November 12, 2021, and the deadline for Defendants to file any motions to dismiss the CAC is December 13, 2021. Lead Plaintiff intends to file a consolidated class action complaint in accord with this schedule. Lead Plaintiff expects, and Defendants have indicated, that Defendants intend to move to dismiss Lead Plaintiff's planned consolidated class action complaint. The Pleading Schedule Order does not address the schedule for class certification.

This is a federal securities class action which is subject to the PSLRA, which generally provides for a stay of discovery during the pendency of any motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B). Following resolution of Defendants' anticipated motion to dismiss, Lead Plaintiff intends to eventually file a motion for class certification. Lead Plaintiff expects that the parties will conduct fact and expert discovery in order to support or oppose the motion for class certification, as is commonly done in class action securities litigation.

Therefore, Lead Plaintiff respectfully submits that, due in part to the PSLRA's discovery stay, it would be a more efficient use of Court and party resources to consider class certification scheduling issues following the resolution of Defendants' anticipated motion to dismiss, at a time when the parties and the Court

may also consider the schedule for discovery and related considerations. Indeed, presumably for similar reasons, Civil Local Rule 23-3 excepts actions subject to the PSLRA from this District's general requirement that the proponent of a class must file a motion for class certification "[a]t the earliest possible time after service of a pleading purporting to commence a class action."

While Lead Plaintiff understands Defendants' position to be that it is not necessary at this time to address class certification scheduling in light of the Extension Order's statement that "Within ten (10) days following the appointment of a lead plaintiff and lead counsel, counsel for lead plaintiff and counsel for Defendants will meet and confer and submit a proposed schedule to the Court for . . . lead plaintiff's motion for class certification (*if necessary*)," (emphasis added), Lead Plaintiff is uncertain as to the meaning of "if necessary" as used in the Extension Order, and so out of an abundance of caution, seeks to clarify the schedule for matters relating to class certification in this action. Lead Plaintiff understands that Defendants do not oppose this Motion. *See* Exhibit A (email correspondence among counsel), to the Declaration of Garth Spencer filed herewith.

## III.    Conclusion

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court defer the entry of a schedule regarding class certification until after resolution of Defendants' anticipated motion to dismiss, and enter the accompanying Proposed Order.

DATED:  November 1, 2021          Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:     */s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
  *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160


*Counsel for Lead Plaintiff Hartmut Haenisch*

## <u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 1, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 1, 2021, at Los Angeles, California.

*s/ Garth Spencer*
Garth Spencer