**BAKER MCKENZIE LLP**
Perrie M. Weiner (Bar No. 134146)
perrie.weiner@bakermckenzie.com
Aaron T. Goodman (Bar No. 330791)
aaron.goodman@bakermckenzie.com
Paul Chander (Bar No. 305133)
paul.chander@bakermckenzie.com
10250 Constellation Boulevard, Ste. 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
David J. Aveni (Bar No. 251197)
david.aveni@wilsonelser.com
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: + 1 619 881 3307
Facsimile: +1 619 321 6201

*Attorneys for Defendants Momentus Inc.
and Dawn Harms*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Master File No. 2:21-CV-5744-JFW(SHKx) <br><br> Hon. John F. Walter <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Date: July 11, 2022 <br> Time: 1:30 P.M. <br> Courtroom: 7A (Hon. John F. Walter) <br><br> Complaint Filed: July 15, 2021 <br> FAC Filed: November 12, 2021 |

## I. INTRODUCTION

Defendants Momentus Inc. and Dawn Harms ("Defendants") respectfully request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents and exhibits: (1) attached to the Declaration of Aaron Goodman and filed in support of Defendants' Motion to Dismiss Plaintiff's Amended Consolidated Class Action Complaint ("Amended Complaint"), (2) attached to Plaintiff's Amended Complaint, and (3) those documents relied upon and/or incorporated by reference into the Amended Complaint:

| Document | Source |
|---|---|
| October 29, 2019 IPO Prospectus | Goodman Decl., Exhibit A |
| October 7, 2020 Press Release | Goodman Decl., Exhibit B |
| June 29, 2021 Amended Registration Statement | Goodman Decl., Exhibit C |
| July 29, 2021 Press Release | Goodman Decl., Exhibit D |
| November 2, 2020 Registration Statement | Goodman Decl., Exhibit E |
| March 8, 2021 Amended Registration Statement | Goodman Decl., Exhibit F |
| October 7, 2020 Form 8-K | Goodman Decl., Exhibit G |
| Plaintiff's Amended Class Action Complaint | Amended Complaint (Dkt. 94) |
| SEC Order, No. 3-20393 (July 13, 2021) | Amended Complaint, Exhibit 1 (Dkt. 94-1) |
| SEC Complaint in the matter *SEC v. Kokorich*, Case No 1:21-CV-1869 (D.D.C. July 13, 2021) | Amended Complaint, Exhibit 2 (Dkt. 94-2) |
| Bureau of Industry and Security, Export License Rejection Notice (Mar. 22, 2018), as filed in *SEC v. Kokorich* | Amended Complaint, Exhibit 3 (Dkt. 94-3) |
| Letter from Counsel for Mikhail Kokorich to CFIUS (June 24, 2018), as filed in *SEC v. Kokorich* | Amended Complaint, Exhibit 4 (Dkt. 94-4) |
| Email from Joel Sercel, Momentus' then-CTO (Nov. 26, 2019), as filed in *SEC v. Kokorich* | Amended Complaint, Exhibit 5 (Dkt. 94-5) |
| Email from Department of Commerce (Nov. 12, 2020), as filed in *SEC v. Kokorich* | Amended Complaint, Exhibit 6 (Dkt. 94-6) |
| Letter from U.S. Department of Defense to SEC (Jan. 13, 2021), as filed in *SEC v. Kokorich* | Amended Complaint, Exhibit 7 (Dkt. 94-7) |

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT

| Document | Source |
|---|---|
| Redlined version of the Plaintiff's Amended Complaint | Amended Complaint, Exhibit 8 (Dkt. 94-8) |
| Bureau of Industry and Security launch license for 2019 test flight | (Available for in camera review) |
| Federal Communications Commission permit for 2019 test flight | (Available for in camera review) |

## II.   LEGAL STANDARD

Federal courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).   Courts must take judicial notice of such facts if a party requests it and the court is supplied with the necessary information. *See* Fed. R. Evid. 201(c)(2). This is particularly important in this case, as Plaintiff's Amended Complaint cites and relies upon multiple public statements and governmental filings.

For that reason, in securities cases, courts routinely take judicial notice of SEC filings, press releases, and other publicly available financial documents. *See Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We…may consider…any matter subject to judicial notice, such as SEC filings."); *In re New Century*, 588 F. Supp. 2d at 1219-20 (taking judicial notice of the SEC filings); *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012) (taking judicial notice of SEC filings and press releases); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (taking judicial notice of SEC filings and press releases); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108-09 (N.D. Cal. 2003) (judicially noticing SEC filings and press releases); *Brodsky v. Yahoo!, Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (judicially noticing press releases).

On a motion to dismiss for failure to state a claim, a court likewise "may take into account documents whose contents are alleged in a complaint and whose

authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" and may "treat such a document as part of the complaint, and thus . . . assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original; quotation marks omitted); *see also, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Indeed, Plaintiff's case is predicated entirely on the statements and alleged omissions contained in the documents referenced in the complaint.

Moreover, the incorporation-by-reference doctrine—often discussed as a type of judicial notice—encompasses situations in which the plaintiff's claim depends on the contents of a document, even if the plaintiff's complaint does not expressly attach the documents or allege its contents. *Shrem v. Sw. Airlines Co.*, No. 15-cv-04567-HSG, 2016 WL 4170462, at *1 (N.D. Cal. Aug. 8, 2016) (stating that court may consider document where "plaintiff's claim depends on the contents of a document . . . and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.") (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (internal citations omitted).  The Ninth Circuit has explained "the policy concern underlying the rule" as "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Courts may also take judicial notice that the market was aware of the information contained in such documents. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the information contained in news articles'" (citations omitted)).

## III.   ARGUMENT

The Court can take judicial notice of the documents contained in Exhibits A through F because all of these documents are SEC filings or press releases that are all publically accessible and incorporated by reference into Plaintiff's Amended Complaint or central to the allegations therein, and Plaintiff cannot reasonably dispute the authenticity of any of the documents.

### A. IPO Prospectus, SEC Filings And Press Releases

**Exhibits A, C, E, F, and G**: These exhibits are subject to judicial notice as they are all SEC filings. *See,* e.g., *Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of SEC filings."); *In re New Century*, 588 F. Supp. 2d at 1219-20 (same); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, No. 15-cv-02938-HSG, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (citing *Metzler Inv. GMBH v. Corinthian Colls.*, Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)) (SEC filings subject to judicial notice).

The Court may also take judicial notice of these documents because they are referred to and quoted extensively in the Amended Complaint. *See* Am. Compl. ¶¶ 166, 167, 171 (citing June 29, 2021 Amended Registration Statement); ¶¶ 124, 125, 221, 321, 324 (citing November 2, 2020 Registration Statement); ¶¶ 126, 141-149, 279-284 (citing March 8, 2021 Amended Registration Statement); ¶¶ 115, 127, 187, 189, 194, 198, 201, 202, 207, 209, 212, 213, 233, 250, 294 (citing investor

4

presentation contained within October 7, 2020 Form 8-K). Lastly, the documents are central to Plaintiff's claims for securities fraud because Plaintiff alleges that the documents contained material misrepresentations and/or omissions which are actionable under the securities laws.

**Exhibits B and D**: These exhibits are subject to judicial notice as they are all press releases. *See Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012) (taking judicial notice of SEC filings and press releases); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (taking judicial notice of SEC filings and press releases); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108-09 (N.D. Cal. 2003) (judicially noticing SEC filings and press releases); *Brodsky v. Yahoo!, Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (judicially noticing press releases).

The Court may also take judicial notice of these documents because they are referred to and quoted extensively in the Amended Complaint. *See* Am. Compl. ¶¶ 63, 99, 114, 117, 118, 187 (citing October 7, 2020 Press Release); ¶ 90 (citing July 29, 2021 Press Release).  Lastly, the documents are central to Plaintiff's claims for securities fraud because Plaintiff alleges that the documents contained material misrepresentations and/or omissions which are actionable under the securities laws.

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through G of the Goodman Declaration.

**B. Plaintiff's Amended Complaint And Exhibits**

Defendants request that this Court take judicial notice of Plaintiff's Amended Class Action Complaint and the exhibits attached thereto, i.e., Dkt. Nos. 94, 94-1, 94-2, 94-3, 94-4, 94-5, 94-6, 94-7, and 94-8.

"In the context of a motion to dismiss a complaint, the Court may take judicial notice of…material which is included as part of the complaint or relied upon by the complaint" *See* Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)." Guilfoyle v. Beutner, No. 2:21-cv-05009-VAP (MRWx), 2021 U.S. Dist. LEXIS 195396, at

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*72 (C.D. Cal. Sep. 14, 2021). Moreover, "[d]ocuments previously filed with the court in the instant litigation are subject to judicial notice. *See Asdar Group v. Pillsbury, Madison and Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)(taking judicial notice of facts contained in complaint and prior court orders in case)." Century Indem. Co. v. Marine Grp., TLC, No. 3:08-CV-1375-AC, 2015 U.S. Dist. LEXIS 115324, at *9 (D. Or. Aug. 31, 2015)

Here, Plaintiff's Amended Class Action Complaint is the operative pleading in this action, previously filed with this Court, and the target of Defendants' motion to dismiss. Accordingly, Defendants request the Court take judicial notice of the Complaint and its exhibits thereto, pursuant to the precedent above.

**C. BIS License And FCC Permit For the 2019 Test Flight**

It is axiomatic that in order for Momentus to complete its 2019 test flight, multiple governmental licenses and/or approvals were required from the US government. Indeed, approval for Momentus' July 2019 test flight required sign-off from several government agencies: "**Before it is able to launch any vehicle on a U.S. mission, Momentus or its launch partners must obtain licenses from various U.S. government agencies**…Those agencies have the authority to deny a license for national security reasons and work in consultation with the U.S. Department of Defense to determine if the payload of a mission presents . . ." any national security concerns. Amended Complaint, Ex. 2, SEC Compl., ¶¶ 24, 63 (emphasis added). The Bureau of Industry and Security ("BIS") launch license and the Federal Communications Commission ("FCC") permit for the launch are not mentioned in Plaintiff's Complaint, but they are official U.S. government records. Accordingly, the Court can, on a motion to dismiss, take judicial notice of these official governmental records.

"In the context of a motion to dismiss a complaint, the Court may take judicial notice of…matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)." Guilfoyle v. Beutner, No. 2:21-cv-05009-VAP (MRWx), 2021 U.S.

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Dist. LEXIS 195396, at *72 (C.D. Cal. Sep. 14, 2021) "Government records are susceptible to judicial notice when 'relevant to an[] issue' before the court." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 124 F. Supp. 3d 1007, 1016-17 (E.D. Cal. 2015) (citing *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000); Fed. R. Evid. 201 (providing that courts may take judicial notice of matters that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (holding that, under Rule 201, "a court may take judicial notice of matters of public record.") (quotation omitted).

Here, the BIS License and FCC permit are indisputably matters of the public record as they are documents issued by federal government agencies.  Moreover, the records are directly relevant to the instant case as they reflect on Defendants' statements regarding Momentus' prospects for gaining government approvals, which Plaintiff has alleged were misleading and/or fraudulent. *See* Am. Compl. ¶¶ 72-86. In addition, Plaintiff attaches the SEC Complaint as Exhibit 2 to the Amended Complaint, wherein ***the government explains the licenses required for the 2019 test launch***. *See,* Am. Compl., Ex, 2, SEC Complaint ¶¶ 24, 63; Am. Compl. ¶ 4.

The Amended Complaint also relies upon the SEC's investigations to assert its allegations that Defendants made various misstatements and/or omissions regarding uncertainty of Mr. Kokorich's legal status and the business risks of being unable to obtain necessary government regulatory approvals. *See* Am. Compl. ¶¶ 4, 5, 34, 71, 84, 85, 96, 97, 174-179. Accordingly, the Court may take judicial notice of the BIS License and FCC permit under the incorporation-by-reference doctrine, as Plaintiff's claims rely on the contents of these documents. *See Shrem v. Sw. Airlines Co.*, No. 15-cv-04567-HSG, 2016 WL 4170462, at *1 (N.D. Cal. Aug. 8, 2016) (stating that court may consider document where "plaintiff's claim depends on the contents of a document . . . and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT

complaint.") (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (internal citations omitted).

A copy of the BIS export license and the FCC permit can be supplied *in camera* to the Court on request.

Dated:  February 14, 2022

**BAKER McKENZIE LLP**

By: */s/ Perrie M. Weiner*_____

Perrie M. Weiner
10250 Constellation Blvd., Ste. 18540
Los Angeles, CA 90067
Telephone:  (310) 201-4726
perrie.weiner@bakermckenzie.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: (619) 881-3307
david.aveni@wilsonelser.com

*Counsel for Defendants Momentus Inc. and Dawn Harms*

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT