**STONER GRANNIS**
William E. Stoner (SBN 101418)
wstoner@stonergrannis.com
624 South Grand Ave., Suite 2200
Los Angeles, CA  90017
Telephone: (213) 687-2640
Facsimile: (213) 687-2644

**BERENZWEIG LEONARD, LLP**
David B. Deitch (admitted *pro hac vice*)
ddeitch@berenzweiglaw.com
8300 Greensboro Drive, Suite 1250
McLean, VA 22102

Attorneys for Defendant Fred Kennedy

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | ) Master File No. ) 2:21-CV-05744-JFW-SHK ) ) Hon. John F. Walter ) ) **DEFENDANT FRED KENNEDY'S** ) **REPLY MEMORANDUM IN** ) **FURTHER SUPPORT OF** ) **MOTION TO DISMISS** ) **AMENDED CONSOLIDATED** ) **CLASS ACTION COMPLAINT** ) ) Date:  July 11, 2022 ) Time:  1:30 pm ) Place:  Courtroom 7A ) |

-0-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

In the 372-paragraph Amended Consolidated Class Action Complaint (the "Complaint"), Lead Plaintiff ("Plaintiff") references Defendant Fred Kennedy in a total of 17 paragraphs (Complaint ¶¶ 23, 25, 62, 129, 258, 260-64, 269-70, 317, 346, 351, 358, 372), and there is not a single factual allegation in any of those paragraphs about Dr. Kennedy's conduct or knowledge to support the "strong inference of scienter" that Plaintiff was obligated to plead pursuant to the Private Securities Litigation Reform Act ("PSLRA"). Plaintiff relies entirely on the argument that Dr. Kennedy "must have" had the required state of mind to support his claims—an assertion that is patently insufficient. Nothing in Plaintiff's opposition addresses his complete failure to make any particularized allegations to support his assertions as to Dr. Kennedy's scienter. For this reason, and because Dr. Kennedy's statements are protected forward-looking statements, the Court should dismiss the claims against Dr. Kennedy.[1]

## I. Contrary to Plaintiff's Assertion, Applicable Standards Do Not Disfavor Dr. Kennedy's Motion to Dismiss.

Plaintiff begins the argument section of his opposition with the meritless assertion that "applicable legal standards disfavor Kennedy's motion." (Plaintiff's Opposition to Defendant Kennedy's Motion to Dismiss ("Pl. Opp.") at 7.) As Dr. Kennedy established in his moving papers, however, "[u]nder the PSLRA, a plaintiff must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Garcia v. J2 Global, Inc.*, Case No. 2:20-cv-06096-FLA (MAAx), 2021 WL 1558331, at *18 (C.D. Cal. Mar. 5.

---

[1] In his opening submission, Dr. Kennedy adopted the arguments asserted by Defendants Momentus, Inc. and Dawn Harms to the extent that they applied with equal force to the claims against Dr. Kennedy. Dr. Kennedy requests that the Court also apply the arguments those parties assert in their reply memorandum.

-1-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

2021) (quoting 15 U.S.C § 78u-4(b)(2)(A)). "A complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324, 127 S.Ct. 2499, 2510, 168 L.Ed.2d 179 (2007) (quoted in *Veal v. LendingClub Corp.*, No. 20-16603, 2021 WL 4281301, at *1 (9th Cir. Sep. 21, 2021)).

This standard does not "disfavor" Dr. Kennedy's arguments. The strict pleading requirements of the PSLRA were instituted specifically for this purpose—to protect defendants from the assertion of claims for which plaintiffs had no factual basis. *See*, *e.g.*, *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 976 (9th Cir. 1999) ("Congress enacted the PSLRA to put an end to the practice of pleading 'fraud by hindsight.'") As discussed below, Plaintiff's failure to allege a factual basis for a strong, cogent, and compelling inference of scienter should lead the Court to dismiss Plaintiff's claims as to Dr. Kennedy.

## II. Plaintiff Has Failed to Allege that Dr. Kennedy Acted With Scienter.

In his Opposition, Plaintiff does not argue that he has alleged facts that meet the elevated pleading standard for scienter mandated by the PSLRA. Instead, Plaintiff argues, effectively, that Dr. Kennedy's position and the nature of the omitted information were such that Dr. Kennedy "must have known" that information, and it would be "absurd" to suggest otherwise. (Pl. Opp. at 11-13.) The Court should reject Plaintiff's efforts to avoid his burden of pleading scienter.

### A. Without Particularized Allegations About Dr. Kennedy's Knowledge or Role at Momentus, Plaintiff's Reliance on Dr. Kennedy's Title and Position Alone Fail to Establish a Strong Inference of Scienter.

-2-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiff notes that courts "may consider a senior executive's role in a company to determine whether there is a cogent and compelling inference that the senior executive knew of the information at issue," which "includes consideration of the executive's access to the information and, whether, given the importance of the information, it would be 'absurd' to suggest that management was without knowledge of the matter." (Pl. Opp. at 12 (quoting *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 706 (9th Cir. 2021), *cert. denied*, 142 S.Ct. 1227 (2022)). This is, in fact, the "core operations" argument that Dr. Kennedy showed in his opening memorandum to be insufficient in this case. Plaintiff presumably avoids labeling his argument as the "core operations" argument because "core operations" is widely recognized as a rarely successful approach to pleading scienter. Indeed, Plaintiff's argument fails because even that approach still requires more than the kind of "he-must-have-known" allegations that have rejected by Ninth Circuit as insufficient to satisfy the PSLRA's pleading standards for scienter. *Zucco Partners, LLC. v. Digimarc Corp.*, 445 F.Supp.2d 1201, 1208 (D. Or. 2006) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d. 1407, 1425-26 (9th Cir. 1994)), *aff'd*, 552 F.3d. 981 (9th Cir. 2009).

In *South Ferry LP, #2 v. Killinger*, 542 F.3d. 778 (9th Cir. 2008), Ninth Circuit explained what was necessary for a Plaintiff to come within the "exceedingly rare category of cases," *id.* at 785 n.3, in which this approach is sufficient:

> Where a complaint relies on allegations that management had an important role in the company but does not contain additional detailed allegations about the defendants' actual exposure to information, it will usually fall short of the PSLRA standard. In such cases, the inference that defendants had knowledge of the relevant facts will not be much stronger, if at all, than the inference that defendants remained unaware. As a general matter, "corporate management's general awareness of the day-to-day workings of the company's business does not establish

-3-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

scienter—*at least absence some additional allegation of specific information conveyed to management and related to the fraud" or other allegations supporting scienter*.

542 F.3d at 784-85 (quoting *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 534 F.3d 1068, 1087 (9th Cir. 2008)) (emphasis added).

In the *Alphabet* case on which Plaintiff relies, the Court found that the complaint contained sufficient allegations of scienter, because the complaint in that case—unlike the one before the Court here—contained particularized allegations establishing that Page—the former CEO of Google—had access to information relevant to the fraud and knowledge of the issue that gave rise to the alleged fraud. The complaint in that case alleged that senior executives had read a memorandum that "informed senior executive leadership at Google of the scope of the problem, warned of the consequences of disclosure, and presented Google leadership with a clear decision on whether to disclose those problems." 1 F.4th at 706. The complaint also included specific allegations regarding Page's knowledge about that memorandum and the issue discussed in it. *Id.* The Court in *Alphabet* found that scienter had been sufficiently alleged not based on the fact of Page's title or job position but based on specific allegations that established Page's continued intimate involvement in decision-making that included the very issue that had been omitted and gave rise to the securities fraud claim.

The Complaint before this Court contrasts sharply with that one. The only allegations about Dr. Kennedy are allegations establishing his job position and title. There are no allegations regarding the role he actually played at Momentus or his relationship with Mr. Kokoris or others in decision-making about the company. Plaintiff asks this Court simply to *assume* that Dr. Kennedy had intimate

-4-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

involvement in decision-making (like Page in the *Alphabet* case) but that is exactly what the PSLRA does ***not*** permit. The complete absence of any allegations about Dr. Kennedy's role at Momentus (other than his title) should lead the Court to reject Plaintiff's effort to take this rarely successful approach to pleading scienter. *See Police Retirement System of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014) (reliance upon "core operations" theory "is not easy," and requires Plaintiff produce "specific admissions" or "witness accounts demonstrating . . . actual involvement").

> **B.     Plaintiff's Claim That He Has Alleged Dr. Kennedy Acted with Deliberate Recklessness Likewise Fails in the Absence of Any Allegations Whatsoever About His Role or Knowledge.**

Plaintiff's failure to make any factual allegations about Dr. Kennedy's role or knowledge should also lead the Court to reject Plaintiff's argument that he has pleaded "deliberate recklessness." At best, Plaintiff has pleaded that Dr. Kennedy acted negligently if he failed to make inquiries that would have disclosed to him the facts that Plaintiff alleges were fraudulently omitted from his statements. But negligence is indisputably insufficient to support Plaintiff's securities fraud claims.

Lay persons often use the term "recklessness" to describe extreme negligence. In this context, however, "[s]cienter requires either 'deliberate recklessness' or 'conscious recklessness'—a form of intent rather than a greater degree of negligence." *In re Verifone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702 (9th Cir. 2012) (quoting *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1093 (9th Cir. 2010)). *See South Ferry*, 542 F.3d at 782 ("We have held that reckless conduct can also meet this standard 'to the extent that it reflects some degree of intentional or conscious misconduct,' or what we have called 'deliberate recklessness'") (quoting

-5-

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 977 (9th Cir. 1999)).

Here too, the very case on which Plaintiff relies demonstrates why Plaintiff's allegations are insufficient. In *Verifone*, the Court found that the plaintiff had sufficiently alleged that defendants Bergeron and Zwarenstein acted with deliberate recklessness because of the specific allegations contained in the complaint about those individuals' knowledge, access to information, and actions. *Verifone*, 704 F.3d at 710 ("Importantly, the complaint alleges in detail that Bergeron and Zwarenstein were hands-on managers with respect to operational details and financial statements, and that they would have been aware of the complications associated with the Lipman merger. . . . National Elevator also advanced detailed allegations that Bergeron and Zwarenstein reviewed the internal flash reports, which included worksheets tracking changes on a day-to-day basis."). *See also*, *e.g.*, *Strasburger v. Blackburne & Sons Realty Capital Corp.*, Case No. CV 20-00220-CJC(JCx), 2020 WL 6128223, at \*4-\*5 (C.D. Cal. June 25, 2020) (setting forth detailed allegations court found supported cogent inference of at least deliberate recklessness).

In contrast, Plaintiff has made no allegations that Dr. Kennedy had access to, or regularly reviewed, company information that put him on notice of issues that Plaintiff alleges were fraudulently omitted, nor has Plaintiff made allegations regarding the extent to which Dr. Kennedy was involved in such issues on a day-to-day basis. All Plaintiff is really asserting is that ***any*** executive of the company must have had the knowledge and/or intent necessary to support Plaintiff's claim. This is not the law, and the Court should reject this effort to sidestep Plaintiff's pleading obligation under the PSLRA.

**III.    Alternatively, The Court Should Rule that Dr. Kennedy's Statements Fall Within the Scope of the PSLRA Safe Harbor.**

-6-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Alternatively, the Court should dismiss Plaintiff's claims nevertheless because Dr. Kennedy's statements fall within the scope of the PSLRA safe harbor for forward-looking statements or the "bespeaks caution" doctrine that the safe harbor sought to codify.

### A.    The PSLRA Safe Harbor Applies to Dr. Kennedy.

Plaintiff does not cite a single case in support of his argument that Dr. Kennedy's statements cannot be protected by the PSLRA safe harbor for forward-looking statements.[2] Moreover, to suggest in these particular circumstances that Dr. Kennedy's statements would not fall within the PSLRA safe harbor makes no sense. There is something incongruous about a conclusion that Stable Road is entitled to protection for those statements, but Dr. Kennedy is denied the benefit of that safe harbor for those same statements. That was certainly not the intention of Congress in establishing the safe harbor. The Court should therefore reject Plaintiff's argument.

### B.    Even If the Safe Harbor Does Not Apply, the Bespeaks Caution Doctrine, Which Affords the Same Protection, Would Apply to Dr. Kennedy's Statements.

The PSLRA safe harbor codified the "bespeaks caution" doctrine, but the "bespeaks caution" doctrine itself continues to be applied by courts. *See*, *e.g.*, *In re GoHealth, Inc. Sec. Litig.*, Case No. 20-cv-5593, 2022 WL 1016389, at *5 (N.D. Ill. Apr. 5, 2022) (applying "bespeaks caution" doctrine to limited liability company). The Court should find that the "bespeaks caution" doctrine equally protects Dr.

---

[2] In his opposition, Plaintiff relies primarily on Senator Feinstein's statements during Congress's consideration of the statute, but her excerpted statements occurred in the context of stating that the safe harbor provisions did not apply to specific types of transactions such as IPOs. 141 Cong. Rec. S119062, 1995 WL 755363 (Dec. 21, 1995) (statement of Sen. Feinstein). In fact, the quoted statements offer little or no support for Plaintiff's argument.

-7-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Kennedy's forward-looking statements.

### C.      Plaintiff's Other Arguments Seeking to Distinguish the Safe Harbor Have No Merit.

None of Plaintiff's other arguments seeking to avoid the consequence of the application of the PSLRA safe harbor to Dr. Kennedy's statements have merit.

<u>First</u>, Plaintiff asserts that two aspects of Dr. Kennedy's statements did not constitute forward-looking statements: (1) the statement that "[w]e believe that Mr. Kokorich meets all legal requirements to be granted [U.S. Person] status in the United States" and (2) the statement that "[t]he FAA did not express any specific concerns of its own, but rather indicated that more time was needed to complete its interagency review of Momentus' payload." (Pl. Opp. at 10-11.)[3]

The Ninth Circuit addressed these same kinds of statements—and rejected the argument that they were not forward-looking—in *Wochos v. Tesla, Inc.*, 985 F.3d. 1180 (9th Cir. 2021). The court ruled that various statements that Tesla was "on track" to meet that goal or that "there are no issues" that "would prevent" Tesla from doing so were forward-looking statements notwithstanding the fact that they referenced then-existing conditions. The Court noted that "any announced "objective" for "future operations" *necessarily* reflects an implicit assertion that the goal is achievable based on current circumstances," and held that "an unadorned statement that a company is "on track" to achieve an announced objective, or a

---

[3] Plaintiff also asserts that Dr. Kennedy's alleged **omissions** were not forward-looking but offers no argument or case law to support the notion that the omission of a statement of present fact from an otherwise forward-looking statement takes it outside of the scope of the PSLRA safe harbor or the "bespeaks caution" doctrine. (Pl. Opp. at 11.) Plaintiff also presents the two statements described in the text as examples but offers no further explanation or argument about other portions of Dr. Kennedy's statements that he asserts are not forward-looking. (Pl. Opp. at 10.)

-8-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

simple statement that a company knows of no issues that would make a goal impossible to achieve, are merely alternative ways of declaring or reaffirming the objective itself." 985 F.3d at 1192 (emphasis in original). On this same basis, this Court should find that Dr. Kennedy's statements are all forward-looking.

Second, the Court should reject Plaintiff's assertion that Dr. Kennedy's statements did not include meaningful cautionary language. In addition to identifying numerous risks relating to the financial future of the company, the cautionary language that accompanied the press release specifically states that risk factors include "the expected development, capabilities and timing of the operation or offering of the Company's transport vehicles and services, the expected timing of the Company's first mission in 2021, including the expected timing of the FAA license by SpaceX." (Exh. B to Defendant Fred Kennedy's Request for Judicial Notice in Support of Motion to Dismiss ("Kennedy RJN") at 1.) The cautionary language that accompanied the IPO Edge interview included similar references. (Exh. C to Kennedy RJN at 3-4.) Where, as here, the cautionary language accompanying forward-looking statements specifically references risks associated with the statements' assertions, courts have found these to be meaningful cautionary statements within the meaning of the PSLRA safe harbor. *See*, *e.g.*, *Ferreira v. Funko, Inc.*, Case NO. LACV 20-02319-VAP (PJWx), 2021 WL 880400, at *15-*16 (C.D. Cal. Feb. 25, 2021) (finding similar cautionary language to be meaningful for purposes of PSLRA safe harbor). The Court should find that this language was more than sufficient for these purposes.

Third, the Court should find that Plaintiff's argument in his opposition that Defendant Kennedy acted with "actual knowledge of their misleading nature" (Pl. Opp. at 11) is utterly baseless. As discussed above, Plaintiff's failure to include any

-9-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

factual allegations whatsoever describing Dr. Kennedy's access to information or conduct within the company dooms that argument to failure.[4]

DATED: June 20, 2022                          STONER GRANNIS


                                      By:  */s/ William E. Stoner*_____
                                           William E. Stoner
                                           Attorneys for
                                           Defendant Fred Kennedy


DATED: June 20, 2022                          BERENZWEIG LEONARD, LLP


                                      By:  */s/ David B. Deitch*_____
                                           David B. Deitch (admitted *pro hac vice*)
                                           Attorneys for
                                           Defendant Fred Kennedy

---

[4] In his opposition, Plaintiff notes that Dr. Kennedy resigned from Momentus effective January 21, 2022. (Pl. Opp. at 6-7.) Plaintiff offers neither explanation nor basis for the implicit suggestion that Dr. Kennedy resigned from Momentus for any reason related to this litigation, and the Court should refrain from drawing any such conclusion in the absence of allegation or evidence.

-10-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I hereby affirm under penalty of perjury under the laws of the United States of America that, on June 20, 2022, I caused a copy of the foregoing document to be filed electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

*/s/ William E. Stoner*
William E. Stoner

-11-

**DEFENDANT FRED KENNEDY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**