**BAKER & McKENZIE LLP**
Perrie M. Weiner (Bar No. 134146)
perrie.weiner@bakermckenzie.com
Aaron T. Goodman (Bar No. 330791)
aaron.goodman@bakermckenzie.com
Paul Chander (Bar No. 305133)
paul.chander@bakermckenzie.com
10250 Constellation Boulevard, Ste. 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
David J. Aveni (Bar No. 251197)
david.aveni@wilsonelser.com
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: + 1 619 881 3307
Facsimile: +1 619 321 6201

*Attorneys for Defendants Momentus Inc.
and Dawn Harms*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Master File No. 2:21-CV-5744-JFW(SHKx)<br><br>Hon. John F. Walter<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:  July 11, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br><br>Complaint Filed: July 15, 2021<br>FAC Filed: November 12, 2021 |

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION.................................................................................... 1

II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 10B-5 .............. 1

    A.    Plaintiff Fails To Allege A Material Misrepresentation Or Omission ...... 1

        1.    Defendants Disclosed All Material Facts Related To Defendant Kokorich's Legal Status And National Security Risks ...................2

        2.    Defendants Did Not Conceal Material Information ........................3

        3.    Momentus' Revenue Projections Are Not Actionable ....................4

    B.    The Challenged Statements Are Inactionable..............................................5

        1.    The PSLRA Safe Harbor Protects Defendants' Statements............5

        2.    The Challenged Statements Fall Within The PSLRA Safe Harbor Or, Alternatively, The Bespeaks Caution Doctrine ............5

    C.    Defendants' Statements Are Puffery Or Opinions.....................................6

    D.    Plaintiff Fails To Adequately Plead Scienter.............................................7

        1.    Plaintiff Fails To Plead Scienter As To Defendant Kokorich .........7

        2.    Plaintiff Fails To Plead Scienter As To Defendant Harms..............8

        3.    Plaintiff Fails to Allege An Improper Motive ................................9

        4.    Plaintiff Mischaracterizes The Government Licenses.....................9

    E.    Plaintiff Fails To Adequately Allege Scheme Liability...........................10

    F.    Plaintiff Fails To Adequately Plead Loss Causation ...............................10

    G.    Plaintiff Fails To Adequately Allege Reliance .......................................11

III.    PLAINTIFF'S SECTION 20 CLAIM FAILS WITH HIS 10B-5 CLAIMS........12

IV.    CONCLUSION...................................................................................12

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page No(s).**

## Cases

*Berwecky v. Bear, Stearns & Co.*,
    197 F.R.D. 65 (S.D.N.Y. 2000)................................................................................. 11

*Brennan v. Zafgen, Inc.*,
    199 F.Supp.3d 444 (D. Mass. 2016)........................................................................ 3

*Brody v. Transitional Hosps. Corp.*,
    280 F.3d 997 (9th Cir. 2002) ................................................................................. 2

*Cutler v. Kirchner*,
    696 F. App'x 809 (9th Cir. 2017).......................................................................... 7

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005)................................................................................................ 11

*Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*,
    353 F.3d 1125 (9th Cir. 2004) ................................................................................ 6

*Freeman v. Laventhol & Horwath*,
    915 F.2d 193 (6th Cir. 1990) ........................................................................... 11, 12

*GSC Partners CDO Fund v. Washington*,
    368 F.3d 228 (3d Cir. 2004) ................................................................................... 9

*Lorenzo v. SEC*,
    139 S. Ct. 1094 (2019).......................................................................................... 10

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011)............................................................................................. 2, 9

*Metzler Inv. GMBH v. Corinthian Colls, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ............................................................................... 8

*In re Musicmaker.com Sec. Litig.*, No. CV 00-2018 CAS (MANx),
    2001 U.S. Dist. LEXIS 25118 (C.D. Cal. Jun. 4, 2001)......................................... 5

*Nimble Storage, Inc. Sec. Litig.*,
    756 Fed. Appx. 779 (9th Cir. 2019) ...................................................................... 7

*In re Paypal Holdings, Inc. v. S'holder Derivative Litig.,*
 2018 U.S. Dist. LEXIS 9061 (N.D. Cal. Jan. 118, 2018)……………………………4

*Police Ret. Sys. v. Intuitive Surgical, Inc.,*
 759 F.3d 1051 (9th Cir. 2014) ................................................................... 6

*Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v.*
 *Hewlett-Packard Co.*, 845 F.3d 1268 (9th Cir. 2017) ........................................ 1, 2

*In re Rigel Pharms., Inc. Secs. Litig.,*
 697 F.3d 869 (9th Cir. 2012) ................................................................ 9

*In re Splash Tech. Holdings Sec. Litig.*, No. C 99-00109 SBA,
 2000 U.S. Dist. LEXIS 15369 (N.D. Cal. Sep. 29, 2000) ............................. 4, 5, 7

*In re Stac Elecs. Sec. Litig.,*
 89 F.3d 1399 (9th Cir. 1996) ................................................................... 6

*In re Turbodyne Techs., Inc. Sec. Litig.,*
 2000 U.S. Dist. LEXIS 23020 (C.D. Cal. Mar. 15, 2000) ................................ 6, 7

*Veal v. LendingClub Corp.*
 423 F. Supp. 3d 785 (N.D. Cal. 2019)…………………………………………….4

*Webb v. SolarCity Corp.*,
 884 F.3d 844 (9th Cir. 2018) ................................................................... 9

*Wietschner v. Monterey Pasta Co.*,
 294 F. Supp. 2d 1102 (N.D. Cal. 2003) .................................................... 12

*Zucco Partners, LLC v. Digimarc Corp.*,
 552 F.3d 981 (9th Cir. 2009) ................................................................... 8

## Statutes / Other Authorities

15 U.S.C. § 78u-4(b)(1) ........................................................................ 7

Fed. R. Civ. Proc. 9(b) ........................................................................ 7

Private Securities Litigation Reform Act of 1995 .............................................*passim*

SEC Rule 10b-5.................................................................................*passim*

U.S. Citizenship and Immigration Services, Types of Affirmative Asylum
 Decisions: Grant of Asylum .................................................................. 2

## I.    INTRODUCTION

Plaintiff's Opposition[1] fails to cure the multiple defects that plague the Amended Complaint. Among other faults, the Opposition: (i) fails to adequately allege that the Momentus Defendants made any material misstatements or omissions; (ii) ignores binding precedent which reaffirms that many of the statements challenged by Plaintiff are either protected by the PSLRA safe harbor, or inactionable assertions of corporate puffery and opinions; (iii) fails to explain how the Amended Complaint's scienter allegations contain particularized facts giving rise to an intent to defraud on the part of the Momentus Defendants; and (iv) fails to identify any well-pled allegation showing loss causation. Rather than confront these numerous defects, Plaintiff relies on attempted "gotcha" arguments that only highlight the Opposition's weaknesses.[2] The Amended Complaint should be dismissed without leave to amend.

## II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 10B-5

### A.    Plaintiff Fails To Allege A Material Misrepresentation Or Omission

Plaintiff argues that the Momentus Defendants concealed material facts related to Defendant Kokorich's national security risks; the commercial viability of Momentus' technology; the related effects these two issues had on Momentus' revenue projections; and the adequacy of Stable Road's due diligence. *See* Opp. at 2-8. According to Plaintiff, the omission of these material facts rendered Defendants' public statements "highly misleading." *Id.* at 3. But an omission does not give rise to a cause of action under Section 10(b) and Rule 10b-5 "absent a duty to disclose" (*Retail Wholesale &*

---

[1] References to Plaintiff's Opposition (Dkt. No. 139) shall be cited herein as "Opp.," and references to the Momentus Defendants' Motion to Dismiss (or "Motion") (Dkt. Nos. 122) shall be cited as "Defs. MTD."

[2] For example, Plaintiff contends that because the Momentus Defendants joined in Stable Road's motion to dismiss, they adopted Stable Road's argument that Kokorich and Momentus "misrepresented and concealed information from SRAC during the diligence period," and therefore "concede falsity and scienter." Opp. at 2. This is a blatant mischaracterization. The Momentus Defendants strongly refuted Plaintiff's allegations of falsity and scienter in their moving papers. *See* Def. MTD at 5-19.

1
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

*Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1278 (9th Cir. 2017)), and to be actionable under the securities laws, an omission must "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). For these reasons, none of the alleged omissions asserted by Plaintiff are actionable.

### 1. Defendants Disclosed All Material Facts Related To Defendant Kokorich's Legal Status And National Security Risks

Plaintiff argues that the Momentus Defendants concealed from investors the U.S. government's determination that Kokorich was a national security risk who was in the process of being removed from the country, as evidenced by the U.S. Customs and Immigration Service's ("USCIS") rejection of his asylum application in August 2019, and its referral of his case to an immigration judge for removal proceedings. *See* Opp. at 3-5. This argument has no merit. Defendants repeatedly and extensively informed investors that Kokorich's legal status was uncertain and posed significant business risks. *See* Defs. MTD at 10-14. Defendants had no duty to disclose any additional information unless it was material and would have "*significantly* altered the total mix" of information available. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) (internal quotations omitted). USCIS's denial of Kokorich's asylum application was immaterial because it was not a final adjudication of Kokorich's immigration status. Indeed, U.S. asylum rules provide that a referral by USCIS is "not a denial of [one's] asylum application," and that an immigration judge is not required to follow the decision made by USCIS.[3] Moreover, USCIS's denial was consistent with what investors already knew—*i.e.*, Kokorich's legal status posed national security risks and could adversely impact Stable Road's ability to obtain the required

---

[3] U.S. Citizenship and Immigration Services, Types of Affirmative Asylum Decisions: Grant of Asylum, available at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/types-of-affirmative-asylum-decisions.

regulatory licenses and approvals. *See Brennan v. Zafgen, Inc., 199 F.Supp.3d 444, 471 (D. Mass. 2016)*.

### 2.      Defendants Did Not Conceal Material Information

Plaintiff contends that Momentus concealed from investors the "material technical problems" of the 2019 in-space test, and that this test failed to achieve its publicly-stated objectives. Opp.at 5. Putting aside the fact that Plaintiff relies on a number of pre-Class statements in making this argument (*see e.g.*, Am. Compl. at ¶¶ 180-85), the 2019 test met its express objective in demonstrating the ability of Momentus' technology to produce water plasma in space, an objective that was clearly articulated in Stable Road's June 29, 2021 Amended Registration Statement. *See* Defs. MTD, Ex. C at 198. Even the 2019 email that discussed convening a "failure review board," when read in its full context, plainly concerns issues related to ***ancillary*** equipment, not Momentus' water plasma technology. *See* Defs. MTD at 7-8.[4] Plaintiff must base his claim on a misleading statement. Defendants' representation about the 2019 test—which *in fact* demonstrated the capabilities of Momentus's water plasma technology—was not misleading or untrue.

Similarly, Plaintiff claims, without support, that Stable Road "had not performed meaningful due diligence" and failed to disclose that purported fact. Opp.

---

[4] To illustrate the weakness of Plaintiff's position, imagine an inventor seeks to test an innovative lightbulb to see if it can illuminate. The inventor planned for an illumination time of 100 minutes. When the inventor screwed the lightbulb into a socket, the lightbulb illuminated until an unexpected city-wide power outage caused the lightbulb to go out 23 minutes into the test. Was the objective of the test achieved? Yes, of course; the test demonstrated that the lightbulb can illuminate. That is true even though, due to a factor *other than* illumination, the lightbulb illuminated for 23 minutes rather than the planned 100 minutes; it would be absurd to conclude that the test was a failure. But that is what Plaintiff is attempting to argue here. By isolating and presenting in a vacuum the fact that the host satellite caused a premature termination of the test, Plaintiff mischaracterizes the results of the in-space mission as a failure.

to Stable Road MTD at 10. But Plaintiff does not allege particular facts supporting the conclusion that Stable Road's diligence was not "meaningful," much less that Defendants knew such facts and failed to disclose them. Plaintiff does not dispute the accuracy of Defendants' disclosures concerning Stable Road's due diligence, nor that investors were repeatedly warned concerning the limits of that diligence, however robust. *See* Defs. MTD at 14-15. The fact that, months after Defendants' disclosures, the SEC made allegations concerning due diligence does not render Defendants' earlier statements "false." *See In re Paypal Holdings, Inc. S'holder Derivative Litig.,* 2018 U.S. Dist. LEXIS 9061, at *3 (N.D. Cal. Jan. 18, 2018) ("Federal securities laws do not impose on companies a duty to disclose uncharged, unadjudicated wrongdoing."); *see also Veal v. LendingClub Corp.,* 423 F. Supp. 3d 785, 806 (N.D. Cal. 2019) ("Defendants were not required to 'confess' to the uncharged allegation.").

### 3. Momentus' Revenue Projections Are Not Actionable

Plaintiff argues that Momentus' revenue projections were misleading because they did not account for the "severe shortcomings" of the 2019 in-space test and Kokorich's national security risks. *See* Opp. at 7-8; Am. Compl. at ¶¶ 99-103. Plaintiff is incorrect. As an initial matter, necessarily forward-looking statements about revenue projections are inactionable under the PSLRA safe harbor. *In re Splash Tech. Holdings Sec. Litig.,* No. C 99-00109 SBA, 2000 U.S. Dist. LEXIS 15369, at *17 (N.D. Cal. Sep. 29, 2000). Furthermore, investors were explicitly cautioned that Momentus' technology was "still in the development stage and [had] not been fully validated through actual deployment and testing." Defs. MTD, Ex. E at 41. In addition, and as discussed above (*see* Section II.A(1)), Momentus disclosed all material facts concerning Kokorich.

**B.     The Challenged Statements Are Inactionable**

**1.     The PSLRA Safe Harbor Protects Defendants' Statements**

Plaintiff contends that the PSLRA safe harbor does not apply to any statements made by the Momentus Defendants because at no relevant time did they fall within the four "narrow categories of persons" enumerated in the statute. Opp. at 8. This argument is deficient for several reasons. First and foremost, Plaintiff cites to no supporting authority for his position. That is unsurprising: to Defendants' knowledge, no court has held that the PSLRA's safe harbor protections are inapplicable to statements made in connection with de-SPAC transactions.

Second, Plaintiff's argument is self-defeating. If Momentus was not an issuer for SEC reporting purposes during the Class Period as Plaintiff claims, how can any of the challenged statements—most of which were made in public reports filed with the SEC—be attributed to Momentus? Plaintiff cannot have it both ways by arguing that Momentus was not an issuer, while also suing Momentus for statements contained in documents filed with the SEC.

Third, even if the PSLRA safe harbor does not apply to statements made by the Momentus Defendants, the "bespeaks caution" doctrine does apply. Like the safe harbor (which was born out of this doctrine), bespeaks caution protects forward-looking statements that are accompanied by adequate risk disclosures (*In re Splash,* 2000 U.S. Dist. LEXIS 15369, at *28), and courts in the Ninth Circuit may consider **both** protections simultaneously on a motion to dismiss. *See id.*; *see also In re Musicmaker.com Sec. Litig.*, No. CV 00-2018 CAS (MANx), 2001 U.S. Dist. LEXIS 25118, at *9 (C.D. Cal. Jun. 4, 2001) (stating it is necessary to analyze both the PSLRA's safe-harbor and the bespeaks caution doctrine on a motion to dismiss).

**2.     The Challenged Statements Fall Within The PSLRA Safe Harbor Or, Alternatively, The Bespeaks Caution Doctrine**

The Amended Complaint challenges as false and misleading a number of statements regarding Momentus' launch schedule, Momentus' revenue projections,

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

and the risks Defendant Kokorich's legal status posed to Stable Road's ability to obtain the requisite regulatory approvals. *See e.g.*, Am. Compl. at ¶¶ 188-193; 207-214; 225-227. Most of the challenged statements are forward-looking and couched in an abundance of cautionary language that adequately apprised reasonable investors of the potential risks. *See* Defs. MTD, Appendix A. These statements (and others like them) fall squarely within the PSLRA safe harbor or, alternatively, the bespeaks caution doctrine and are inactionable. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1409 (9th Cir. 1996); *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1127 (9th Cir. 2004).

Plaintiff attempts to cast these forward-looking assertions as "mixed statements" that relate to past or current events. *See* Opp. at 9. But statements concerning projections and expectations are clearly forward-looking and relate to *future* events. *See Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014). Plaintiff's argument that the cautionary language surrounding these statements was "generic and misleading" is baseless. Opp. at 9-10. Defendants explicitly cautioned investors that Kokorich's legal status hindered Stable Road's efforts to obtain the requisite regulatory approvals; that the company might not ever be able to obtain such approvals; and that these restrictions could adversely impact the company's operations. *See* Defs. MTD at 10-14.

### C.     Defendants' Statements Are Puffery Or Opinions

Many of the other statements challenged by Plaintiff are generalized assertions of corporate optimism, puffery, or opinion. *See e.g.*, Am. Compl. at ¶¶ 120, 190, 193, 195, 217, 232. It is well-established in the Ninth Circuit that generalized "feel good" monikers like those listed in Appendix B to Defendants' Motion (*e.g.*, "what I think is great," "phenomenal," "groundbreaking," and "revolutionary") cannot form the basis of a securities fraud claim. *See* Defs.' MTD, Appendix B; *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 U.S. Dist. LEXIS 23020, *79-80 (C.D. Cal. Mar. 15, 2000) (finding that defendants' statements that their technology was "revolutionary"

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

and a "breakthrough" were non-actionable under Rule 10b-5).[5] The same is true for optimistic opinion statements like those listed in Appendix C to Defendants' Motion. *See* Defs.' MTD, Appendix C; *Nimble Storage, Inc. Sec. Litig.*, 756 Fed. Appx. 779, 780 (9th Cir. 2019).

### D. Plaintiff Fails To Adequately Plead Scienter

Plaintiff's Opposition does not explain away the additional, dispositive defect in his Complaint with respect to scienter. This is not a "peripheral" argument as Plaintiff contends. *See* Opp. at 17. This is the pleading burden Plaintiff *must* overcome to successfully plead securities fraud. To adequately plead scienter, a plaintiff must satisfy the requirements of Rule 9(b) by stating with particularity the circumstances constituting the fraud. *See* Fed. R. Civ. Proc. R. 9(b). In addition, the PSLRA requires a plaintiff to specify "each statement alleged to have been misleading," as well as the "reason or reasons why" the statement is misleading. 15 U.S.C. § 78u-4(b)(1). The PSLRA further requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *In re Splash*, 2000 U.S. Dist. LEXIS 15369, at *15. In the Ninth Circuit, this heightened scienter pleading standard requires a plaintiff to "plead, at a minimum, particular facts giving rise to a ***strong*** inference of deliberate or conscious recklessness." *Id.* (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 970 F. Supp. 746, 763 (N.D. Cal. 1997) (emphases added)). For the reasons discussed below, Plaintiff has not met this burden with respect to the Momentus Defendants.

### 1. Plaintiff Fails To Plead Scienter As To Defendant Kokorich

Plaintiff alleges that Kokorich acted with scienter because he deliberately

---

[5] The cases that Plaintiff cites to are distinguishable. *See* Opp. at 11. The case *Cutler v. Kirchner*, 696 F. App'x 809, 811 (9th Cir. 2017), is unpublished and non-citable. The additional cases in footnote 9 of the Opposition all involve material misstatements about a company's product, and not (as here) truthful statements about technology that achieved its stated objective.

misled Stable Road and investors about the status of his asylum application. *See* Am. Compl. at ¶¶ 317, 319-320; Opp. at 13-14. But even if true, that does not establish a "strong inference" of fraudulent intent considering investors were already made aware of Kokorich's legal status and the associated risks of obtaining the required licenses and approvals. *See* Section II.A(1), *supra*. Moreover, USCIS's denial of Kokorich's asylum application was not a final determination of his asylum status. Even Plaintiff concedes that Kokorich was still contesting his removal proceedings as of January 2021. *See* Opp. at 5. Nor does Plaintiff's argument concerning Kokorich's knowledge about the "limitations" of Momentus' 2019 test and an internal email that discussed convening a "failure review board" establish scienter either. The 2019 test met its stated objective (*see* Defs. MTD at 5-8; Section II.A(2), *supra*), and the "failure review board" email, when read in its full context, clearly related to ancillary equipment issues rather than Momentus' technology. *See* Defs. MTD, 7-8.

### 2.    Plaintiff Fails To Plead Scienter As To Defendant Harms

Plaintiff's scienter allegations against Defendant Harms also fail. Rather than plead particularized facts about what she knew, Plaintiff continues to rely on the flawed argument that because Harms was a C-Suite executive during the Class Period, she must have known that certain statements made to investors were false. *See* Opp. at 14-15. But "generalized claims [of] corporate knowledge" do not create a strong inference of scienter. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 998 (9th Cir. 2009); *Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1068 (9th Cir. 2008). Harms's receipt of the 2019 "failure review board" email does not help Plaintiff's scienter claim for the reasons already discussed (*see* Section II.A(2), *supra*), and her mere participation in one diligence call with Stable Road does not establish her knowledge of any specific details regarding Stable Road's due diligence.

### 3.      Plaintiff Fails to Allege An Improper Motive

Plaintiff attempts to establish scienter by arguing that the Momentus Defendants had a "strong financial motive to hide the truth from investors," as evidenced by their "constant fundraising" efforts at a time when Momentus was losing money at an "accelerating rate." Opp. at 15-16. But the need to raise funds or the desire to complete a business transaction do not, standing alone, establish a fraudulent motive. *See GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 237 (3d Cir. 2004); *In re Rigel Pharms., Inc. Secs. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) ("allegations of routine corporate objectives such as the desire to obtain good financing and expand are not, without more, sufficient to allege scienter; to hold otherwise would support a finding of scienter for any company that seeks to enhance its business prospects."). A further blow to Plaintiff's motive claim is the fact that none of the Momentus Defendants owned or sold Stable Road securities during the Class Period. *See Webb v. SolarCity Corp.*, 884 F.3d 844, 856 (9th Cir. 2018).

### 4.      Plaintiff Mischaracterizes The Government Licenses

Plaintiff misunderstands the Motion's position regarding the BIS export license and the FCC permit that Defendants provided to the Court for its review. *See* Dkt. No. 135, Exhs. H-I. The point of the licenses is to demonstrate that at the time of the 2019 in-space test, the national security concerns relating to Defendant Kokorich were already abundantly clear, and had not been an obstacle to obtaining licenses. Indeed, the U.S. government flagged Kokorich's businesses as far back as 2014 (Am. Compl. ¶ 75) and 2018 due to "national security reasons" (*id.* at ¶ 77), and by September 2018, Kokorich was a known Russian asylum seeker. *See id.* at ¶ 84. Thus, the fact that the BIS export license and the FCC permit were granted approving Momentus' in-space test flight ***despite*** those concerns negates an intent to defraud. Undisclosed information is only material if it "*significantly* alter[s] the total mix of information made available." *Matrixx Initiatives, supra*, 563 U.S. at 44. In light of the extensive disclosures that had already been made concerning Kokorich's legal status, Plaintiff

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT

cannot leverage the events which post-date the in-space test to establish that this standard has been met.

### E.    Plaintiff Fails To Adequately Allege Scheme Liability

The Opposition fails to cure the Complaint's defective pleading of scheme liability as to Defendant Harms. Plaintiff falsely suggests that Defendants' position runs counter to the Supreme Court's decision in *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019). *See* Opp. at 19, n. 14. But Lorenzo is easily distinguishable from the facts here. In *Lorenzo*, the petitioner sent two e-mails to prospective investors which stated that a start-up energy company was valued at more than $10 million, despite knowing that the company's total assets amounted to less than $400,000. *Lorenzo*, 139 S. Ct. at 1099. Although he was not the "maker" of these misstatements, the Supreme Court found the petitioner liable for securities fraud under the scheme liability provisions because he "disseminat[ed] false or misleading information to prospective investors with the intent to defraud." *Id.* at 1101. Importantly, scienter was *not* at issue in the case, and it was undisputed that petitioner had the requisite intent to defraud the investors. *Id.*

Here, the allegations relating to Ms. Harms are completely different from those in *Lorenzo*. First, she never disseminated any statements directly to investors. The only communication by Ms. Harms identified in the Opposition is her participation "in a September 25, 2020 due diligence call with Stable Road to discuss 'customer contracts, backlog and deal pipeline.'" Opp. at 19-20; Am. Compl. ¶ 310(h). Second, Ms. Harms never disseminated any statements in the context of soliciting investments. Lastly, while scienter was not an issue in *Lorenzo*, it is highly disputed here. Accordingly, Plaintiff's citation to *Lorenzo* is unavailing, and Plaintiff's efforts to impose scheme liability on Ms. Harms must be rejected.

### F.    Plaintiff Fails To Adequately Plead Loss Causation

Plaintiff argues that the June 30, 2021 stock price increase does not undercut loss causation because the prior day's disclosure contained *both* positive and negative

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

information, and the share price increased by only 4.7% rather than by some hypothetical higher percentage. *See* Am. Compl. ¶ 173. This argument defies not only logic but precedent. "[T]o properly plead loss causation in a fraud claim, a plaintiff must allege that ***the price fell after*** the truth came to light about a misrepresentation, and that the plaintiff suffered damages as a result." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342-343 (2005) (emphases added). Here, the undisputed facts show that the share price *increased* after the first alleged disclosure on June 29, 2021. *See* Am. Compl. ¶ 172. Thus, Plaintiff cannot establish loss causation under *Dura*, and Plaintiff provides no countervailing authority to support his contrary position.[6]

### G.    Plaintiff Fails To Adequately Allege Reliance

Plaintiff cannot rely on the *Affiliated Ute* presumption because the allegedly withheld facts are not material (*see* Section II.A, *supra*). Nor can Plaintiff rely on the fraud-on-the-market theory because the market for newly-issued securities after a SPAC merger is inherently inefficient. While there is no specific precedent on this issue due to the novelty of SPAC transactions, this finding follows basic logic and precedent in similar contexts. For example, it is well-established that an IPO market is inefficient because newly-issued shares do not trade in a well-developed market. *Freeman v. Laventhol & Horwath*, 915 F.2d 193, 199 (6th Cir. 1990). As the IPO market is inefficient, the fraud-on-the-market presumption of reliance does not apply. *Berwecky v. Bear, Stearns & Co.*, 197 F.R.D. 65, 68 n. 5 (S.D.N.Y. 2000). Plaintiff himself admits that the market for SPAC securities is similar to that of an IPO. *See* Opp. at 25. Indeed, after a SPAC merger, newly-issued securities operate in the same manner as an IPO because the market is "not efficient or developed under any definition of these terms." *Freeman, supra*, 915 F.2d at 199. Courts have reasoned that other non-IPO markets for newly issued securities are inefficient as well. *See*

---

[6] Plaintiff also concedes that a regulatory investigation is insufficient to show causation (*see* Opp. at 23), which further undermines Plaintiff's loss causation theory.

*Freeman,* at 198 (rejecting investors' reliance on a fraud-on-the market presumption because a primary market for newly issued municipal bonds as a matter of law is not efficient). Accordingly, Plaintiff (by his own admission) purchased shares in an inefficient market, and therefore cannot avail himself of the fraud-on-the-market theory to establish reliance.

## III.   PLAINTIFF'S SECTION 20 CLAIM FAILS WITH HIS 10B-5 CLAIMS

Plaintiff's Section 20(a) claim fails and should be dismissed because Plaintiff fails to plead a primary violation under Section 10(b) for the reasons explained above and in Defendants' Motion to Dismiss. *See Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1118 (N.D. Cal. 2003).

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint with prejudice for failure to state a claim.

Date: June 20, 2022

**BAKER & McKENZIE LLP**

By:   */s/ Aaron T. Goodman*
       Aaron T. Goodman
10250 Constellation Blvd., Ste. 18540
Los Angeles, CA 90067
Telephone:  (310) 201-4726
aaron.goodman@bakermckenzie.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: (619) 881-3307
david.aveni@wilsonelser.com

*Counsel for Defendants Momentus Inc. and Dawn Harms*

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT