KIRKLAND & ELLIS LLP
Mark Holscher, P.C. (SBN 139582)
Stefan Atkinson, P.C. (pro hac vice)
555 S. Flower St., Ste. 3700
Los Angeles, CA 90071
Telephone: (213) 680 8400
mark.holscher@kirkland.com
stefan.atkinson@kirkland.com

*Attorneys for Defendants Stable Road Acquisition Corp., SRC-NI Holdings, LLC, Brian Kabot, James Hofmockel, James Norris, and Juan Manuel Quiroga*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-05744-JFW-SHK |
| | The Honorable John F. Walter Courtroom 7A |
| | **REPLY BRIEF IN SUPPORT OF THE STABLE ROAD DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| | Hearing Date: July 11, 2022 |
| | Time: 1:30 p.m. |
| | Courtroom: 7A |
| | Complaint Filed: July 15, 2021 |
| | FAC Filed: November 12, 2021 |

**THE STABLE ROAD DEFENDANTS' REPLY BRIEF**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...........................................................................................1

ARGUMENT...................................................................................................2

I.    Plaintiff Does Not Plead Particularized Facts Giving Rise to a "Strong Inference" of Scienter.................................................................................2

    A.    Allegedly Negligent Diligence Does Not Show Scienter.....................3

    B.    Plaintiff's "Core Operations" Argument Does Not Establish Scienter...................................................................................................8

    C.    Alleged Financial Motive Does Not Establish Scienter. .....................9

    D.    The Inference of Non-Fraudulent Intent Is Far More Plausible. ........10

II.    Plaintiff Relies on Impermissible Group Pleading.......................................11

III.    Plaintiff Fails to Plead That Defendants "Made" False Statements..............12

CONCLUSION..............................................................................................12

i

**THE STABLE ROAD DEFENDANTS' REPLY BRIEF**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc.*,
  756 F. Supp. 2d 1113 (D. Ariz. 2010) ...............................................................3, 5

*In re Alphabet Inc. Sec. Litig.*,
  1 F.4th 687 (9th Cir. 2021) ...................................................................................10

*In re Amylin Pharm. Inc. Sec. Litig.*,
  2002 WL 31520051 (S.D. Cal. Oct. 10, 2002) .......................................................9

*Batwin v. Occam Networks, Inc.*,
  2008 WL 2676364 (C.D. Cal. July 1, 2008) ...........................................................9

*Bond v. Clover Health Invs.*,
  2022 WL 602432 (M.D. Tenn. Feb. 28, 2022) ........................................................8

*In re Cabletron Sys. Inc.*,
  311 F.3d 11 (1st Cir. 2002)....................................................................................10

*In re Cadence Design Sys., Inc. Sec. Litig.*,
  692 F. Supp. 2d 1181 (N.D. Cal 2010)....................................................................9

*Derr v. Ra Medical Systems, Inc.*
  2021 WL 1117309 (S.D. Cal. Mar. 24, 2021)..........................................................9

*DSAM Glob. Value Fund v. Altris Software, Inc.*,
  288 F.3d 385 (9th Cir. 2002) ........................................................................1, 3, 5

*In re Facebook, Inc. Sec. Litig.*,
  405 F. Supp. 3d 809 (N.D. Cal. 2019)......................................................................6

*Ferris v. Wynn Resorts, Ltd.*
  WL 3216462 (D. Nev. July 28, 2021)......................................................................8

*In re Girardi*,
  611 F.3d 1027 (9th Cir. 2010) ................................................................................2

*Glazer Cap. Mgmt., LP v. Magistri*,
  549 F.3d 736 (9th Cir. 2008) ...........................................................................3, 11

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

*Howard v. Everex Sys. Inc.*,
   228 F.3d 1057 (9th Cir. 2000) ................................................................10

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) .................................................................................2, 12

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) ..............................................................10

*Marks v. Simulation Scis.*,
   2000 WL 33115589 (C.D. Cal. Feb. 28, 2000) ......................................3

*May v. KushCo Holdings, Inc.*,
   2020 WL 6587533 (C.D. Cal. Sept. 25, 2020) ......................................6

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ..............................................................3

*Nathenson v. Zonagen, Inc.*,
   267 F.3d 400 (5th Cir. 2001) ................................................................10

*New Mexico State Investment Council v. Ernst & Young LLP*,
   641 F.3d 1089 (9th Cir. 2011) ..............................................................8

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) .......................................................*passim*

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014) ................................................................11

*Patel v. Axesstel*,
   2015 WL 631525 (S.D. Cal. Feb. 13, 2015) ..........................................9

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
   759 F.3d 1051 (9th Cir. 2014) ..........................................................6, 8, 9

*Reese v. Malone*
   747 F.3d 557 (9th Cir. 2014) ................................................................9

*Ronconi v. Larkin*,
   253 F.3d 423 (9th Cir. 2001) ................................................................7

*S. Cherry St., LLC v. Hennessee Grp. LLC*,
   573 F.3d 98 (2d Cir. 2009) ....................................................................3, 5

iii

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

*In re Software Toolworks Inc.*,
  50 F.3d 615 (9th Cir. 1994) ................................................................................3, 5

*Strasburger v. Blackburne & Sons Realty Cap. Corp.*,
  2020 WL 6128223 (C.D. Cal. June 25, 2020).......................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)..........................................................................................2, 10

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ................................................................................7

*In re Vantive Corp. Sec. Litig.*,
  283 F.3d 1079 (9th Cir. 2002) ............................................................................10

*Veal v. LendingClub Corp.*,
  423 F. Supp. 3d 785 (N.D. Cal. 2019).............................................................6, 7

*In re VeriFone Holdings, Inc. Securities Litigation*
  704 F.3d 694 (9th Cir. 2012) .............................................................................7, 8

*In re XL Fleet Corp. Sec. Litig.*,
  2022 WL 493629 (S.D.N.Y. Feb. 17, 2022) .........................................................8

*Xu v. Chinacache Int'l Holdings Ltd.*,
  2016 WL 4370030 (C.D. Cal. Aug. 15, 2016) ......................................................7

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) .............................................................................2, 9

**Statutes**

Private Securities Litigation Reform Act ....................................................1, 2, 9, 11

iv

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

**INTRODUCTION**

Plaintiff's opposition confirms that his securities fraud claims against the Stable Road Defendants fail as a matter of law. Plaintiff concedes that the information he claims should have been disclosed to investors was concealed from and "never shared" with the Stable Road Defendants. (FAC ¶¶ 66-71, 320; Pls. Ex. 1 ¶ 55.)[1] Accordingly, the Securities and Exchange Commission ("SEC") alleged only that Stable Road Acquisition Corp. ("SRAC") had "engaged in *negligent* misconduct by repeating and disseminating Momentus's misrepresentations," and did not accuse any Stable Road Defendant of violating Section 10(b) or 20(a) of the Exchange Act. (Pls. Ex. 1 at 1.)[2]

Plaintiff, however, seeks to elevate that allegation of "*negligent* misconduct" into *fraud*. In support of his novel theory that the Stable Road Defendants concealed information they were never provided, Plaintiff proffers no evidence that any Stable Road Defendant had any indication of fraudulent conduct. Instead, Plaintiff candidly admits that his claims hinge on the same *negligent* conduct alleged by the SEC: the Stable Road Defendants supposedly "failed to conduct adequate due diligence." (Opp'n at 2.) In so doing, Plaintiff fails to see what was obvious to the SEC: Under controlling Ninth Circuit law, "[n]egligence, even gross negligence, does not rise to the level of the nefarious mental state necessary to constitute securities fraud under the PSLRA." *DSAM Glob. Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 391 (9th Cir. 2002). Time and again in the Ninth Circuit and elsewhere, courts have rejected arguments that inadequate diligence amounts to deliberate recklessness, a standard that is "much closer to one of intent." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1053 (9th Cir. 2014).

Plaintiff's claims fail for additional reasons. Plaintiff relies on group pleading

---

[1]   The Stable Road Defendants join Defendants Momentus Inc. and Dawn Harms in their reply brief, in full, and incorporate all arguments made therein here as well.

[2]   The Stable Road Defendants admitted no wrongdoing in the SEC's investigation, and dispute the SEC's allegations. As used herein, "Pls. Ex. 1" refers to the SEC order attached as Exhibit 1 to the Amended Complaint. Citations to "Ex." refer to exhibits filed with the Stable Road Defendants' motion to dismiss, and citations to "Reply Ex." refer to exhibits filed with this brief.

1

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

rather than individualized allegations, as required under the Private Securities Litigation Reform Act ("PSLRA"), and Plaintiff's other circumstantial scienter theories are insufficient under Ninth Circuit law. Plaintiff also improperly attributes dozens of alleged false statements to the Stable Road Defendants that they did not make. *See Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011).

## ARGUMENT

**I.    Plaintiff Does Not Plead Particularized Facts Giving Rise to a "Strong Inference" of Scienter.**

Plaintiff's burden is to plead a "strong inference" of scienter that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).[3] Yet Plaintiff acknowledges that the Stable Road Defendants cannot have disclosed the information Momentus allegedly concealed from investors because it was also concealed from the Stable Road Defendants. (FAC ¶¶ 66-71, 320; Pls. Ex. 1 ¶ 55.) Plaintiff's scienter theory thus hinges not on any knowing misconduct, but on the Stable Road Defendants' allegedly "reckless" failure to conduct adequate due diligence.

But "recklessness" as Plaintiff employs the term is not enough to meet the PSLRA's "exacting pleading requirements." *Tellabs*, 551 U.S. at 313.[4] Only "deliberate recklessness" is enough, and even then only in "extreme" and "obvious" cases. *NVIDIA*, 768 F.3d at 1053. Plaintiff must plead "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). "[T]he standard for recklessness is actually much closer to one of intent" and requires "some degree of intentional or conscious misconduct." *NVIDIA,*

---

[3]    Plaintiff's argument that the Stable Road Defendants "fail[] to dispute falsity" is obviously incorrect. (Opp'n at 8, n.5.) The Stable Road Defendants joined in full the motion to dismiss filed by the Momentus Defendants, which addresses, *inter alia*, Plaintiff's failure to allege falsity and other elements under the PSLRA.

[4]    *See In re Girardi*, 611 F.3d 1027, 1038 n.4 (9th Cir. 2010) (comparing the less-exacting definition of recklessness in tort with the more demanding PSLRA definition).

2

768 F.3d at 1053; *see Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1066 (9th Cir. 2008)* ("[P]laintiffs . . . must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent.").

### A.    Allegedly Negligent Diligence Does Not Show Scienter.

Even assuming Plaintiff's allegations of "inadequate due diligence" are correct, "the facts as pleaded at best show negligence, not the strong inference of scienter required to plead a case of fraud under the securities laws." *DSAM, 288 F.3d at 390*; *see In re Software Toolworks Inc., 50 F.3d 615, 621 (9th Cir. 1994)* ("[D]ue diligence is, in effect . . . a negligence standard.") (cleaned up and quotations omitted).

The Ninth Circuit has repeatedly held that negligence of the type alleged here does not give rise to scienter. *See DSAM, 288 F.3d at 390-91* (inadequate audit did not show scienter, because plaintiffs' "allegations of negligence are insufficient to establish a strong inference of deliberate recklessness"); *Glazer Cap. Mgmt., LP v. Magistri, 549 F.3d 736, 747-48 (9th Cir. 2008)* (allegations that FCPA violations were uncovered "early in the due diligence process" were "not sufficient to meet the stringent scienter pleading requirements"); *Software Toolworks., 50 F.3d at 628* ("At most, the evidence establishes that Deloitte was negligent in auditing Toolworks, not that Deloitte recklessly or knowingly falsified the financial statements.").[5]

The rationale for this principle is straightforward: Because Plaintiff is asserting securities *fraud* claims requiring an "intent to deceive," *NVIDIA, 768 F.3d at 1053*, he must do more than allege careless, or even grossly careless, lapses in due diligence.

---

[5]    *See also S. Cherry St., LLC v. Hennessee Grp. LLC, 573 F.3d 98, 112 (2d Cir. 2009)* (affirming dismissal of securities fraud claim premised on inadequate diligence because "[t]here is no factual allegation. . . [that] there were obvious signs of fraud, or that the danger of fraud was so obvious that [defendant] must have been aware of it"); *Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc., 756 F. Supp. 2d 1113, 1145 (D. Ariz. 2010)* ("[T]hese allegations claim that if [the underwriters] had . . . performed due diligence adequately, they would have uncovered the truth . . . . These allegations constitute negligence at best, and . . . have always been insufficient to establish scienter"); *Marks v. Simulation Scis., 2000 WL 33115589, at *2 (C.D. Cal. Feb. 28, 2000)* (dismissing claims against underwriters because plaintiffs alleged no "facts showing how [defendants] could or should have known the information was false").

3

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

Only "an *extreme departure* from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either *known to the defendant or is so obvious that the actor must have been aware of it*" can suffice. *Id.* (emphasis added).

Here, Plaintiff's allegations amount to negligence at best, claiming that the Stable Road Defendants failed to "reasonably investigate" Momentus's representations. (FAC ¶¶ 106, 125.) For example, Plaintiff argues that Kabot "conducted inadequate due diligence relating to the national security concerns surrounding Defendant Kokorich." (Opp'n at 11.) But Plaintiff alleges no facts showing Kabot knew or must have known of such concerns. To the contrary, *Plaintiff concedes* in his allegations:

(i)    the Stable Road Defendants were never told the basis for the order allegedly requiring Kokorich to divest from another company (FAC ¶¶ 112, 320);

(ii)    SRAC probed for that information in due diligence, but Momentus allegedly misrepresented and concealed it (*id.*);

(iii)    Momentus allegedly represented that "it did not possess . . . documents" "that would describe the basis of the order" (FAC ¶ 112); and

(iv)    Kokorich allegedly "assured Defendant Kabot that . . . the issues CFIUS raised . . . *had to do with other investors, not specifically him*." (FAC ¶320(c) (emphasis added).)[6]

On top of all that, Plaintiff concedes that SRAC disclosed in its November 2020 Form S-4 not only CFIUS's divestment order, but also that there were possible national security concerns related to Kokorich's status as a foreign national. (*Id.* ¶ 225.)

To be sure, Plaintiff now calls Momentus's representations an "unbelievable story," and diminishes as "boilerplate" SRAC's disclosures to the SEC and its investors.

---

[6]    Plaintiff's speculation that Kabot "could have easily asked any of the employees at the [Momentus] facility about the issue" during a visit does not salvage his claims. (Opp'n at 12-13.) This argument is purely speculative; Plaintiff alleges zero facts about the questions Kabot did or did not ask during this visit, the employees to which Kabot did or did not have access, or the answers he did or would have received. There is no reason to expect that even if Kabot had the chance to question Momentus employees (a fact not alleged), he would have learned anything other than what Momentus had already disclosed (or that those disclosures were insufficient).

4

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

But the reality remains: Plaintiff alleges no facts showing that the Stable Road Defendants "knew or must have been aware" of the information Momentus had allegedly concealed. *See DSAM*, 288 F.3d at 390-91 (no scienter where plaintiffs "failed to allege any facts to establish that Pricewaterhouse knew or must have been aware of the improper revenue recognition"); *S. Cherry St.*, 573 F.3d at 112 (no scienter where plaintiff "did not allege that [defendant] did not believe [ ] the various . . . representations," and "did not allege any fact known to [defendant]" making falsity "obvious"). Plaintiff merely opines that the Stable Road Defendants should have done more. That is not securities fraud. *See DSAM*, 288 F.3d at 390 ("Mere allegations that an accountant negligently failed to closely review files or follow GAAP cannot raise a strong inference of scienter."); *Allstate*, 756 F. Supp. 2d at 1146 (allegations that "Underwriters *should* have conducted a more thorough investigation and *should* have become more familiar with the facts . . . . suggest negligence, not knowledge or deliberate indifference.") (emphasis in the original).

Plaintiff's argument concerning Momentus's technology similarly fails. Plaintiff admits that SRAC relied on Stellar Solutions, a "space technology consulting firm with the expertise to investigate the state of development of Momentus's technology." (Opp'n at 13; Pls. Ex. 1 ¶ 27.) But Plaintiff argues that the Stable Road Defendants "specifically did not have Stellar Solutions evaluate Momentus's claims to have successfully tested its technology in space." (Opp'n at 13.) That is false. As Plaintiff alleges, it was *Stellar Solutions'* decision not to investigate the El Camino Real mission, based on *Momentus's* alleged representation "that the early-stage test launch was not relevant to their current work." (FAC ¶ 108; Pls. Ex. 1 ¶ 28.)

Stellar Solutions' decision not to probe further in light of Momentus's representation at the very most "sets out a . . . case of negligence." *DSAM*, 288 F.3d at 387; *see Software Toolworks*, 50 F.3d at 627 ("Plaintiffs' contention . . . that Deloitte should have performed further inquiries and investigations, arguing with the benefit of

hindsight, does not establish that the audit was reckless."). Plaintiff has alleged no particular facts showing that any Stable Road Defendant knew or must have known that Momentus had not "successfully tested its technology in space." To the contrary, it is undisputed that "SRAC and Defendant Kabot [were told] that the El Camino Real Mission was a success," and Momentus "never shared with SRAC and Defendant Kabot [purported] internal analyses about the mission's [alleged] failure." (FAC ¶ 320(a); Pls. Ex. 1 ¶ 41.) This is fatal to scienter. *See NVIDIA, 768 F.3d at 1064* ("Without factual allegations showing that at least someone at NVIDIA had knowledge of the extent of NVIDIA's liability, there is no basis to presume that NVIDIA's management would have had such knowledge."); *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc., 759 F.3d 1051, 1061 (9th Cir. 2014)* (complaint "failed to allege facts sufficient to raise a strong inference that the individual defendants knew of these circumstances").[7]

Plaintiff's argument that Kabot acted with scienter in describing SRAC's due diligence during a live interview likewise falls short. (FAC ¶ 217.) Plaintiff does not even allege that Kabot said anything false: Plaintiff concedes that SRAC *did* retain advisors and *did* conduct "four months of due diligence," just as Kabot said. (FAC ¶¶ 108-09.) Plaintiff alleges that Kabot should have disclosed "SRAC's failure to perform adequate due diligence" (*id.* ¶ 218), but that is a *legal* conclusion—one devoid of factual support that Defendants vigorously dispute. The fact that, months after Kabot's statement, the SEC made allegations does not retroactively render Kabot's statement "false." *See Veal v. LendingClub Corp., 423 F. Supp. 3d 785, 819 (N.D. Cal. 2019)* ("Defendants were not required to 'confess' to the uncharged allegation."); *In re*

---

[7]    Plaintiff argues that, unlike Momentus, the Stable Road Defendants were not "engineers or physicists." (Opp'n at 14.) But that fact cuts against scienter, because it means they were less primed to spot any issues surrounding Momentus's technology. *See May v. KushCo Holdings, Inc., 2020 WL 6587533, at \*8 (C.D. Cal. Sept. 25, 2020)* ("General allegations concerning Defendants' education or professional background . . . fail to support a compelling inference of scienter, absent specific allegations that the defendants were familiar with the application of the relevant accounting principle here."); (FAC ¶ 107 (the Stable Road Defendants "relied on the review and conclusions of experts . . . as well as the representations of Momentus' senior management.").

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

*Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 836 (N.D. Cal. 2019) ("[C]ompanies are not required to engage in 'self-flagellation' by disclosing unproven allegations."). Moreover, a reasonable investor would have considered Kabot's comment "in full and in context," including "all the information then available to the market." *Xu v. Chinacache Int'l Holdings Ltd.*, 2016 WL 4370030, at *5 (C.D. Cal. Aug. 15, 2016). Immediately after the interview, SRAC filed a Form 8-K clarifying Kabot's statements and pointing investors to SRAC's forthcoming S-4, which described SRAC's diligence and emphasized its limits. (Reply Ex. A (Oct. 7, 2020 8-K)); (Defs. Ex. 2, S-4, at 63.)[8]

Much less does Plaintiff allege that Kabot acted with scienter at the time of his statement (October 7, 2020). The FAC alleges *zero facts* concerning Kabot's state of mind at the time. (*See* FAC ¶ 217 (alleging falsity, but no scienter)); *LendingClub*, 423 F. Supp. 3d at 819 ("Plaintiffs must plead with particularity . . . *how the Defendant who made the statement acted with scienter at the time the statements were made*.") (emphasis added). For good reason: It was not until three months after Kabot's statement, in January 2021, that the SEC began investigating. (FAC ¶ 83.) Plaintiff alleges no facts showing Kabot knew SRAC's diligence was in question before the SEC began investigating. *See Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001) (scienter requires "contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made").

None of the cases cited by Plaintiff embrace the theory that inadequate due diligence of a company prior to an acquisition can constitute fraudulent intent. Instead, each case—unlike here—involved allegations that defendants either knew of the alleged fraud or deliberately ignored obvious wrongdoing. For example, in *In re VeriFone Holdings, Inc. Securities Litigation*, the complaint alleged that the defendant executives, "hands-on managers with respect to . . . financial statements," themselves misled

---

[8]     As Plaintiff concedes, SRAC's public SEC filings are subject to judicial notice and may be considered by the Court under Rule 12(b)(6). (Opp'n at 8 n.4); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

investors about the company's own internal financial reports. 704 F.3d 694, 710 (9th Cir. 2012). Similarly, in *Ferris v. Wynn Resorts, Ltd.*, the defendant was allegedly informed of allegations of sexual misconduct against the company's CEO. 2021 WL 3216462, at *15 (D. Nev. July 28, 2021). *New Mexico State Investment Council v. Ernst & Young LLP* involved allegations that an auditor violated established GAAP and GAAS accounting and auditing standards, by ignoring numerous red flags and "drastic overstatement of financial results" for a decade and by repeatedly giving clean audit opinions that purported to provide the "highest level of assurance." 641 F.3d 1089, 1095-1103 (9th Cir. 2011) ("[P]laintiffs alleged 'in your face facts,' that cry out, 'how could [defendants] not have known that the financial statements were false.'").[9]

Such allegations are a far cry from those made here. Plaintiff nowhere alleges that the Stable Road Defendants knew or must have known of the alleged fraud; in fact, Plaintiff alleges that the Stable Road Defendants were kept in the dark. Plaintiff alleges no more than the SEC: lapses in diligence that, at most, amount to "*negligent* misconduct." (Pls. Ex. 1 ¶ 1) (emphasis added).

**B.     Plaintiff's "Core Operations" Argument Does Not Establish Scienter.**

"Proof under [the core operations] theory is not easy." *Police Ret. Sys.*, 759 F.3d at 1062. The argument applies only "in rare circumstances where the nature of the relevant fact is of such prominence [within the company] that it would be *absurd* to suggest that management was without knowledge of the matter." *Id.* (emphasis added).

As applied here, Plaintiff's theory is nonsensical. In those rare cases that do apply the doctrine, an officer claims to lack knowledge about obvious facts actually known

---

[9]     Plaintiff's remaining cases are distinguishable on the same grounds. *See Bond v. Clover Health Invs.*, 2022 WL 602432, at *25 (M.D. Tenn. Feb. 28, 2022) (defendants conceded "they were aware of . . . DOJ investigation and affirmatively chose not to disclose it," and issues were "both glaring and known within the company"); *In re XL Fleet Corp. Sec. Litig.*, 2022 WL 493629, at *6 (S.D.N.Y. Feb. 17, 2022) (employee "disclosed the overstated sales pipeline to [company's] attorneys during the due diligence process"); *Strasburger v. Blackburne & Sons Realty Cap. Corp.*, 2020 WL 6128223, at *5 (C.D. Cal. June 25, 2020) (among numerous other failings, despite representing it conducted a professional evaluation, defendant "in fact failed to conduct any meaningful due diligence" and "must have been aware" of "obvious" risks).

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

by others within the company, and the court imputes that corporate knowledge to the officer. Here, however, Plaintiff does not allege that SRAC or anyone within SRAC knew of Momentus's alleged misstatements. In fact, he alleges the opposite: that Momentus "never shared" the information. That means there is no corporate knowledge to impute to any individual defendant, much less anything so well-known "it would be absurd to suggest that management was without knowledge." *Id*.

The core operations theory is that "corporate officers have knowledge of the critical core operations of *their* companies." *Id.* (emphasis added). Defendants are aware of no authority, and Plaintiff cites none, extending the theory to operations of *other* companies. Plaintiff's cited cases confirm this distinction. In *Reese v. Malone,* the Court imputed knowledge to an executive regarding her *own company's* pipelines. 747 F.3d 557, 576 (9th Cir. 2014). Same with *Derr v. Ra Medical Systems, Inc.*, where the Court imputed knowledge to corporate executives concerning the company's *own equipment*. 2021 WL 1117309, at *7 (S.D. Cal. Mar. 24, 2021); *see also In re Cadence Design Sys., Inc. Sec. Litig.,* 692 F. Supp. 2d 1181, 1192-93 (N.D. Cal 2010) (*own company's* agreements); *In re Amylin Pharm. Inc. Sec. Litig.*, 2002 WL 31520051, at *8 (S.D. Cal. Oct. 10, 2002) (*own company's* drug test results); *Patel v. Axesstel*, 2015 WL 631525, at *11 (S.D. Cal. Feb. 13, 2015) (*own company's* sales); *Batwin v. Occam Networks, Inc.*, 2008 WL 2676364, at *12 (C.D. Cal. July 1, 2008) (*own company's* sales revenue).

### C.    Alleged Financial Motive Does Not Establish Scienter.

Plaintiff does not dispute that a purported "motive to commit fraud . . . [is] not sufficient to establish a strong inference" of scienter. *Zucco*, 552 F.3d at 991. He argues, however, that on top of their allegedly inadequate due diligence, the Stable Road Defendants had a "financial motive" to "push through the Momentus transaction without conducting adequate due diligence." (Opp'n at 18.) But even assuming that is true, that is not a motive to commit *fraud*. Whatever motivated the Stable Road Defendants' due diligence, that motive is irrelevant under the PSLRA, which asks only

whether defendants had a "motive to *defraud investors*." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) (emphasis added); *see Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002) (holding that "motive and opportunity to enhance a company's business prospects" is not scienter).

Plaintiff cites no case suggesting that a financial motive to complete a transaction is evidence of fraudulent intent, much less where the defendants concededly had no knowledge of any misleading statements. To the contrary, in every case Plaintiff cites, the defendants had both a motive to commit fraud *and* knowledge of that fraud. *See Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 424-25 (5th Cir. 2001) (considering financial motive to mislead about the company's patents); *In re Cabletron Sys. Inc.*, 311 F.3d 11, 23 (1st Cir. 2002) (involving concealment of "a variety of problems, well known to the leadership of the company"); *Howard v. Everex Sys. Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (involving financial motive to make misleading statements about sales numbers); *In re Alphabet Inc. Sec. Litig.*, 1 F.4th 687, 707 (9th Cir. 2021) (no holdings relating to financial motive). At bottom, Plaintiff alleges only a generalized business objective that is incapable of supporting an inference of scienter. *See Lipton*, 284 F.3d at 1038.

**D.      The Inference of Non-Fraudulent Intent Is Far More Plausible.**

Even if Plaintiff had alleged a "*strong inference*" of scienter—which he has not—he would still need to show that inference is "at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 310. Plaintiff does not come close. He proffers a grab bag of allegations surrounding due diligence. (Opp'n at 20-21.) But again, none of this points to fraud. At best it amounts to what the SEC deemed "*negligent* misconduct." (Pls. Ex. 1 ¶ 1) (emphasis added).

On the other hand, the evidence of no fraudulent intent is overwhelming. Plaintiff concedes: the Stable Road Defendants lacked knowledge of the purported falsity of Momentus's representations (FAC ¶¶ 66-71, 320); Momentus and Kokorich allegedly did not share the relevant information and also allegedly misrepresented and concealed

it from the Stable Road Defendants (*id.*); SRAC disclosed the potential national security issues regarding Kokorich of which it knew to shareholders (FAC ¶¶ 141-149); SRAC and its advisors conducted due diligence and investigated Momentus (FAC ¶ 245); and Hofmockel, Kabot, Norris, and Quiroga did not sell any SRAC securities during the class period (Opp'n at 19).[10] Given these undisputed facts, even when Plaintiff's allegations are viewed holistically, the only rational inference that can be drawn from the Amended Complaint is that the Stable Road Defendants lacked scienter.

## II. Plaintiff Relies on Impermissible Group Pleading.

The opposition does not—and cannot—cure the Amended Complaint's impermissible group pleading. The PSLRA requires particularized facts that *each* Defendant acted with the required state of mind. *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014). Plaintiff fails to satisfy this burden.

As to Kabot, Plaintiff's main assertion is that "[a]ccording to the SEC, Defendant Kabot conducted inadequate due diligence." (Opp'n at 11, citing FAC ¶ 112.) But beyond placing Kabot at meetings and on phone calls with Momentus management— which is not enough for scienter, *Glazer*, 549 F.3d at 746—Plaintiff does not allege facts showing Kabot's state of mind. The few details Plaintiff offers actually cut against scienter, such as the fact that Kokorich told Kabot "that the El Camino Real mission was a success," "never shared with . . . Kabot material internal analyses about the" mission's failure, and told Kabot that "the issues CFIUS raised in the prior matter had to do with other investors, not specifically [Kokorich]." (FAC ¶ 320.)

As to Quiroga, Hofmockel, and Norris, Plaintiff's allegations are even less particularized. Plaintiff contends only that Quiroga and Hofmockel "participated in the due diligence of Momentus," by visiting Momentus' headquarters and participating in

---

[10] Moreover, as disclosed in public SEC filings, "[a]ffiliates of SRC-NI Holdings, LLC, the sponsor of Stable Road," personally committed $15 million toward the transaction alongside other investors and reaffirmed that investment after the SEC's July 2021 order, contradicting Plaintiff's allegation that the Stable Road Defendants intended to defraud investors. (Reply Ex. B (July 16, 2021 8-K).)

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

teleconferences, and that they "agreed to go forward with the transaction … without receiving the information requested" in due diligence. (Opp'n at 15).[11] Plaintiff proffers no explanation how this limited involvement in due diligence shows fraudulent intent.

### III. Plaintiff Fails to Plead That Defendants "Made" False Statements.

Plaintiff does not dispute that he relies on numerous alleged misstatements that were not attributed to the Stable Road Defendants. His argument that certain statements can nonetheless be imputed because they "were contained in documents . . . signed by SRAC Individual Defendants" fails. (Opp'n at 22.) *First*, Plaintiff concedes that not all the relevant statements were in SRAC's SEC filings. For example, the Amended Complaint alleges various statements about the "success" of Momentus's test in space that were neither made by any Stable Road Defendant nor contained in SEC filings. (*See* FAC ¶¶180–186.) *Second*, many of the statements were explicitly attributed to Momentus, not the Stable Road Defendants. *See Janus*, 564 U.S. at 142-43 ("[A]ttribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by—and only by—the party to whom it is attributed."). None of Plaintiff's cases suggests that signing a document can override explicit attribution to another party; it cannot. *Third*, no statements can even arguably be attributed to Quiroga, Hofmockel, or Norris, where Plaintiff does not allege they signed any forms, much less had "ultimate authority over the statement[s]." *Id*.

### CONCLUSION

The Stable Road Defendants respectfully request that the Court dismiss the claims against them in their entirety and with prejudice.

---

[11] The lack of allegations as to Hofmockel is especially problematic given his only connection to this case is as "a director of SRAC." (FAC ¶ 19.) Plaintiff does not allege facts showing how, as a non-manager of SRAC, Hofmockel supposedly learned information that Momentus had allegedly concealed. Further, Plaintiff's argument on this point does not even mention Norris, except to suggest, without any factual basis, that he was as involved in the due diligence as Quiroga and Hofmockel (and even they were barely involved, according to the Amended Complaint). (Opp'n at 15.)

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

DATED: June 20, 2022

Respectfully submitted,
KIRKLAND & ELLIS LLP


*/s/ Mark Holscher, P.C.*
Mark Holscher, P.C. (SBN 139582)
Stefan Atkinson, P.C. (pro hac vice)
555 S. Flower St., Ste. 3700
Los Angeles, CA 90071
Telephone: (213) 680 8400
mark.holscher@kirkland.com
stefan.atkinson@kirkland.com


*Attorneys for Defendants Stable Road Acquisition Corp., SRC-NI Holdings, LLC, Brian Kabot, James Hofmockel, James Norris, and Juan Manuel Quiroga*

13

THE STABLE ROAD DEFENDANTS' REPLY BRIEF

**CERTIFICATE OF SERVICE**

I hereby certify that on or about the 20th day of June, 2022, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using the CM/ECF service, which will provide copies to all counsel of record registered to receive CM/ECF notifications.

/s/ Mark Holscher, P.C.
Mark Holscher, P.C.