**BAKER & McKENZIE LLP**
Perrie M. Weiner (Bar No. 134146)
perrie.weiner@bakermckenzie.com
Aaron T. Goodman (Bar No. 330791)
aaron.goodman@bakermckenzie.com
Paul Chander (Bar No. 305133)
paul.chander@bakermckenzie.com
10250 Constellation Boulevard, Ste. 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
David J. Aveni (Bar No. 251197)
david.aveni@wilsonelser.com
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: + 1 619 881 3307
Facsimile: +1 619 321 6201

*Attorneys for Defendants Momentus Inc.
and Dawn Harms*

*[additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Master File No. 2:21-CV-5744-JFW(SHKx) |
| | Hon. John F. Walter |
| | **DEFENDANTS MOMENTUS INC. , DAWN HARMS, AND FRED KENNEDY'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Complaint Filed: July 15, 2021 FAC Filed: November 12, 2021 |

Defendants Momentus Inc. ("Momentus"), Dawn Harms ("Harms"), and Fred Kennedy ("Kennedy") (collectively, "Defendants"), by and through their respective counsel, hereby answer the Amended Consolidated Class Action Complaint filed by Lead Plaintiff Hartmut Haenisch ("Plaintiff") (Dkt. No. 94 ["Amended Complaint"]).

## ANSWER

On July 13, 2022 Order, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. (Dkt. No. 84). The Court dismissed Plaintiff's claims under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as to Defendants Harms and Kennedy. The Court allowed Plaintiff to proceed with Count One under Section 10(b) and Rule 10b-5 of the Exchange Act promulgated thereunder against Defendants Momentus and Kennedy, and Count Two under Section 10(b) and Rule 10b-5(a) and (c) of the Exchange Act against Defendants Momentus, Harms, and Kennedy. (*See* Dkt. No. 84 at 16-17.) Accordingly, Defendants' Answer is subject to and qualified by the Court's order, including the Court's rejection of Count Three as to Defendants Harms and Kennedy. No response is required in this Answer with respect to any allegations that have been dismissed by the Court.

The Amended Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument. Many of the Amended Complaint's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the Amended Complaint are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the Amended Complaint as a whole.

Unless otherwise indicated, the answers and defenses contained in the Defendants' Answer to the Amended Complaint are on behalf of all of the Defendants. By responding as to all Defendants, no representation is made as to whether each

individual Defendant has sufficient knowledge to admit or deny a particular allegation. To the extent that any allegation in the Amended Complaint is directed specifically at one or more of the individual Defendants, those other individual Defendants to whom the allegation is not directed (unless otherwise stated in this Answer) lack knowledge or information sufficient to admit or deny the allegation.

Defendants state that the table of contents, headings and sub-headings throughout the Amended Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is deemed required, Defendants deny the allegations contained in the headings, subheadings, and table of contents of the Amended Complaint. To the extent Defendants use terms in this Answer defined in the Amended Complaint, that use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to the defined terms.

Answering the unnumbered preamble paragraph of the Amended Complaint, Defendants admit that Plaintiff purports to bring claims on behalf of a putative class. Defendants deny that the Amended Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants admit that the Amended Complaint purports to make certain of its allegations on information and belief or based on an investigation conducted by Plaintiff's counsel, but Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the investigation conducted by Plaintiff's counsel and on that ground deny those allegations. Defendants otherwise deny the allegations in the unnumbered preamble paragraph of the Amended Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Amended Complaint. The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer. Defendants further answer the numbered paragraphs in the Amended Complaint as follows:

1.    The first sentence of Paragraph 1 contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any

allegations of fact contained in the firsts sentence of Paragraph 1, Defendants deny those allegations. Answering the second sentence of paragraph 1, Defendants admit that during the Class Period, as defined by the Amended Complaint, Defendant Stable Road Acquisition Corp.'s ("SRAC") Class A common stock, public units and public warrants were publicly traded on the Nasdaq Capital Market under the ticker symbols "SRAC," "SRACU," and "SRACW."

2.    To the extent that the allegations in Paragraph 2 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 2 of the Amended Complaint.

3.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 alleging that SRAC attempted to but was unable to locate an appropriate cannabis/marijuana related company to acquire. Defendants deny the rest of the allegations in Paragraph 3 of the Amended Complaint.

4.    To the extent that the allegations in Paragraph 4 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants state that the July 13, 2021, order issued by the U.S. Securities and Exchange Commission ("SEC"), which is attached as Exhibit 1 to Plaintiff's Amended Complaint (Dkt. No. 94-1), speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations in Paragraph 4 of the Amended Complaint to the extent they attempt to characterize, describe or construe the SEC's order. Defendants further state that the SEC's findings in the order "are not binding on any other person or entity in this or any other proceeding." *Id*. Defendants deny the rest of the allegations in Paragraph 4 of the Amended Complaint.

5.    To the extent that the allegations in Paragraph 5 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants admit that the SEC issued a press release on July 13, 2021,

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

and refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 7.

8. To the extent that the allegations in Paragraph 8 consist of legal conclusions, no response is required. Defendants admit that Plaintiff purports to bring claims against them under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. To the extent the allegations in Paragraph 8 relate to portions of Plaintiff's claims dismissed by the Court, no response is required. Specifically, no response is required to the allegations regarding Section 20(a) of the Exchange Act, because those allegations are no longer operative, as the Court dismissed Count Three as to Defendants Harms and Kennedy pursuant to the Court's July 13, 2022 Order (Dkt. No. 154). Defendants otherwise deny the allegations in Paragraph 8. Defendants deny that Plaintiff's claims have merit.

9. Answering Paragraph 9, Defendants state that the allegations in Paragraph 9 consist of legal arguments, characterizations, and conclusions to which no response is required. Defendants admit that Plaintiff purports to base jurisdiction over the subject of this action on the statutes cited in Paragraph 9. Defendants otherwise deny the allegations in Paragraph 9.

10. Answering Paragraph 10, Defendants state that the allegations in Paragraph 10 consist of legal conclusions, characterizations, and conclusions to which no response is required. Defendants admit that Plaintiff purports to allege venue in this

action based on the allegations in Paragraph 10. Defendants otherwise deny the allegations in Paragraph 10.

11. Defendants state that Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response to these allegations is deemed required, Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are not directed at Defendants and therefore no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response to these allegations is deemed required, Defendants deny them.

14. Defendants, upon information and belief, admit the allegations in Paragraph 14 of the Amended Complaint.

15. Defendants, upon information and belief, admit the allegations in Paragraph 15 of the Amended Complaint.

16. The allegations in Paragraph 16 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 16 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

17. The allegations in Paragraph 17 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 17 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

18. The allegations in Paragraph 18 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 18 consist of legal arguments, characterizations, and conclusions, no response is required.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

19.    The allegations in Paragraph 19 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 19 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

20.    Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21.    The allegations in Paragraph 21 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 21 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

22.    Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23.    Defendants, upon information and belief, admit that Defendant Kennedy served as President of Momentus from September 14, 2020 until on or around January 21, 2022. Defendants, upon information and belief, admit the allegations in the second sentence of Paragraph 23 of the Amended Complaint.

24.    Defendants state that Paragraph 24 does not require a response.

25.    Defendants state that Paragraph 25 does not require a response.

26.    Defendants state that Paragraph 26 does not require a response.

27.    Defendants state that Paragraph 27 consists of Plaintiff's characterizations and conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 27.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

28. Defendants state that Paragraph 28 consists of Plaintiff's characterizations and conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 28.

29. Defendants state that Paragraph 29 consists of Plaintiff's characterizations and conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 29.

30. Defendants state that Paragraph 30 consists of Plaintiff's characterizations and conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 30.

31. Defendants state that Paragraph 31 consists of Plaintiff's characterizations and conclusions, for which no response is required. To the extent a response is deemed required, Defendants admit that John Coates, then-Acting Director, Division of Corporation Finance of the U.S. Securities and Exchange Commission ("SEC") issued a statement on April 8, 2021, state that this writing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants aver that this statement indicates that "This statement represents the views of the Acting Director of the Division of Corporation Finance of the U.S. Securities and Exchange Commission (SEC or Commission). It is not a rule, regulation, or statement of the SEC. The Commission has neither approved nor disapproved its content. This statement does not alter or amend applicable law and has no legal force or effect. This statement creates no new or additional obligations for any person." Defendants otherwise deny the allegations in Paragraph 31.

32. Defendants admit that SEC Chair Gary Gensler testified to Congress on May 26, 2021, state that this testimony speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the testimony to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants otherwise deny the allegations in Paragraph 32.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

33.    Defendants admit that Michael D. Klausner, Michael Ohlrogge and Emily Ruan published an article in the Yale Journal on Regulation, state that this article speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants otherwise deny the allegations in Paragraph 33.

34.    Defendants admit that the SEC issued a press release on July 13, 2021, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants otherwise deny the allegations in Paragraph 34.

35.    The allegations in Paragraph 35 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 35 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

36.    The allegations in Paragraph 36 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 36 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 36 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

37.    The allegations in Paragraph 37 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 37 consist of legal arguments, characterizations, and conclusions, no response is required.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

38.     The allegations in Paragraph 38 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 38 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

39.     The allegations in Paragraph 39 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 39 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

40.     The allegations in Paragraph 40 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 40 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 40 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 41 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 41 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 41.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

42. The allegations in Paragraph 42 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 42 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 42 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 42.

43. The allegations in Paragraph 43 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 43 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 43 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document.

44. The allegations in Paragraph 44 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 44 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 44 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 44.

45. The allegations in Paragraph 45 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 45 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 45 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 45.

46. The allegations in Paragraph 46 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 46 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 46 purports to reference or quote SRAC's IPO Prospectus, Defendants state that the IPO Prospectus speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants otherwise deny the allegations in Paragraph 46.

47. The allegations in Paragraph 47 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 47 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 47 purports to reference or quote SRAC's IPO Prospectus, SRAC's 2020 Form 10-K, or SRAC's Form 10-Q filed August 11, 2020 , Defendants state that these SEC filings speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these filings. Defendants otherwise deny the allegations in Paragraph 47.

48. The allegations in Paragraph 48 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 48 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 48 purports to reference or quote SRAC's SEC filings from November 13, 2019 to October 7, 2020, Defendants state that these SEC filings speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

allegations to the extent they misquote, mischaracterize, or are inconsistent with these filings. Defendants otherwise deny the allegations in Paragraph 48.

49. The allegations in Paragraph 49 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 49 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

50. The allegations in Paragraph 50 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 50 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 50 purports to reference or quote SRAC's amended and restated certificate of incorporation, Defendants state that this document speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this document. Defendants otherwise deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 51 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Paragraph 51 purports to reference or quote SRAC's amended and restated certificate of incorporation, Defendants state that this document speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this document. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

52. The allegations in Paragraph 52 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 52 consist of legal arguments, characterizations, and conclusions, no response is required.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

53.     The allegations in Paragraph 53 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 53 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

54.     The allegations in Paragraph 54 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 54 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

55.     The allegations in Paragraph 55 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 55 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

56.     The allegations in Paragraph 56 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 56 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

57.     The allegations in Paragraph 57 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 57 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

58.     Defendants admit that SRAC and Momentus completed their business combination in or around August 12, 2021, but otherwise state that the allegations in Paragraph 58 are not directed at Defendants and therefore no response is necessary. To the extent that these allegations consist of legal arguments, characterizations, and conclusions, no response is required. To the extent these sentences are deemed factual allegations to which a response is required, Defendants state that they are without sufficient knowledge or information to admit or deny.

59.     Defendants admit that SRAC and Momentus entered into a merger agreement on October 7, 2020, but otherwise state that the allegations in Paragraph 59 are not directed at Defendants and therefore no response is necessary. To the extent that these allegations consist of legal arguments, characterizations, and conclusions, no response is required. To the extent these sentences are deemed factual allegations to which a response is required, Defendants state that they are without sufficient knowledge or information to admit or deny.

60.     The allegations in Paragraph 60 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 60 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

61.     Defendants admit that SRAC and Momentus completed their business combination in or around August 12, 2021, but otherwise state that the allegations in Paragraph 61 are not directed at Defendants and therefore no response is necessary. To the extent that these allegations consist of legal arguments, characterizations, and conclusions, no response is required. To the extent a response is necessary, Defendants deny the remaining allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants admit that Momentus was founded in 2017 in Santa Clara, California, by cofounders Mikhail Kokorich and Lev Khasis. Defendants admit that Kokorich served as Momentus' CEO from November 2017 until his resignation on

January 25, 2021. Answering the third sentence of Paragraph 62, Defendants state that they are without sufficient knowledge or information to admit or deny these allegations. Defendants admit that at the time of the October 7, 2020 merger agreement announcement, the Momentus management team included Mikhail Kokorich, Defendant Harms, then serving as Momentus's Chief Revenue Officer, and Defendant Kennedy, then serving as Momentus's President.

63. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020 announcing their merger agreement, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

64. Defendants admit the allegations in Paragraph 64 of the Amended Complaint, except to the extent this sentence states legal arguments, conclusions, or characterizations, to which no response is required.

65. To the extent that the allegations in Paragraph 65 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent that Plaintiff purports in Paragraph 65 to characterize or summarize sections of SEC documents, Defendants admit that SRAC's November 2, 2020 SEC filing stated, "We have not yet delivered customer satellites into orbit using any of our transfer and service vehicles, and any setbacks we may experience during our initial mission planned for December 2020 and other demonstration and commercial missions could have a material adverse effect on our business, financial condition and results of operation and could harm our reputation." Defendants otherwise respond that SRAC's SEC filings speak for themselves, deny that they support Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and completely characterize these filings. Defendants otherwise deny the allegations of Paragraph 65 of the Amended Complaint.

66. Defendants admit that Momentus recorded net losses of $6.2 million for 2018, $15.8 million for 2019, and $15.4 million for the six months ended June 30, 2020. To the extent that the allegations in Paragraph 66 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegation in the first sentence of Paragraph 67 of the Amended Complaint. Defendants admit the allegations in the second sentence of Paragraph 67 of the Amended Complaint, except to the extent this sentence states legal characterizations, to which no response is required.

68. Defendants admit that in May 2020, Momentus received a loan under the federal Paycheck Protection Program for $970,000, which it repaid in full in September 2020. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 of the Amended Complaint.

69. Defendants admit that, as of June 30, 2020 Momentus' total liabilities were greater than its total assets. Defendants admit that as of June 30, 2020, Momentus had $10.7 million in cash on hand. To the extent that the allegations in Paragraph 66 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 69 of the Amended Complaint.

70. To the extent that the allegations in Paragraph 70 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations in the first sentence of Paragraph 71 of the Amended Complaint. The remaining allegations in Paragraph 71 are not directed at Defendants and therefore no response is necessary. To the extent a response is necessary, Defendants admit that Momentus did not announce a merger agreement

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

until October 7, 2020. Defendants otherwise deny the allegations in Paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73.    The allegations in Paragraph 73 of the Amended Complaint are not directed at Defendants and therefore no response is necessary. To the extent a response is necessary, Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

74.    The allegations in Paragraph 74 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 74 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent a response is necessary, Defendants admit that Momentus was founded by cofounders Mikhail Kokorich and Lev Khasis. To the extent that Paragraph 74 purports to reference or quote a 2018 U.S. Department of Treasury Report, Defendants state that this report speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

75.    The allegations in Paragraph 75 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 75 consist of legal arguments, characterizations, and conclusions, no response is required. To the extent a response is necessary, Defendants admit that Momentus was founded in 2017 by cofounders Mikhail Kokorich and Lev Khasis. To the extent that Paragraph 75 purports to reference or quote a 2014 report from the Federal Bureau of Investigation ("FBI"), Defendants state that this report speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with that document. Defendants state that they are

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

without sufficient knowledge or information to admit or deny the remaining allegations.

76. Defendants deny the allegations in Paragraph 76 of the Amended Complaint. To the extent that Paragraph 76 purports to reference or quote various documents and exhibits filed in the referenced SEC litigation, Defendants state that these filings speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these filings.

77. To the extent that Paragraph 77 purports to reference or quote an Export License Rejection Notice from the U.S. Department of Commerce, Bureau of Industry and Security ("BIS"), Defendants state that this notice speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this notice.

78. To the extent that Paragraph 78 purports to reference or quote a June 24, 2018 letter sent by Kokorich's attorney to the U.S. Department of Treasury and Committee on Foreign Investment in the United States ("CFIUS"), Defendants state that this letter speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this letter.

79. To the extent that Paragraph 79 purports to reference or quote a November 12, 2020 notification from the Office of National Security and Technology Transfer Controls, Defendants state that this notification speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this notification.

80. To the extent that Paragraph 80 purports to reference or quote a January 13, 2021 letter from the U.S. Department of Defense, Office of Foreign Investment Review to the SEC, Defendants state that this letter speaks for itself, deny that it

supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this letter.

81. To the extent that Paragraph 81 purports to reference or quote a January 13, 2021 letter from the U.S. Department of Defense, Office of Foreign Investment Review to the SEC, Defendants state that this letter speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this letter.

82. To the extent that Paragraph 82 purports to reference or quote a January 13, 2021 letter from the U.S. Department of Defense, Office of Foreign Investment Review to the SEC, Defendants state that this letter speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this letter.

83. Defendants deny the allegations in the first sentence of Paragraph 83 of the Amended Complaint. To the extent that the remaining allegations in Paragraph 83 purport to reference or quote SRAC's or Momentus' SEC filings, Defendants state that these filings speaks for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these filings.

84. Defendants deny the allegations in the first sentence of Paragraph 84 of the Amended Complaint. To the extent that the remaining allegations in Paragraph 84 purport to reference or quote the SEC's Order and Complaint in the matter of *Securities and Exchange Commission v. Mikhail Kokorich*, Case No. 1:21-cv-1869 (D.D.C. July 13, 2021) (Dkt. Nos. 94-1, 94-2), Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these documents.

85. Defendants deny the allegations in the first sentence of Paragraph 85 of the Amended Complaint. To the extent that the remaining allegations in Paragraph 85

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

purport to reference or quote the SEC's Order and Complaint in the matter of *Securities and Exchange Commission v. Mikhail Kokorich*, Case No. 1:21-cv-1869 (D.D.C. July 13, 2021) (Dkt. Nos. 94-1, 94-2), Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these documents.

86.    To the extent that the allegations in Paragraph 86 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 86 of the Amended Complaint.

87.    To the extent that the allegations in Paragraph 87 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 87 of the Amended Complaint.

88.    To the extent that the allegations in Paragraph 88 consist of legal arguments, characterizations or conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Amended Complaint..

89.    Defendants deny the allegations in Paragraph 89 of the Amended Complaint. To the extent that Paragraph 89 purports to reference or quote SRAC's June 29, 2021 Amended Registration Statement filed with the SEC, Defendants state that this filing speaks for itself, deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

90.    Defendants deny the allegations in Paragraph 90 of the Amended Complaint. To the extent that Paragraph 90 purports to reference or quote Momentus' July 29, 2021 Press Release, Defendants state that this press release speaks for itself,

20
DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this press release.

91.    Defendants deny the allegations in the Paragraph 91 of the Amended Complaint. To the extent that Paragraph 91 purports to reference or quote an internal email chain among Momentus employees (Dkt. No. 94-5), Defendants state that these emails speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these emails.

92.    Defendants deny the allegations in Paragraph 92 of the Amended Complaint. To the extent that Paragraph 92 purports to reference or quote SRAC's June 29, 2021 Amended Registration Statement filed with the SEC, Defendants state that this filing speaks for itself, deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

93.    Defendants deny the allegations in Paragraph 93 of the Amended Complaint. To the extent that Paragraph 93 purports to reference or quote SRAC's June 29, 2021 Amended Registration Statement filed with the SEC, Defendants state that this filing speaks for itself, deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

94.    Defendants deny the allegations in Paragraph 94 of the Amended Complaint. To the extent that Paragraph 94 purports to reference or quote SRAC's June 29, 2021 Amended Registration Statement filed with the SEC, Defendants state that this filing speaks for itself, deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

95.    Defendants deny the allegations in Paragraph 95 of the Amended Complaint. To the extent that Paragraph 95 purports to reference or quote SRAC's

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

June 29, 2021 Amended Registration Statement filed with the SEC, Defendants state that this filing speaks for itself, deny that it support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

96. Defendants deny the allegations in Paragraph 96 of the Amended Complaint. To the extent that the allegations in Paragraph 96 purport to reference or quote the SEC's Order and Complaint in the matter of *Securities and Exchange Commission v. Mikhail Kokorich*, Case No. 1:21-cv-1869 (D.D.C. July 13, 2021) (Dkt. Nos. 94-1, 94-2), Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these documents.

97. The allegations in Paragraph 97 are not directed at Defendants and therefore no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 97 of the Amended Complaint. To the extent that Paragraph 97 purports to reference or quote the SEC's Order and Complaint in the matter of *Securities and Exchange Commission v. Mikhail Kokorich*, Case No. 1:21-cv-1869 (D.D.C. July 13, 2021) (Dkt. Nos. 94-1, 94-2), Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with these documents.

98. To the extent that the allegations in Paragraph 98 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 98 of the Amended Complaint.

99. To the extent the allegations in Paragraph 99 consist of legal conclusions, characterizations, and conclusions, no response is required. To the extent that Paragraph 99 purports to reference or quote the deal announcement of October 7, 2020, Defendants state that the announcement speaks for itself, deny that it supports

Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with it.

100. To the extent that the allegations in Paragraph 100 consist of legal arguments, characterizations or conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph 100 of the Amended Complaint.

101. The allegations in Paragraph 101 consist of legal conclusions, characterizations, and conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 101.

102. The allegations in Paragraph 102 consist of legal conclusions, characterizations, and conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 102.

103. The allegations in Paragraph 103 consist of legal conclusions, characterizations, and conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 103.

104. The allegations in Paragraph 104 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 104 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

105. The allegations in Paragraph 105 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 105 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

106.   The allegations in Paragraph 106 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 106 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

107.   The allegations in Paragraph 107 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 107 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

108.   The allegations in Paragraph 108 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 108 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

109.   The allegations in Paragraph 109 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 109 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

110.   The allegations in Paragraph 110 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 110 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

111.   The allegations in Paragraph 111 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 111 consist of legal arguments, characterizations, and conclusions, no response is required.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

112. The allegations in Paragraph 112 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 112 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

113. The allegations in Paragraph 113 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 113 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

114. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020 announcing their merger agreement, pursuant to which the two companies would merge, SRAC stockholders would gain a proportionate interest in Momentus, Momentus would gain access to the $172.5 million in SRAC's trust account (plus additional funds from a concurrent private placement), and Momentus would become a publicly traded company, subject to the approval of shareholders. Defendants otherwise state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants deny the remaining allegations in Paragraph 114 of the Amended Complaint.

115. The allegations in Paragraph 115 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an announcement script, state that this script speaks for itself, deny that it supports

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiff's claims, and deny Plaintiff's allegations concerning the script to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

116. To the extent that the allegations in Paragraph 116 consist of legal conclusions, no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

117. The allegations in Paragraph 117 are not directed at Defendants and therefore no response is necessary. To the extent that Paragraph 117 purports to reference or quote the October 7, 2020 press release or Form 8-K filing, Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations concerning the documents to the extent the allegations misquote, mischaracterize, or are inconsistent with them. Defendants otherwise deny the allegations in Paragraph 117.

118. To the extent that Paragraph 118 purports to reference or quote the October 7, 2020 press release, Defendants state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  Defendants otherwise deny the allegations in Paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120. The allegations in Paragraph 120 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 120 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations.

121. To the extent that the allegations in Paragraph 121 consist of legal conclusions, no response is required.  To the extent a response is required from

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants, Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020 announcing their merger agreement and that the SEC announced the SEC Order and filing of the SEC Complaint on July 13, 2021, state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations concerning the documents to the extent the allegations misquote, mischaracterize, or are inconsistent with them. Defendants deny the remaining allegations in Paragraph 122 of the Amended Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124. The allegations in Paragraph 124 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the document to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

125. The allegations in Paragraph 125 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form S-4 with the SEC on November 2, 2020, state that this filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the document to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

126. The allegations in Paragraph 126 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC amended the Registration Statement on December 14, 2020, March 8, 2021, June 29, 2021, and July 12, 2021, state that the documents speak for themselves, deny that they supports Plaintiff's claims, and deny Plaintiff's allegations

27

concerning the documents to the extent the allegations misquote, mischaracterize, or are inconsistent with them.

127. Defendants deny the allegations in Paragraph 127 of the Amended Complaint. To the extent that Plaintiff purports in Paragraph 127 to characterize or summarize SEC filings (or attachments thereto), Defendants respond that such documents speak for themselves, deny that they support Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and completely characterize the documents.

128. To the extent that the allegations in Paragraph 128 consist of legal arguments, characterizations, and conclusions, no response is necessary. To the extent a response is required, Defendants admit that Momentus issued press releases during the Class Period, state that these press releases speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations concerning the statements therein to the extent the allegations misquote, mischaracterize, or are inconsistent with them.

129. The first sentence of Paragraph 129 contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact contained in the first sentence of Paragraph 129, Defendants deny those allegations. Answering the second sentence of Paragraph 129 of the Amended Complaint, Defendants admit that Defendant Kennedy gave an interview to IPO Edge on January 4, 2021, state that SRAC filed a transcript of this interview with the SEC on the same day, state that this transcript speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the interview to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Answering the third sentence of Paragraph 129 of the Amended Complaint, Defendants admit that Defendants Kabot and Harms gave an interview to IPO Edge on May 4, 2021, state that SRAC filed a transcript of this interview with the SEC on May 5, 2021, state that this transcript speaks for itself, deny that it supports Plaintiff's

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

claims, and deny Plaintiff's allegations concerning the interview to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

130. Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

131. Defendants deny the allegations in first and second sentence of Paragraph 131 of the Amended Complaint. Answering the third sentence of Paragraph 131 of the Amended Complaint, Defendants admit that the SEC announced the Cease and Desist Order and filing a civil enforcement action against Defendant Kokorich on July 13, 2021. To the extent that the allegations in Paragraph 131 purport to reference or quote the SEC's Order and Complaint in the matter of *Securities and Exchange Commission v. Mikhail Kokorich*, Case No. 1:21-cv-1869 (D.D.C. July 13, 2021) (Dkt. Nos. 94-1, 94-2), Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with them. Defendants otherwise deny the allegations in Paragraph 131 of the Amended Complaint.

132. Defendants state that the first sentence of Paragraph 132 consists of Plaintiff's legal arguments, characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required. Defendants admit that, on February 10, 2021, SRAC's stock price reached an intra-day high that exceeded $29, and admit that SRAC's stock closed at $10.38 on July 15, 2021. Defendants otherwise deny the allegations in Paragraph 132 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

133. Defendants admit that Momentus issued a press release on January 4, 2021 titled "Momentus Announces Move of Vigoride from January 2021 Mission; Will be Remanifesting to a Subsequent Launch," state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations

concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

134. To the extent that Paragraph 134 purports to reference or quote the January 4, 2021 press release, Defendants state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

135. To the extent the first sentence of Paragraph 135 of the Amended Complaint purports to reference or summarize press releases issued by Momentus or SRAC, Defendants state that these press releases speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations concerning the statements therein to the extent the allegations misquote, mischaracterize, or are inconsistent with them. To the extent that the second sentence of Paragraph 135 of the Amended Complaint purports to reference or quote the January 4, 2021 press release, Defendants state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants otherwise deny the allegations in Paragraph 135.

136. Defendants admit that SRAC's stock closed at $16.25 on January 5, 2021, and admit that SRAC's stock closed at $15.40 on January 6, 2021. Defendants otherwise deny the allegations in Paragraph 136 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

137. Defendants admit that Momentus issued a press release on January 25, 2021 titled "Momentus Names Dawn Harms Interim CEO," state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

138. To the extent that Paragraph 138 purports to reference or quote the January 25, 2021 press release, Defendants state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

139. Defendants deny the allegations in the first sentence of Paragraph 139 of the Amended Complaint.  The third sentence of Paragraph 139 contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact contained in the third sentence of Paragraph 139, Defendants deny those allegations.  To the extent that Paragraph 139 purports to reference or quote the January 25, 2021 press release, Defendants state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the press release to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

140. Defendants admit that SRAC's stock closed at $23.68 on January 25, 2021, admit that SRAC's stock closed at $22.75 on January 26, 2021, and admit that SRAC's stock closed at $20.10 on January 27, 2021.  Defendants otherwise deny the allegations in Paragraph 140 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

141. Defendants admit that SRAC filed an amended Registration Statement on Form S-4/A with the SEC on March 8, 2021 at 10:26AM, state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with this filing.

142. Defendants deny the allegations in the first sentence of Paragraph 142 of the Amended Complaint.  To the extent that Paragraph 142 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's

allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

143. Defendants deny the allegations in Paragraph 143 of the Amended Complaint. To the extent that Paragraph 143 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

144. Defendants deny the allegations in Paragraph 144 of the Amended Complaint. To the extent that Paragraph 144 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

145. Defendants deny the allegations in Paragraph 145 of the Amended Complaint. To the extent that Paragraph 145 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

146. Defendants deny the allegations in Paragraph 146 of the Amended Complaint. To the extent that Paragraph 146 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.,

147. Defendants deny the allegations in the first sentence of Paragraph 147 of the Amended Complaint. To the extent that Paragraph 147 purports to reference or

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants deny the allegations in the second sentence of Paragraph 147 of the Amended Complaint.

148. Defendants deny the allegations in Paragraph 148 of the Amended Complaint. To the extent that Paragraph 148 purports to reference or quote SRAC's March 8, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

149. Defendants admit that SRAC's stock closed at $12.50 on March 8, 2021 and that the closing price of SRAC's stock on March 5, 2021 was $13.59. Defendants otherwise deny the allegations in Paragraph 149 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

150. Defendants admit that Defendants Kabot and Harms gave an interview and presented slides in a discussion hosted by IPO Edge on May 4, 2021. Defendants state that SRAC filed a transcript of this interview and presentation with the SEC on May 5, 2021, state that this filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the interview or presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with it. Defendants otherwise deny the allegations in Paragraph 150 of the Amended Complaint.

151. To the extent that Plaintiff purports in Paragraph 151 to characterize or summarize the investor presentations included in SRAC's or Momentus' SEC filings, Defendants respond that such documents speak for themselves, deny that they support Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and

completely characterize these documents. Defendants otherwise deny the allegations in Paragraph 151 of the Amended Complaint.

152. Defendants admit that SRAC's stock closed at $11.08 on May 4, 2021, and that the closing price of SRAC's stock on May 3, 2021 was $11.88. Defendants otherwise deny the allegations in Paragraph 152 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

153. Defendants admit that SRAC filed a Form 8-K with the SEC on May 24, 2021 at 9:44 AM, state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

154. To the extent that Paragraph 154 purports to reference or quote SRAC's May 24, 2021 Form 8-K filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

155. To the extent Paragraph 155 contains legal arguments, characterizations, and conclusion, no response is necessary. Defendants otherwise deny the allegations in Paragraph 155 of the Amended Complaint.

156. Defendants deny the allegations in Paragraph 156 of the Amended Complaint. To the extent that Paragraph 156 purports to reference or quote SRAC's May 24, 2021 Form 8-K filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

157. Defendants admit that SRAC's stock closed at $10.42 on May 24, 2021, and admit that SRAC's stock closed at $10.17 on May 25, 2021. Defendants otherwise deny the allegations in Paragraph 157 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

158. Defendants admit that SRAC filed a Form S-4/A with the SEC on June 29, 2021, state that the filing speaks for itself, deny that it supports Plaintiff's claims,

and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

159.   Defendants deny the allegations in Paragraph 159 of the Amended Complaint.  To the extent that Paragraph 159 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

160.   Defendants deny the allegations in Paragraph 160 of the Amended Complaint.  To the extent that Paragraph 160 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

161.   Defendants deny the allegations in Paragraph 161 of the Amended Complaint.  To the extent that Paragraph 161 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

162.   To the extent that Paragraph 162 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it. To the extent that Paragraph 162 purports to reference or quote or certain Repurchase Agreements, Defendants state that the Repurchase Agreements speak for themselves, deny that they supports Plaintiff's claims, and deny Plaintiff's allegations concerning the Repurchase Agreements to the extent the allegations misquote, mischaracterize, or are inconsistent with the terms of the Repurchase Agreements.

163.   Defendants deny the allegations in Paragraph 163 of the Amended Complaint.  To the extent that Paragraph 163 purports to reference or quote SRAC's

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

164. Defendants deny the allegations in Paragraph 164 of the Amended Complaint. To the extent that Paragraph 164 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

165. Defendants deny the allegations in Paragraph 165 of the Amended Complaint. To the extent that Paragraph 165 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

166. Defendants deny the allegations in Paragraph 166 of the Amended Complaint. To the extent that Paragraph 166 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

167. Defendants deny the allegations in Paragraph 167 of the Amended Complaint. To the extent that Paragraph 167 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

168. Defendants deny the allegations in Paragraph 168 of the Amended Complaint. To the extent that Paragraph 168 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

169. Defendants deny the allegations in Paragraph 169 of the Amended Complaint. To the extent that Paragraph 169 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

170. Defendants deny the allegations in Paragraph 170 of the Amended Complaint. To the extent that Paragraph 170 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

171. Defendants deny the allegations in Paragraph 171 of the Amended Complaint. To the extent that Paragraph 171 purports to reference or quote SRAC's June 29, 2021 Form S-4/A filing, Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the filing to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

172. Answering the first sentence of Paragraph 172 of the Amended Complaint, Defendants admit that SRAC's stock closed at $13.97 on June 30, 2021, and that on June 29, 2021, SRAC's stock closed at $13.34. Defendants are without sufficient knowledge or information to admit or deny what Defendants allegedly released in undescribed "news" and on that basis deny the allegations in the second sentence of Paragraph 172. Defendants otherwise deny the allegations in Paragraph 172 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

173. The allegations in Paragraph 173 are not directed at Defendants and therefore no response is necessary. To the extent that the allegations in Paragraph 173 consist of legal arguments, characterizations, and conclusions, no response is required. Defendants deny the allegations in the third sentence of Paragraph 173 of the Amended Complaint.

174. Defendants admit that the SEC published the referenced SEC Order, SEC Complaint, and related press release on July 13, 2021, state that these documents speak for themselves, deny that they supports Plaintiff's claims, and deny Plaintiff's allegations concerning the documents to the extent the allegations misquote, mischaracterize, or are inconsistent with them.

175. To the extent the allegations in Paragraph 175 consist of legal conclusions, no response from Defendants is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 175 of the Amended Complaint..

176. To the extent that the allegations in Paragraph 176 purport to reference or quote the SEC's July 13, 2021 Order, Complaint, or related press release, Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with them. Defendants otherwise deny the allegations in Paragraph 176 of the Amended Complaint.

177. To the extent that the allegations in the first sentence of Paragraph 177 purport to reference or quote the SEC's July 13, 2021 Order, Complaint, or related press release, Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with them. Defendants deny the allegations in the second sentence of Paragraph 177 of the Amended Complaint.

178. To the extent that the allegations in Paragraph 178 purport to reference or quote the SEC's July 13, 2021 Order, Complaint, or related press release, Defendants state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with them.

179. Defendants admit that SRAC's stock closed at $10.66 on July 14, 2021, and admit that SRAC's stock closed at $10.38 on July 15, 2021. Defendants otherwise

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

deny the allegations in Paragraph 179 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

180. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 180 regarding unnamed sources of alleged "pre-Class Period public statements," and on that basis deny those allegations.

181. The allegations in Paragraph 181 are not directed at Defendants, but rather a non-party, and therefore no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 181. To the extent that the allegations in Paragraph 181 purport to reference or quote Astro Digital's "Form 442, Technical Question 6 Response," Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

182. The allegations in Paragraph 182 are not directed at Defendants, but rather a non-party, and therefore no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 182. To the extent that the allegations in Paragraph 181 purport to reference or quote Astro Digital's "Form 442, Technical Question 6 Response," Defendants state that the filing speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations to the extent they misquote, mischaracterize, or are inconsistent with this filing.

183. To the extent that Plaintiff purports in Paragraph 183 to characterize, reference, or quote Momentus' January 14, 2019 blog post, Defendants respond that this post speaks for itself, deny that it supports Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and completely characterize this document. Defendants otherwise deny the allegations in Paragraph 183 of the Amended Complaint.

184. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Defendant Kokorich allegedly told Space News, and on that basis deny the allegations in Paragraph 184. To the extent that the

allegations in Paragraph 184 purport to reference or quote Space News' September 15, 2019 article entitled "Momentus reports success in testing water plasma propulsion," Defendants state that this article speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

185.   Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Defendant Kokorich allegedly told Space News and on that basis deny the allegations in Paragraph 185.  To the extent that the allegations in Paragraph 185 purport to reference or quote Space News' September 15, 2019 article titled "Momentus reports success in testing water plasma propulsion," Defendants state that this article speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

186. To the extent the allegations in Paragraph 186 consist of legal conclusions, no response from Defendants is required.  To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 186 of the Amended Complaint.

187.   Defendants admit that a proposed merger between SRAC and Momentus was announced on October 7, 2020. Defendants further admit that the merger was announced in a joint press release from SRAC and Momentus, an investor presentation, a conference call with Defendants Kabot and Kokorich, and a televised interview with Defendant Kabot, all of which SRAC filed publicly with the SEC as exhibits to Form 8-K that was signed by Defendant Kabot. Defendants admit that Plaintiff purports to bring this action as a class action and that Plaintiff defines the putative class as stated in Paragraph 187 of the Amended Complaint. Defendants deny that this action has any merit and deny that a class may be certified properly in this action.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

188. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020 announcing their merger agreement, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

189. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

190. The allegations in Paragraph 190 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required, Defendants state that they are without sufficient knowledge or information to admit or deny the allegations.

191. The allegations in Paragraph 191 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an announcement script, state that this script speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the script to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

192. The allegations in Paragraph 192 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required, Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

193. The allegations in Paragraph 193 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required,

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

194. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

195. The allegations in Paragraph 195 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an announcement script, state that this script speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the script to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

196. To the extent that the allegations in Paragraph 196 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 196 of the Amended Complaint.

197. To the extent that the allegations in Paragraph 197 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 197 of the Amended Complaint.

198. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

199. The allegations in Paragraph 199 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required, Defendants deny that the allegations in Paragraph 199 contain a fair and complete description of the interview and respectfully refer the Court to the interview transcript for its contents.

200. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

201. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

202. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

203. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

204. The allegations in Paragraph 204 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an announcement script, state that this script speaks for itself, deny that it supports

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiff's claims, and deny Plaintiff's allegations concerning the script to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

205. To the extent that the allegations in Paragraph 205 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 205 of the Amended Complaint.

206. To the extent that the allegations in Paragraph 206 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

207. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

208. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

209. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

210. The allegations in Paragraph 210 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required, Defendants deny that the allegations in Paragraph 210 contain a fair and complete

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

description of the interview and respectfully refer the Court to the interview transcript for its contents.

211. Defendants admit that Momentus and SRAC issued a press release on October 7, 2020, state that this press release speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the statement to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

212. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

213. Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an investor presentation, state that this presentation speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the presentation to the extent the allegations misquote, mischaracterize, or are inconsistent with the presentation.

214. The allegations in Paragraph 214 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed a Form 8-K with the SEC on October 7, 2020 which included an announcement script, state that this script speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the script to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

215. To the extent that the allegations in Paragraph 215 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 215 of the Amended Complaint.

216. To the extent that the allegations in Paragraph 216 consist of legal conclusions, no response is required. To the extent a response is required from

Defendants, Defendants deny the allegations in Paragraph 216 of the Amended Complaint.

217. The allegations in Paragraph 217 are not directed at Defendants and therefore no response is necessary. To the extent that a response is required, Defendants state that they are without sufficient knowledge or information to admit or deny the allegations.

218. To the extent that the allegations in Paragraph 218 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 218 of the Amended Complaint.

219. Defendants admit that SRAC filed a Form 8-K with the SEC on October 13, 2020 which included an investor presentation, state that this document speaks for itself, deny that it supports Plaintiff's claims, and deny Plaintiff's allegations concerning the Form 8-K to the extent the allegations misquote, mischaracterize, or are inconsistent with it.

220. To the extent that the allegations in Paragraph 220 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 220 of the Amended Complaint.

221. Answering the first sentence of Paragraph 221, Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020. To the extent that Plaintiff purport to summarize the contents of this SEC filing, Defendants state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 221 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

222. The allegations in Paragraph 222 are not directed at Defendants and therefore no response is necessary. To the extent that Paragraph 222 purports to reference or quote SRAC's November 2, 2020 Form S-4 registration statement,

46
DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 222 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

223. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 223 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

224. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 224 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

225. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 225 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

226. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 226 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

227. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 227 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

228. To the extent that the allegations in Paragraph 228 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 228 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

229. To the extent that the allegations in Paragraph 229 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 229 of the Amended Complaint.

230. To the extent that the allegations in Paragraph 230 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 230 of the Amended Complaint.

231. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 231 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

232. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 232 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

233. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 233 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

234. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 234 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

235. To the extent that the allegations in Paragraph 235 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 235 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

236. To the extent that the allegations in Paragraph 236 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 236 of the Amended Complaint.

237. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 237 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

238. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 238 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

239. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 239 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

240. Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 240 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

241. To the extent that the allegations in Paragraph 241 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 241 of the Amended Complaint.

242. To the extent that the allegations in Paragraph 242 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 242 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

243.   Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 243 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

244.   Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 244 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

245.   Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 245 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

246.   Defendants admit that SRAC filed a Form S-4 registration statement with the SEC on November 2, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 246 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

247. To the extent that the allegations in Paragraph 247 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 247 of the Amended Complaint.

248. Defendants admit that SRAC filed a Form 8-K with the SEC on November 17, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 248 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

249.   Defendants deny the allegations in Paragraph 249, except to the extent Paragraph 249 states legal conclusions, to which no response is required.

250.   Defendants admit that SRAC filed a Form 8-K with the SEC on December 14, 2020, state that this document speaks for itself, deny that it support Plaintiff's

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

claims, and deny the allegations in Paragraph 250 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

251. To the extent that the allegations in Paragraph 251 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 251 of the Amended Complaint.

252. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on December 14, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 252 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

253. To the extent that the allegations in Paragraph 253 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 253 of the Amended Complaint.

254. Defendants deny that the December 14, 2020 amended registration statement contained any misleading statements. Further answering Paragraph 254, Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on December 14, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 254 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

255. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on December 14, 2020, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 255 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

256. To the extent that the allegations in Paragraph 256 consist of legal conclusions, no response is required. To the extent a response is required from

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants, Defendants deny the allegations in Paragraph 256 of the Amended Complaint.

257. To the extent that the allegations in Paragraph 257 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 257 of the Amended Complaint.

258. Answering the first sentence of Paragraph 258, Defendants admit that Momentus issued a press release on January 4, 2021, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 258 to the extent that they misquote, mischaracterize, or are inconsistent with this document. Answering the second sentence of Paragraph 258, Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 258 to the extent that they misquote, mischaracterize, or are inconsistent with this document. Answering the third sentence of Paragraph 258, Defendants admit that SRAC filed with the SEC a transcript of a January 5, 2021 interview between Kokorich and Forbes, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 258 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

259. Defendants admit that Momentus issued a press release on January 4, 2021, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 259 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

260. Defendants admit that Momentus issued a press release on January 4, 2021, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 260 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

261. Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 261 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

262. Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 262 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

263. Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 263 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

264. Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 264 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

265. The allegations in Paragraph 265 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed with the SEC a transcript of a January 5, 2021 interview between Kokorich and Forbes, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 265 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

266. To the extent that the allegations in Paragraph 266 consist of legal conclusions, no response is required. To the extent a response is required from

Defendants, Defendants deny the allegations in Paragraph 266 of the Amended Complaint.

267. To the extent that the allegations in Paragraph 267 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 267 of the Amended Complaint.

268. Defendants admit that Momentus issued a press release on January 4, 2021, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 268 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

269. Defendants admit that Momentus issued a press release on January 4, 2021, state that this document speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 269 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

270. Defendants admit that SRAC filed with the SEC a transcript of a January 4, 2021 interview between Kennedy and IPO Edge, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 270 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

271. The allegations in Paragraph 271 are not directed at Defendants and therefore no response is necessary. To the extent a response is required, Defendants admit that SRAC filed with the SEC a transcript of a January 5, 2021 interview between Kokorich and Forbes, state that this transcript speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 271 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

272. To the extent that the allegations in Paragraph 272 consist of legal conclusions, no response is required. To the extent a response is required from

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants, Defendants deny the allegations in Paragraph 272 of the Amended Complaint.

273. To the extent that the allegations in Paragraph 273 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 273 of the Amended Complaint.

274. Defendants admit that Momentus issued a press release on January 25, 2021 which SRAC filed with the SEC, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 274 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

275. Defendants admit that Momentus issued a press release on January 25, 2021 which SRAC filed with the SEC, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 275 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

276. Defendants admit that Momentus issued a press release on January 25, 2021 which SRAC filed with the SEC, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 276 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

277. To the extent that the allegations in Paragraph 277 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 277 of the Amended Complaint.

278. To the extent that the allegations in Paragraph 278 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 278 of the Amended Complaint.

279. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on March 8, 2021, state that this press release speaks for

itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 279 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

280. To the extent that the allegations in Paragraph 280 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations in Paragraph 280 of the Amended Complaint.

281. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on March 8, 2021, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 281 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

282. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on March 8, 2021, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 282 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

283. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on March 8, 2021, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 283 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

284. Defendants admit that SRAC filed an amended registration statement Form S-4/A with the SEC on March 8, 2021, state that this press release speaks for itself, deny that it support Plaintiff's claims, and deny the allegations in Paragraph 284 to the extent that they misquote, mischaracterize, or are inconsistent with this document.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

285. To the extent that the allegations in Paragraph 285 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of the United States government or any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 285 of the Amended Complaint.

286. To the extent that the allegations in Paragraph 286 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of any other defendants.  To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 286 of the Amended Complaint.

287.  Defendants admit that SRAC filed a report on Form 8-K and a SEC PRE Form 14A on April 7, 2021, state that these documents speak for themselves, deny that they support Plaintiff's claims, and deny the allegations in Paragraph 287 to the extent that they misquote, mischaracterize, or are inconsistent with these documents.

288. To the extent that the allegations in Paragraph 288 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 288 of the Amended Complaint.

289.  To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 289 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing. The Defendants otherwise deny the allegations in Paragraph 289 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

290. To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 290 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing. The Defendants otherwise deny the allegations in Paragraph 290 of the Amended Complaint.

291. To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 291 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing. The Defendants otherwise deny the allegations in Paragraph 291 of the Amended Complaint.

292. To the extent that the allegations in Paragraph 292 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of the United States government or any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 292 of the Amended Complaint.

293. To the extent that the allegations in Paragraph 293 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 293 of the Amended Complaint.

294. To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 294 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing.  The Defendants otherwise deny the allegations in Paragraph 294 of the Amended Complaint.

295.   To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 295 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing.  The Defendants otherwise deny the allegations in Paragraph 295 of the Amended Complaint.

296.   To the extent that Plaintiff purports to summarize the contents of SRAC's preliminary proxy statement filed with the SEC on April 7, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 296 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing.  The Defendants otherwise deny the allegations in Paragraph 296 of the Amended Complaint.

297. To the extent that the allegations in Paragraph 297 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of the United States government or any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 297 of the Amended Complaint.

298. To the extent that the allegations in Paragraph 298 consist of legal conclusions, no response is required.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

actions or potential actions of any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 298 of the Amended Complaint.

299. Defendants admit the allegations contained in Paragraph 299 of the Amended Complaint.

300. To the extent that the allegations in Paragraph 300 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 300 of the Amended Complaint.

301. To the extent that Plaintiff purports to summarize the contents of SRAC's Form 425 filed with the SEC on May 5, 2021, Defendants refer to the cited document for a true and complete statement of its contents, state that the document speaks for itself, deny that it supports Plaintiff's claims, and deny the allegations in Paragraph 301 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing. The Defendants otherwise deny the allegations in Paragraph 301 of the Amended Complaint.

302. To the extent that the allegations in Paragraph 302 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 302 of the Amended Complaint.

303. To the extent that the allegations in Paragraph 303 consist of legal conclusions, no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to the actions or potential actions of any other defendants. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 303 of the Amended Complaint.

304. Defendants admit that SRAC filed a Form S-4/A with the SEC on June 29, 2021 and refer to the cited document for a true and complete statement of its

contents, state that the document speaks for itself, and otherwise deny the allegations contained in Paragraph 304 of the Amended Complaint.

305. To the extent that the allegations in Paragraph 305 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 305 of the Amended Complaint.

306. To the extent that the allegations in Paragraph 306 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 306 of the Amended Complaint.

307. To the extent that the allegations in Paragraph 307 consist of legal conclusions, no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 307 of the Amended Complaint.

308. The allegations in Paragraph 308 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 308 of the Amended Complaint.

309. The allegations in Paragraph 309 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 309 of the Amended Complaint.

310. The allegations in Paragraph 310 do not relate to Defendants and consist of legal conclusions, therefore no response is required. Sub-paragraphs (a)-(h) of paragraph 310 purport to quote sections of "SRAC's SEC filings," but do not identify any specific filing or page of such filings, to the extent they exist. Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 310(a)-(h) and, in either case, state that the documents

would speak for themselves and no further response would be required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 310 of the Amended Complaint.

311. The allegations in Paragraph 311 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 311 of the Amended Complaint.

312. The allegations in Paragraph 312 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 312 of the Amended Complaint.

313. The allegations in Paragraph 313 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 313 of the Amended Complaint.

314. The allegations in Paragraph 314 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 314 of the Amended Complaint.

315. The allegations in Paragraph 315 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 315 of the Amended Complaint.

316. The allegations in Paragraph 315 do not relate to Defendants and consist of legal conclusions, therefore no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 316 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

317. Defendants admit that Defendant Kokorich was Momentus's CEO, Defendant Harms was Momentus' Chief Revenue Officer and later its interim CEO, and that Defendant Kennedy was Momentus' president. The remaining allegations in Paragraph 317 consist of legal conclusions and therefore no response from Defendants is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in the rest of Paragraph 317.

318. To the extent the allegations in Paragraph 318 consist of legal conclusions, no response from Defendants is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 318 of the Amended Complaint.

319. To the extent the allegations in Paragraph 319 consist of legal conclusions, no response from Defendants is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 319 of the Amended Complaint.

320. To the extent that Plaintiff purports in Paragraph 320 to characterize or summarize sections of SEC documents, Defendants respond that such documents speak for themselves, deny that they support Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and completely characterize the documents. Defendants otherwise deny the allegations of Paragraph 320 of the Amended Complaint.

321. To the extent the allegations in Paragraph 321 consist of legal arguments, characterizations, and conclusions, no response from Defendants is required. To the extent that Plaintiff purports in Paragraph 321 to characterize or summarize sections of SEC documents, Defendants respond that such documents speak for themselves, deny that they support Plaintiff's claims, and deny that Plaintiff's allegations fairly, accurately, and completely characterize the documents. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 321 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

322. Defendants admit that Momentus utilized water plasma propulsion technology. Defendants otherwise deny the allegations of Paragraph 322 of the Amended Complaint.

323. Defendants deny the allegations of Paragraph 323 of the Amended Complaint.

324. Defendants deny the allegations of Paragraph 324 of the Amended Complaint.

325. Defendants admit that SRAC's merger with Momentus was completed on or about August 12, 2021. Defendants otherwise deny the allegations of Paragraph 325 of the Amended Complaint.

326. To the extent the allegations of Paragraph 326 are directed at Defendants, Defendants deny the allegations of Paragraph 326 of the Amended Complaint.

327. Paragraph 327 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 327 of the Amended Complaint.

328. Paragraph 328 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 328 of the Amended Complaint.

329. Paragraph 329 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 329 of the Amended Complaint.

330. Paragraph 330 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 330 of the Amended Complaint.

331. Paragraph 331 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 331 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

332. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). To the extent Plaintiff purports to bring this action pursuant to Section 20(a) of the Exchange Act and Rule 10b-5, such allegations are no longer operative, as the Court dismissed Count Three regarding Section 20(a) of the Exchange Act as to Defendants Harms and Kennedy pursuant to the Court's July 13, 2022 Order (Dkt. No. 154). Defendants deny that Plaintiff's claims have merit and deny that he is entitled to any relief. Defendants otherwise deny the allegations in Paragraph 332, except to the extent Paragraph 332 states legal conclusions, to which no response is required.

333. To the extent Paragraph 333 states legal conclusions, no response is required. To the extent a response is required, Defendants admit that SRAC's shares were traded on the Nasdaq Capital Market during the period Plaintiffs define as the Class Period. The Stable Road Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in paragraph 333.

334. Paragraph 334 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 334 of the Amended Complaint.

335. Paragraph 335 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 335 of the Amended Complaint.

336. Paragraph 336 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 336 of the Amended Complaint.

337. Paragraph 337 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 337 of the Amended Complaint.

338.    Paragraph 338 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 338 of the Amended Complaint.

339.    To the extent Paragraph 339 states legal conclusions, no response is required. To the extent a response is required, Defendants admit that SRAC's shares were listed and traded on the Nasdaq Capital Market, and that SRAC filed public reports with the SEC and/or the Nasdaq Capital Market, including press releases and other public disclosures. Defendants deny the remaining allegations in Paragraph 339 of the Amended Complaint.

340.    Paragraph 340 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 340 of the Amended Complaint.

341.    Paragraph 341 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 341 of the Amended Complaint.

342.    Paragraph 342 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 342 of the Amended Complaint.

343.    Paragraph 343 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 343 of the Amended Complaint.

344.    Paragraph 344 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 344 of the Amended Complaint.

345.    Answering Paragraph 345 of the Amended Complaint, Defendants re-allege and incorporate by reference its responses to Paragraphs 1 through 344, as if they were set forth again herein.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

346. Defendants deny the allegations in Paragraph 346 of the Amended Complaint, except to the extent Paragraph 346 states legal conclusions, to which no response is required.

347. Defendants deny the allegations in Paragraph 347 of the Amended Complaint, except to the extent Paragraph 347 states legal conclusions, to which no response is required.

348. Paragraph 348 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 348 of the Amended Complaint.

349. Paragraph 349 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 349 of the Amended Complaint.

350. Paragraph 350 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 350 of the Amended Complaint.

351. The allegations in Paragraph 351 are not directed at Defendants and no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 351 of the Amended Complaint.

352. To the extent the allegations of Paragraph 352 are directed at Defendants, Defendants deny the allegations of Paragraph 352 of the Amended Complaint.

353. Paragraph 353 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 353 of the Amended Complaint.

354. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 354 regarding the knowledge of any plaintiff. Paragraph 354 also states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 354 of the Amended Complaint.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

355.   Paragraph 355 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 355.

356.   Paragraph 356 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 356.

357.   Answering Paragraph 357 of the Amended Complaint, Defendants re-allege and incorporate by reference its responses to Paragraphs 1 through 356, as if they were set forth again herein.

358.   Defendants state that no response is required to Paragraph 358.  To the extent a response is required, Defendants deny the allegations of Paragraph 358 of the Amended Complaint.

359.   Paragraph 359 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 359 of the Amended Complaint.

360.   Defendants deny the allegations contained in Paragraph 360 of the Amended Complaint.

361.   Defendants deny the allegations contained in Paragraph 361 of the Amended Complaint.

362.   Defendants state that no response is required to Paragraph 362.  To the extent a response is required, Defendants deny the allegations of Paragraph 362 of the Amended Complaint.

363.   Defendants deny the allegations of Paragraph 363 of the Amended Complaint.

364.   Defendants deny the allegations of Paragraph 364 of the Amended Complaint.

365.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 365 regarding the knowledge of any

plaintiff. Paragraph 354 also states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 365 of the Amended Complaint.

366. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 366 regarding the knowledge of any plaintiff. Paragraph 366 also states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 366 of the Amended Complaint.

367. Paragraph 367 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 367 of the Amended Complaint.

368. Paragraph 368 states legal conclusions to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations contained in Paragraph 368 of the Amended Complaint.

369. No response is required to Paragraph 369 because those allegations are no longer operative, as the Court dismissed Count Three regarding Section 20(a) of the Exchange Act as to Defendants Harms and Kennedy pursuant to the Court's July 13, 2022 Order (Dkt. No. 154). To the extent a response is required, Defendants deny the allegations of Paragraph 369 of the Amended Complaint.

370. No response is required to Paragraph 370 because those allegations are no longer operative, as the Court dismissed Count Three regarding Section 20(a) of the Exchange Act as to Defendants Harms and Kennedy pursuant to the Court's July 13, 2022 Order (Dkt. No. 154). To the extent a response is required, Defendants deny the allegations of Paragraph 370 of the Amended Complaint.

371. No response is required to Paragraph 371 because those allegations are no longer operative, as the Court dismissed Count Three regarding Section 20(a) of the Exchange Act as to Defendants Harms and Kennedy pursuant to the Court's July

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

13, 2022 Order (Dkt. No. 154). To the extent a response is required, Defendants deny the allegations of Paragraph 371.

372. No response is required to Paragraph 372 because those allegations are no longer operative, as the Court dismissed Count Three regarding Section 20(a) of the Exchange Act as to Defendants Harms and Kennedy pursuant to the Court's July 13, 2022 Order (Dkt. No. 154). To the extent a response is required, Defendants deny the allegations of Paragraph 372 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny the propriety of each and every request or prayer for relief, including subsections a – d. Defendants request that the Court deny the requested relief. Defendants further request their reasonable costs and expenses incurred in this action, including counsel fees and expert fees.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for jury trial contains no factual allegations and no response is required.

## DEFENSES

Without admitting any wrongful conduct, and without admitting that Plaintiff or the members of the putative class have suffered any loss, damage, or injury, Defendants allege the following affirmative and/or other defenses to the allegations set forth in the Amended Complaint. By designating the following defenses, Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.

Defendants also do not, by alleging any such defenses, admit that Plaintiff does not have the burden of proof as to those defenses, and the statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. These defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants incorporate by reference any additional defenses raised by any other defendants in this action with the same force and effect as if fully set forth herein. Defendants reserve the right to raise any additional defenses not asserted herein of which they may become aware through discovery or other investigation.

## First Defense

## (Failure to State a Claim for Relief)

Plaintiff's claims for relief are barred, in whole or in part, because they fail to state a claim against Defendants upon which relief may be granted.

## Second Defense

## (Particularity)

The Amended Complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Third Defense

## (Pleading Requirements of PSLRA)

The Amended Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5 ("PSLRA").

## Fourth Defense

## (No False Statement)

Defendants are not liable on the claims alleged in the Complaint because no actionable false or misleading statements or omissions were made by or can be attributed to Defendants.

## Fifth Defense

## (Statute of Limitations)

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitation.

/ /

/ /

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## Sixth Defense

### (Statutes of Repose)

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of repose.

## Seventh Defense

### (Doctrine of Laches)

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## Eighth Defense

### (Timing of Purchases)

Plaintiff's claims for relief are barred, in whole or in part, insofar as they are based upon alleged conduct that concluded before, or began after, Plaintiff's securities purchases.

## Ninth Defense

### (Standing)

The Amended Complaint, and each and every cause of action contained therein, is barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Amended Complaint under Article III or other applicable statutes or common law.

## Tenth Defense

### (Estoppel)

Plaintiff's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, estoppel.

## Eleventh Defense

### (Ratification)

Plaintiff's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, ratification.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## Twelfth Defense

### (Failure to Use Due Care)

Plaintiff's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, the failure to use due care.

## Thirteenth Defense

### (Waiver)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the Amended Complaint.

## Fourteenth Defense

### (Contributory Negligence, Comparative Negligence and/or Assumption of Risk)

Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's own negligence under the doctrines of contributory negligence, comparative negligence, and/or assumption of risk. Plaintiff voluntarily assumed the risks disclosed by Defendants and further assumed the risk that the value of SRAC securities would decline.

## Fifteenth Defense

### (Assumption of the Risk)

This action is barred, in whole or in part, because no person or entity may recover from any of the Defendants to the extent such person or entity had actual or constructive knowledge of the facts alleged in the Amended Complaint to have been concealed or misrepresented.

## Sixteenth Defense

### (Absence of Due Diligence)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff failed to exercise appropriate due diligence in connection with their investments.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Seventeenth Defense**

**(No Duty to Disclose)**

Plaintiff's claims for relief are barred, in whole or in part, because Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information.

**Eighteenth Defense**

**(Safe Harbor of PSLRA)**

Plaintiff's claims are barred in whole or in part by the fact that the alleged misstatements and omissions are forward-looking statements that fall within the "Safe Harbor" provisions of the PSLRA.

**Nineteenth Defense**

**(Bespeaks Caution Doctrine and Forward-Looking Statements)**

Plaintiff's claims for relief are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution and/or were forward-looking statements and/or contained sufficient cautionary language and risk disclosure as to be non-actionable under the PSLRA.

**Twentieth Defense**

**(Lack of Materiality)**

The claims alleged in the Amended Complaint are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

**Twenty-First Defense**

**(Opinion Statements)**

To the extent that the claims alleged in the Amended Complaint are based on opinion statements, Plaintiff and members of the putative class are barred in whole or

in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council*, 575 U.S. 175 (2015).

### Twenty-Second Defense

### (No Scienter/Culpable Participation)

Plaintiff's claims for relief are barred in whole or in part because Plaintiff has failed to allege, and cannot prove, any facts showing that Defendants acted with the requisite scienter or culpably participated in the alleged misconduct.

### Twenty-Third Defense

### (No Control Person Liability)

Plaintiff's claims for relief are barred, in whole or in part, because Defendants were not "control persons" under the Securities Exchange Act, because they acted in good faith and did not directly or indirectly induce any act or omission constituting the alleged violations or causes of action, and because none of their subordinates committed any of the alleged violations or causes of actions.

### Twenty-Fourth Defense

### (Good Faith)

Plaintiff's claims for relief are barred, in whole or in part, because at all times mentioned in the Amended Complaint and with respect to all matters contained therein, Defendants acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the Amended Complaint that allegedly give rise to liability. At all relevant times, Defendants acted without intent to defraud and without recklessness or negligence, and did not directly or indirectly induce the acts constituting alleged violations of Section 10(b) and Rule 10b-5.

/ /

/ /

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Twenty-Fifth Defense**

**(Reliance on Management and Professionals)**

Plaintiff's claims for relief are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of SRAC, Defendants exercised reasonable diligence and/or reasonably relied on information and advice provided to it by SRAC's management, independent public accountants, underwriters, lawyers, other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete. Defendants had no reasonable ground to believe and did not believe, at the time any part of a registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make any statement therein not misleading.

**Twenty-Sixth Defense**

**(Public Disclosure)**

Plaintiff's claims for relief are barred, in whole or in part, because Defendants are not liable to Plaintiff for any claims based on alleged misrepresentations or omissions that were publically disclosed or were in the public domain and thus were available to Plaintiff.

**Twenty-Seventh Defense**

**(Actual or Constructive Knowledge)**

Plaintiff's claims for relief are barred, in whole or in part, because Defendants are not liable to Plaintiff for any claims based on alleged misrepresentations or omissions for which Plaintiff and/or their agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

**Twenty-Eighth Defense**

**(No Reasonable Reliance)**

Plaintiff's claims for relief are barred, in whole or in part, because at all relevant times Plaintiff and/or their purported agents did not reasonably rely on any material

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

misrepresentations or omissions, or on the price of SRAC's securities as affected by any alleged misrepresentations or omissions, in purchasing SRAC securities.

### Twenty-Ninth Defense

### (Right to Rebut Presumption of Reliance)

This action is barred, in whole or in part, because the fraud on the market theory is not a basis of liability with respect to one or more of the claims alleged in the Amended Complaint.

### Thirtieth Defense

### (No Causation of Violation)

Plaintiff's claims for relief are barred, in whole or in part, because Defendants did not directly or indirectly cause the alleged violations complained of in the Amended Complaint.

### Thirty-First Defense

### (No Loss Causation)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff cannot show loss causation.

### Thirty-Second Defense

### (No Transaction Causation)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff cannot show transaction causation.

### Thirty-Third Defense

### (No Causation of Damages)

Plaintiff's claims for relief are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiff.

//

//

//

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Thirty-Fourth Defense**

**(Superseding and Intervening Causes)**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff's injuries or damages, to the extent any exist, were caused by independent superseding and intervening events unconnected to Defendants and for which Defendants cannot be held liable or resulted from the acts or omissions of other persons or entities over which Defendants had no control. If Plaintiff suffered from any cognizable losses or damages (which Defendants deny), including but not limited to the decline in price or value of SRAC securities, those losses or damages were not caused by Defendants, did not result from any alleged misstatement, omission, or defect in any communication for which Defendants could be held legally liable, were not the proximate cause of the alleged basis of liability or Plaintiff's alleged injury, were not contemporaneous to the alleged fraud, and were caused by macroeconomic, market and financial industry events, forces and/or independent intervening or superseding causes.

**Thirty-Fifth Defense**

**(Market Price Unaffected)**

Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations or omissions did not affect the market price of SRAC securities.

**Thirty-Sixth Defense**

**(Independent Causation)**

The claims alleged in the Amended Complaint are barred, in whole or in part, because the depreciation in the price of SRAC securities, if any, resulted from factors other than the purportedly false or misleading statements or omissions alleged in the Amended Complaint.

/ /

/ /

/ /

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**<u>Thirty-Seventh Defense</u>**

**(Independent Investment Decision)**

The claims alleged in the Amended Complaint are barred, in whole or in part, because Plaintiff and members of the putative class relied upon their own independent investigations, own decisions, and the advice of professional investment advisors.

**<u>Thirty-Eighth Defense</u>**

**(Conduct of Third Parties)**

Defendants are not liable for the claims alleged in the Amended Complaint because Plaintiff's harms, if any, resulted from the acts or omissions of third parties over whom the Defendants had no control. The acts of such third parties constitute intervening or superseding causes of the losses, if any, suffered by Plaintiff, thereby barring such claims for loss or requiring reduction in the amount of damages to the degree to which they were the result of such intervening or superseding causes.

**<u>Thirty-Ninth Defense</u>**

**(Imputation)**

The claims alleged in the Amended Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Defendants cannot be imputed to Defendants.

**<u>Fortieth Defense</u>**

**(No Economic Loss)**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff suffered no economic loss.

**<u>Forty-First Defense</u>**

**(No Compensatory Damages)**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff suffered no damages.

/ /

/ /

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Forty-Second Defense**

**(Speculative Damages)**

The claims alleged in the Amended Complaint are barred, in whole or in part, because the damages allegedly sustained by Plaintiff and members of the putative class are speculative.

**Forty-Third Defense**

**(Damages Exceed Permitted Amount)**

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

**Forty-Fourth Defense**

**(No Equitable Remedies)**

Any claim for equitable relief, including any claim for injunctive relief, is barred because Plaintiff and members of the putative class have an adequate remedy at law.

**Forty-Fifth Defense**

**(No Costs or Expenses)**

Plaintiff and members of the putative class are not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

**Forty-Sixth Defense**

**(Failure to Mitigate Damages)**

Any damage, loss, or liability sustained by Plaintiff (which Defendants deny) must be reduced, diminished, and/or barred in proportion to Plaintiff's failure to mitigate, reduce, or otherwise avoid any alleged damages.

/ /

/ /

/ /

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Forty-Seventh Defense**

**(Duplicative Recovery)**

Any damage, loss, or liability sustained by Plaintiff (which Defendants deny) must be reduced, diminished and/or barred to the extent Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

**Forty-Eighth Defense**

**(Proportionate Reduction of Judgment)**

Any judgment against Defendants must be reduced, diminished, and/or barred in proportion to the percentage of responsibility, if any, assessed by the jury as to Defendants pursuant to the PSLRA, 15 U.S.C. § 78u-4, principles of equitable allocation, recoupment, set off, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

**Forty-Ninth Defense**

**(Contribution and/or Indemnity)**

Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur as a result of the alleged misrepresentations, omissions, and conduct alleged in the Amended Complaint.

**Fiftieth Defense**

**(Improper Class Action)**

Pursuant to Federal Rule of Civil Procedure 23, this action may not properly be maintained as a class action, for reasons including but not limited to the fact that Plaintiff's claims include questions of law and fact that are not common to the class.

**Fifty-First Defense**

**(Dismissed Claims)**

The claims alleged by Plaintiff are barred, in whole or in part, to the extent the claims were dismissed by the Court in its July 13, 2022 order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint. (Dkt. No. 84).

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## Fifty-Second Defense

### (Fraud of Others)

If the allegations in the Amended Complaint are true (which Defendants deny), then Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others, in that information relating to SRAC and related entities was not provided to Defendants and/or was knowingly concealed from Defendants.

## Fifty-Third Defense

### (Unauthorized Actions of Others)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff's damages, if any, resulted from the unauthorized acts or omissions of other persons or entities.

## Fifty-Fourth Defense

### (Pre-Judgment Interest)

Defendants deny that Plaintiff is entitled to pre-judgment interest.

## Fifty-Fifth Defense

### (Offset of Damages)

Defendants are entitled to offset damages, if any, by benefits received by Plaintiff and members of the putative class through their investments in SRAC.

## Fifty-Sixth Defense

### (Incorporation of defenses by other Defendants)

Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or to be asserted, by any other defendant in this action to the extent Defendants may share in, or be entitled to assert, such defense.

/ /

/ /

/ /

/ /

## Fifty-Seventh Defense

### (Corporate Optimism and Puffery)

Plaintiff's claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Amended Complaint reflect or pertain to non-actionable statements of corporation optimism or puffery.

## Fifty-Eighth Defense

### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendants hereby reserve and reassert all affirmative defenses available under any applicable federal and/or state law. Defendants reserve the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court:

1. Dismiss with prejudice all claims asserted against them;

2. Award the costs of defending this action, including such reasonable attorneys' fees, costs, and disbursements as may by authorized by applicable law; and

3. Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury.

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Date: August 2, 2022

**BAKER & McKENZIE LLP**

By:   _/s/ Aaron T. Goodman_
     Aaron T. Goodman
     10250 Constellation Blvd., Ste. 18540
     Los Angeles, CA 90067
     Telephone:  (310) 201-4726
     aaron.goodman@bakermckenzie.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:   _/s/ David J. Aveni_
     David J. Aveni
     401 West A. Street, Ste. 1900
     San Diego, CA 92101
     Telephone: (619) 881-3307
     david.aveni@wilsonelser.com

_Counsel for Defendants Momentus Inc. and Dawn Harms_

**STONER GRANNIS**

By:   _/s/ William E. Stoner_
     William E. Stoner
     624 South Grand Ave., Suite 2200
     Los Angeles, CA 90017
     Telephone: (213) 687-2640
     wstoner@stonergrannis.com

_Counsel for Defendant Fred Kennedy_

84
DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**FILER'S ATTESTATION OF CONCURRENCE**

I, Aaron T. Goodman, attest that I am counsel for Defendants Momentus Inc. and Dawn Harms.  As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.

Dated:  August 2, 2022

/s/ *Aaron T. Goodman*
Aaron T. Goodman

DEFENDANTS MOMENTUS INC., DAWN HARMS, AND FRED KENNEDY'S ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT