# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE STABLE ROAD
ACQUISITION CORP.
SECURITIES LITIGATION

Case No. 2:21-CV-5744-JFW(SHKx)

Honorable John F. Walter

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of August 18, 2023 (the "Stipulation") is entered into between (a) Hartmut Haenisch ("Lead Plaintiff") on behalf of himself and the other members of the Settlement Class (defined below); and (b) defendants Stable Road Acquisition Corp. ("SRAC"), SRC-NI Holdings, LLC ("Sponsor"), Momentus Inc. ("Momentus," and together with SRAC and Sponsor, "Corporate Defendants") and Brian Kabot ("Kabot"), Juan Manuel Quiroga ("Quiroga"), James Norris ("Norris"), James Hofmockel ("Hofmockel"), Dawn Harms ("Harms"), and Fred Kennedy ("Kennedy") (collectively, with Mikhail Kokorich ("Kokorich"), the "Individual Defendants"; and together with the Corporate Defendants, "Defendants"; and together with Lead Plaintiff, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      Beginning on July 15, 2021, three class action complaints were filed in the United States District Court for the Central District of California (the "Court"), styled *Jensen v. Stable Road Acquisition Corp.*, No. 2:21-cv-05744- JFW(SHKx); *Hall v. Stable Road Acquisition Corp.*, No. 2:21-cv-05943-JFW(SHKx); and *DePoy v. Stable Road Acquisition Corp.*, No. 2:21-cv-06287- JFW(SHKx).

B.      By Order dated October 20, 2021, the Court ordered that the cases be consolidated and recaptioned as *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx); appointed Hartmut Haenisch Lead Plaintiff for the consolidated action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.  ECF No. 75.

C.      On November 12, 2021, Lead Plaintiff filed and served his Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") asserting claims against: (i) defendants Momentus, SRAC, Kokorich, Kennedy, Kabot, Norris, and Hofmockel under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (ii) defendants Momentus, Kokorich, Harms, And

Kennedy under Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder; and (iii) the Individual Defendants and Sponsor under Section 20(a) of the Exchange Act.  ECF No. 94.  Among other things, the Amended Complaint alleged that Defendants materially misled investors regarding Momentus's business and future prospects in an attempt to gain investor support for a proposed merger between SRAC, a special purpose acquisition company (or "SPAC"), and Momentus, a privately owned space industry startup.  The Amended Complaint further alleged that the prices of SRAC's publicly-traded securities were artificially inflated during the class period as a result of Defendants' allegedly false and misleading statements, and declined when SRAC's public filings were amended.

D.     On February 14, 2022, defendants Momentus and Harms filed a Motion to Dismiss the Amended Complaint.  ECF No. 122.  On that same day, defendant Kennedy filed a Motion to Dismiss the Amended Complaint.  ECF No. 124.  On February 25, 2022, defendants SRAC, Sponsor, Kabot, Hofmockel, Norris and Quiroga filed a Motion to Dismiss the Amended Complaint.  ECF No. 131.

E.     On May 26, 2022, Lead Plaintiff filed and served his papers in opposition to the three Motions to Dismiss.  ECF Nos. 138-141.

F.     On June 20, 2022, Defendants served their reply papers.  ECF Nos. 142-45.

G.    On July 13, 2022, the Court granted in part, and denied in part, defendants' motions.  ECF No. 154.   Pursuant to the Court's July 13, 2022 Order, defendants Hofmockel, Norris, and Quiroga were dismissed from the litigation.  *Id.*

H.    On August 2, 2022, defendants: (i) Momentus, Harms, and Kennedy; and (ii) SRAC, Sponsor, and Kabot, filed and served their Answers to the Amended Complaint.  ECF Nos. 160-161.

I.    On October 17, 2022, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Jed Melnick, Esq. of JAMS.  In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of both liability and damages.  The session ended without any agreement being reached.

J.    Over the course of the next several months, Mr. Melnick conducted further discussions with the Parties, which culminated in Mr. Melnick making a mediator's recommendation to resolve the Action for $8,500,000 in cash for the benefit of the Settlement Class that the Parties accepted.  The agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet"), which was fully executed as of April 13, 2023.  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment of $8,500,000 to be paid on behalf of the Defendants by Momentus and/or the Corporate Defendants' insurers

for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

K.    In connection with the Parties' agreement in principle to settle the Action set forth in the Term Sheet, Momentus has provided Lead Counsel with requested documents.  Review of the documents produced by Defendants, which consisted of Momentus Board of Directors materials, internal emails, and other documents relating to the planned merger between SRAC and Momentus, has confirmed for Lead Counsel that the Settlement is fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class.

L.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

M.    Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things:  (a) the substantial financial benefit that Lead Plaintiff and the

other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

N.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiff asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx), and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Amended Complaint" means the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff in the Action on November 12, 2021.

(d)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)    "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Corporate Defendants" means Momentus, SRAC and Sponsor.

(k)     "Court" means the United States District Court for the Central District of California.

(l)     "Defendants" means SRAC, Sponsor, Momentus and the Individual Defendants.[2]

(m)     "Defendants' Counsel" means Kirkland & Ellis LLP, Baker & McKenzie LLP, Wilson Elser Moskowitz Edelman & Dicker LLP, Stoner Carlson LLP, and Winston & Strawn LLP.

(n)     "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.  For the avoidance of doubt, Defendants' Releasees include Mikhail Kokorich, Edward Freedman, Ann Kono, Marc Lehmann, and John Rood in their capacities as officers and/or directors of the Corporate Defendants.

---

[2]  Mikhail Kokorich is named as a defendant in the Consolidated Amended Complaint but was never served and did not appear in any of the underlying cases or in the consolidated action. For the purposes of this Stipulation, Mr. Kokorich will be released alongside the other defendants.

(o)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(p)    "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)    "Escrow Agent" means Huntington National Bank.

(r)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)    "Excluded Claims" mean (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in the following actions:  (a) *Brian Lindsey v. Chris Hadfield* (C.D. Cal. Case No. 2:22-cv-04212) (*dismissed*); (b) *James Burk v. Momentus Inc.* (Del. Ch. Case No. 2022-0519) (*dismissal pending*); (c) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-133); (d) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-117); (e) *Shirley et al. v. Kabot et al.* (Del Ch. Case No. 2022-1023); (f) *Hanna v. Kabot et al.* (N.D. Cal. Case No. 5:23-cv-00374); (g) *Alexander Lora et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0322); (h) *James Burk et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0334); or (i) *Brian*

*Lindsey v. Quiroga, et al*. (Del. Ch. Case No. 2023-0674); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(t)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)    "Immediate Family" means children, stepchildren, parents, stepparents,  spouses,  siblings,  mothers-in-law,  fathers-in-law,  sons-in-law,

daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Individual Defendants" means Brian Kabot, Juan Manuel Quiroga, James Norris, James Hofmockel, Mikhail Kokorich, Dawn Harms, and Fred Kennedy.

(w)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)    "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(y)    "Lead Plaintiff" means Hartmut Haenisch.

(z)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)    "Momentus" means Momentus Inc.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(cc)  "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(dd)  "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ee)  "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)  "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

(gg)  "Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(hh)  "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates,

subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(ii) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(jj) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll) "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(mm) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. Moreover, for the avoidance of

doubt, to the extent any claims may exist between or amongst the Defendants related to this Action, all such claims are expressly reserved.

(nn)   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class:  (i) asserted in the operative Complaint, or (ii) could have asserted in any forum that arise out of, or relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint, and that in any way arise out of, relate to, or are based upon, directly or indirectly, the purchase, acquisition, ownership, disposition, holding, transfer, or sale of SRAC Securities during the Settlement Class Period.  Released Plaintiff's Claims do not include:  (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in the following actions: (a) *Brian Lindsey v. Chris Hadfield* (C.D. Cal. Case No. 2:22-cv-04212) (*dismissed*); (b) *James Burk v. Momentus Inc.* (Del. Ch. Case No. 2022-0519) (*dismissal pending*); (c) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-133); (d) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-117); (e) *Shirley et al. v. Kabot et al.* (Del Ch. Case No. 2022-1023); (f) *Hanna v. Kabot et al.* (N.D. Cal. Case No. 5:23-cv-00374); (g) *Alexander*

*Lora et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0322); (h) *James Burk et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0334); or (i) *Brian Lindsey v. Quiroga, et al.* (Del. Ch. Case No. 2023-0674); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(oo)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(pp)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq)   "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(rr)   "Settlement Amount" means eight million and five hundred thousand dollars ($8,500,000) in cash.

(ss)   "Settlement Class" means:   all persons and entities that purchased or otherwise acquired SRAC Securities between October 7, 2020 and July 13, 2021, inclusive ("Settlement Class Period"), and were damaged thereby (the "Settlement Class").   Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as an executive officer and/or director of the Corporate Defendants during the Settlement Class Period (including Edward Freedman, Ann Kono, and Marc Lehmann), and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of

Corporate Defendants; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; (vi) John Rood, and his Immediate Family; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

(tt)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(uu)    "Settlement Class Period" means the period between October 7, 2020 and July 13, 2021, inclusive.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)    "Sponsor" means SRC-NI Holdings, LLC.

(yy)    "SRAC" means Stable Road Acquisition Corp.

(zz)  "SRAC Securities" means publicly traded SRAC units, publicly traded SRAC Class A common stock, and publicly traded SRAC warrants.

(aaa)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(bbb) "Taxes" means:  (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ccc)  "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by him, her or it, might have affected his, her or its decision(s)

with respect to the Settlement.  With respect to any and all Released Claims, the

Parties stipulate and agree that, upon the effective date of the Settlement, Lead

Plaintiff and Defendants shall expressly waive, and each of the other Settlement

Class Members and each of the other Defendants' Releasees shall be deemed to have

waived, and by operation of the Judgment or the Alternate Judgment, if applicable,

shall have expressly waived, any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States, or principle of common law

or foreign law, that is similar, comparable, or equivalent to California Civil Code

§1542, which provides:

> A general release does not extend to claims that the creditor or releasing
> party does not know or suspect to exist in his or her favor at the time of
> executing the release and that, if known by him or her, would have
> materially affected his or her settlement with the debtor or released
> party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class

Members and each of the other Defendants' Releasees shall be deemed by operation

of law to have acknowledged, that the foregoing waiver was separately bargained

for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose,

Defendants stipulate and agree to:  (a) certification of the Action as a class action

pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on

behalf of the Settlement Class; (b) certification of Lead Plaintiff as the Class

Representative for the Settlement Class; and (c) appointment of Lead Counsel as

Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules

of Civil Procedure.

## **PRELIMINARY APPROVAL OF SETTLEMENT**

3.     Promptly upon execution of this Stipulation, Lead Plaintiff will move

for preliminary approval of the Settlement, certification of the Settlement Class for

settlement purposes only, and the scheduling of a hearing for consideration of final

approval of the Settlement, which motion shall be unopposed by Defendants.

Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to

the Court for, and Defendants shall agree to, entry of the Preliminary Approval

Order, substantially in the form attached hereto as Exhibit A.

## **RELEASE OF CLAIMS**

4.     The obligations incurred pursuant to this Stipulation are in

consideration of: (i) the full and final disposition of the Action as against

Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable,

without further action by anyone, upon the Effective Date of the Settlement, Lead

Plaintiff and each of the other Settlement Class Members, on behalf of themselves,

and on behalf of any other person or entity legally entitled to bring Released

Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants and the other Defendants' Releasees.  This release shall not apply to any Excluded Claim.

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Momentus and/or the Corporate Defendants' insurers shall pay or cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than ten (10) business days after:  (a) the date of entry by the Court of an order preliminarily approving the settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the escrow account, including wiring instructions that include the bank's name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay:  (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the

Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either:    (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or

causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement

Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims),

and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, Momentus and/or the Corporate Defendants' insurers, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus

accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after:  (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.    The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than SRAC's obligation to provide its securities lists as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Member or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms

of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, SRAC shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of purchasers of record of SRAC Securities during the Settlement Class Period.

20. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the

other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.    Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if

received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.   The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon

the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

28.    No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes

(including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

31.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the

Settlement pursuant to the provisions of this Stipulation (including the Supplemental

Agreement described in ¶ 35 below);

(d)    Lead Plaintiff has not exercised his option to terminate the

Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein,

following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of

the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment

has become Final, or the Court has entered an Alternate Judgment and none of the

Parties seek to terminate the Settlement and the Alternate Judgment has become

Final.

32.    Upon the occurrence of all of the events referenced in ¶ 31 above, any

and all remaining interest or right of Defendants in or to the Settlement Fund, if any,

shall be absolutely and forever extinguished and the Releases herein shall be

effective.

33.    If (i) Defendants exercise their right to terminate the Settlement as

provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the

Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement;

or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of April 13, 2023.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 37 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants

may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

34.     It is further stipulated and agreed that Lead Plaintiff, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶ 34 above, Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

36.     In addition to the grounds set forth in ¶ 34 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Lead Counsel has first notified Defendants' Counsel in writing of Lead Plaintiff's intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

## NO ADMISSION OF WRONGDOING

37.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption,

concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties, and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

38.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.    Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

40.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with

respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

41.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against Defendants and the Defendants' Releasees with respect to the Released Plaintiff's Claims.  Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Melnick, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was

commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

44.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

48.    This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

50.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to

conflicts of laws, except to the extent that federal law requires that federal law govern.

51.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Glancy Prongay & Murray LLP<br>Attn: Casey E. Sadler, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-9150<br>Email: csadler@glancylaw.com |
| If to Defendants: | Kirkland & Ellis LLP<br>Mark Holscher<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Telephone: (213) 680-8190<br>Email: mholscher@kirkland.com |
| | Baker & McKenzie LLP<br>Aaron Goodman<br>10250 Constellation Blvd., Ste. 1850<br>Los Angeles, CA 90067<br>Telephone: (310) 201-4726<br>Email:<br>aaron.goodman@bakermckenzie.com |
| | Wilson Elser Moskowitz<br>Edelman & Dicker LLP<br>David J. Aveni<br>401 West A. Street, Ste. 1900<br>San Diego, CA 92101<br>Telephone: (619) 881-3307<br>Email: david.aveni@wilsonelser.com |
| | Winston & Strawn LLP<br>Jeffrey L. Steinfeld |

333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1700
Email: jlsteinfeld@winston.com

Stoner Carlson LLP
William E. Stoner
301 E. Colorado Boulevard, Ste. 320
Los Angeles, CA 90017
Telephone: (213) 687-2640
Email: wstoner@stonercarlson.com

56.     Except as otherwise provided herein, each Party shall bear its own costs.

57.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

58.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.     Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). Defendants shall notify Lead Counsel as to the completion of any CAFA notice. Defendants shall bear all cost and expenses associated with providing CAFA notice.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 18, 2023.

**GLANCY PRONGAY & MURRAY LLP**

By: _____

Robert V. Prongay
Casey E. Sadler
Garth A. Spencer
Melissa C. Wright
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com
Email: gspencer@glancylaw.com
Email: mwright@glancylaw.com

*Counsel for Lead Plaintiff Hartmut Haenisch and the Settlement Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Plaintiff's Counsel*

**KIRKLAND & ELLIS LLP**


By: _Austin Norris_____
Mark Holscher
Stefan Atkinson
Austin Norris
2049 Century Park East, Suite 370
Los Angeles, CA 90067
Telephone: (213) 680-8190
Email: mholscher@kirkland.com
Email: austin.norris@kirkland.com
Email: stefan.atkinson@kirkland.com

*Counsel for Defendants Stable Road Acquisition Corp., SRC-NI Holdings, LLC, Brian Kabot, Edward Freedman, Ann Kono, and Marc Lehmann*

**BAKER & MCKENZIE LLP**

By: _____
Perrie Weiner
Aaron Goodman
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 201-4726
Email: aaron.goodman@bakermckenzie.com

*Counsel for Defendants Momentus Inc.*

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**


By: _____
David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: (619) 881-3307
Email:  david.aveni@wilsonelser.com

*Counsel for Defendant Momentus Inc.*

**WINSTON & STRAWN LLP**


By: _____
Jeffrey L. Steinfeld
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1700
Email: jlsteinfeld@winston.com

*Attorneys for Defendant Dawn Harms*

**BAKER & MCKENZIE LLP**

By: _____
Perrie Weiner
Aaron Goodman
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 201-4726
Email: aaron.goodman@bakermckenzie.com

*Counsel for Defendants Momentus Inc.*

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By: _____
David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: (619) 881-3307
Email:  david.aveni@wilsonelser.com

*Counsel for Defendant Momentus Inc.*

**WINSTON & STRAWN LLP**

By: _____
Jeffrey L. Steinfeld
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1700
Email: jlsteinfeld@winston.com

*Attorneys for Defendant Dawn Harms*

**BAKER & MCKENZIE LLP**

By: _____
Perrie Weiner
Aaron Goodman
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 201-4726
Email: aaron.goodman@bakermckenzie.com

*Counsel for Defendants Momentus Inc.*

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: _____
David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101
Telephone: (619) 881-3307
Email:  david.aveni@wilsonelser.com

*Counsel for Defendant Momentus Inc.*

**WINSTON & STRAWN LLP**

By: _____
Jeffrey L. Steinfeld
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1700
Email: jlsteinfeld@winston.com

*Attorneys for Defendant Dawn Harms*

**STONER CARLSON LLP**

By: _____

William E. Stoner
301 E. Colorado Boulevard, Ste. 320
Los Angeles, CA 90017
Telephone: (213) 687-2640
Email: wstoner@stonercarlson.com

*Attorneys for Defendant Fred Kennedy*

**Exhibit A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx)<br><br>Honorable John F. Walter |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx) (the "Action");

WHEREAS, (a) lead plaintiff Hartmut Haenisch ("Lead Plaintiff") on behalf of himself and the other members of the Settlement Class (defined below); and (b) defendants Stable Road Acquisition Corp. ("SRAC"), SRC-NI Holdings, LLC ("Sponsor"), Momentus Inc. ("Momentus," and together with SRAC and Sponsor, "Corporate Defendants") and Brian Kabot ("Kabot"), Juan Manuel Quiroga ("Quiroga"), James Norris ("Norris"), James Hofmockel ("Hofmockel"), Dawn Harms ("Harms"), and Fred Kennedy ("Kennedy") (collectively, with Mikhail Kokorich ("Kokorich"), the "Individual Defendants"; and together with the

Corporate Defendants, "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 18, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting

of all persons and entities that purchased or otherwise acquired SRAC Securities[1]

between October 7, 2020 and July 13, 2021, inclusive ("Settlement Class Period"),

and were damaged thereby.    Excluded from the Settlement Class are:

(i) Defendants; (ii) any person who served as an executive officer and/or director

of the Corporate Defendants during the Settlement Class Period (including Edward

Freedman, Ann Kono, and Marc Lehmann), and members of their Immediate

Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates,

and predecessors of Corporate Defendants; (iv) any entity in which Defendants

have or had a controlling interest during the Settlement Class Period; (v) any trust

of which any Individual Defendant is the settlor or that is for the benefit of any

Individual Defendant and/or member(s) of their Immediate Family; (vi) John

Rood, and his Immediate Family; and (vii) the legal representatives, heirs,

successors, and assigns of any person or entity excluded under provisions (i)

through (vi) hereof.  Also excluded from the Settlement Class are any persons and

entities who or that validly exclude themselves by submitting a request for

exclusion that is accepted by the Court.

    2.    **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of

this Action, the Court finds that each element required for certification of the

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has

---

[1] "SRAC Securities" means publicly traded SRAC units, publicly traded SRAC
Class A common stock, and publicly traded SRAC warrants.

been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Hartmut Haenisch is an adequate class representative and certifies him as the Class Representative for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2023 at __:__ _.m. in Courtroom 7A

4

of the United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in

connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    within ten (10) business days of the date of entry of this Order, SRAC shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of purchasers of record of SRAC Securities during the Settlement Class Period;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by SRAC or in the records which SRAC caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement

Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired SRAC Securities during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Notice, either: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice Packet and email the link to all such beneficial owners for whom valid email addresses are available within seven (7) calendar days of receipt of the link; or (c) send a list of the names, email addresses, and last-known mailing addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the

Claims Administrator, to the extent they are available.  Nominees that choose to follow procedure (a) shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Upon full and timely compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per emailed Notice Packet link; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.  Nominees are not authorized to print the Notice Packet themselves for mailing.  Notice Packets may only be printed by the Claims Administrator.

10.  **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than

one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Stable Road Acquisition Corp. Securities Litigation*,

EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 , and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx)"; (iii) state the number of publicly traded shares of SRAC Class A common stock, warrants and units that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

12

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement

Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|
| **Glancy Prongay & Murray LLP** | **Kirkland & Ellis LLP** |
| Casey E. Sadler, Esq. | Mark Holscher |
| 1925 Century Park East, Suite 2100 | 2049 Century Park East, Ste. 3700 |
| Los Angeles, CA 90067 | Los Angeles, CA 90067 |

**Baker & McKenzie LLP**
Aaron Goodman
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067

**Wilson Elser Moskowitz**
**Edelman & Dicker LLP**
David J. Aveni
401 West A. Street, Ste. 1900
San Diego, CA 92101

**Winston & Strawn LLP**
Jeffrey L. Steinfeld
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071

**Stoner Carlson LLP**
William E. Stoner
301 E. Colorado Boulevard, Ste. 320
Los Angeles, CA 90017

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of publicly traded shares of SRAC Class A common stock, warrants and units that the person or entity requesting exclusion

purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the

Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of

the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of April 13, 2023, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as

against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable John F. Walter
United States District Judge

**Exhibit A-1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx)<br><br>Honorable John F. Walter |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Central District of California (the "Court"), if, during the period between October 7, 2020 and July 13, 2021, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Stable Road Acquisition Corp. ("SRAC") Securities, and were damaged thereby.[2]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed lead plaintiff, Hartmut Haenisch ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in ¶ 23 below), has reached an agreement with defendants SRAC, SRC-NI Holdings, LLC ("Sponsor"), Momentus Inc. ("Momentus," and together with SRAC and Sponsor, "Corporate Defendants") and Brian Kabot ("Kabot"), Juan Manuel Quiroga ("Quiroga"), James Norris ("Norris"), James Hofmockel ("Hofmockel"), Dawn Harms ("Harms"), and Fred Kennedy ("Kennedy") (collectively, with Mikhail Kokorich ("Kokorich"), the "Individual Defendants"; and together with the Corporate Defendants, "Defendants"; and together with Lead Plaintiff, the "Parties") to settle the Action for $8,500,000 in cash that, if approved by the Court, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 18, 2023 (the "Stipulation"), which is available at www.StableRoadSecuritiesSettlement.com.

[2]  "SRAC Securities" means, collectively, publicly traded SRAC units ("SRAC Units"), publicly traded SRAC Class A common stock ("SRAC Class A Common Stock"), and publicly traded SRAC warrants ("SRAC Warrants").

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact SRAC, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 82 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by materially misleading investors regarding Momentus's business and future prospects in an attempt to gain investor support for a proposed merger between SRAC, a special purpose acquisition company (or "SPAC"), and Momentus. Lead Plaintiff further alleged that the prices of publicly traded SRAC Securities were artificially inflated during the Settlement Class Period as a result of Defendants' allegedly false and misleading statements, and declined when SRAC's public filings were amended. A more detailed description of the Action is set forth in paragraphs 11-22 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $8,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per SRAC Security:** Based on Lead Plaintiff damages expert's estimates of the number of SRAC Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.40. Settlement Class Members should note, however, that the foregoing average recovery per share, warrant or unit is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which SRAC Securities they purchased, when and at what prices they purchased/acquired or sold their SRAC Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per SRAC Security:** The Parties do not agree on the average amount of damages per SRAC Security that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:**    Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.   Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund.   In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $165,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class.   Any fees and expenses awarded by the Court will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.   Estimates of the average cost per affected SRAC Security, if the Court approves Lead Counsel's fee and expense application, is $0.14 per eligible security.

6. **Identification of Attorneys' Representatives:**   Lead Plaintiff and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, Email: settlements@glancylaw.com.

7. **Reasons for the Settlement:**   Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.   Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.   This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR ONLINE NO LATER THAN _____, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund.   If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.   This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |

| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
|---|---|
| **GO TO A HEARING ON _____, 2023 AT __:___.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | Filing a written objection and notice of intention to appear by _____, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................... Page __
What Is This Case About? ................................................. Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? .................... Page __
What Might Happen If There Were No Settlement? ........... Page __
How Are Settlement Class Members Affected By The Action
    And The Settlement? ..................................................... Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ... Page __
How Much Will My Payment Be? ....................................... Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? ...................................... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ............................................ Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? ........................................... Page __
What If I Bought Shares On Someone Else's Behalf? ........ Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? ... Page __

| WHY DID I GET THIS NOTICE? |
| --- |

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the SRAC Securities (listed above) during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraphs 71-72 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.    This securities fraud litigation stems from alleged misrepresentations and omissions by Defendants in their efforts to secure investor approval for a merger between SRAC, a SPAC, and Momentus, a satellite transportation startup.  Lead Plaintiff alleged that Defendants misleadingly failed to disclose that (a) federal agencies had determined that Momentus's CEO posed an unacceptable national security risk, (b) Momentus had never successfully tested its technology in space, (c) as a result, Momentus's financial projections were misleading, and (d) SRAC's due diligence of Momentus failed to provide a reasonable basis for its public statements.

12.    Three class action complaints were filed in the United States District Court for the Central District of California, which by Order dated October 20, 2021, were consolidated and recaptioned as *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx).  In that same Order, Lead Plaintiff and Lead Counsel were approved and appointed by the Court.

13.    On November 12, 2021, Lead Plaintiff filed and served his Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") asserting claims against:  (i) defendants Momentus, SRAC, Kokorich, Kennedy, Kabot, Norris, and Hofmockel under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (ii) defendants Momentus, Kokorich, Harms, and Kennedy under Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder; and (iii) the Individual Defendants and Sponsor under Section 20(a) of the Exchange Act.  ECF No. 94.  Among other things, the Amended Complaint alleged that Defendants

materially misled investors regarding Momentus's business and future prospects in an attempt to gain investor support for a proposed merger between SRAC and Momentus. The Amended Complaint further alleged that the prices of SRAC's publicly traded securities were artificially inflated during the class period as a result of Defendants' allegedly false and misleading statements, and declined when the SRAC's public filings were amended.

14.    In February 2022, Defendants filed and served three motions to dismiss. Lead Plaintiff opposed the motions, and they were fully briefed. On July 13, 2022, the Court granted in part, and denied in part, Defendants' motions. Pursuant to the Court's July 13, 2022 Order, defendants Hofmockel, Norris, and Quiroga were dismissed from the litigation

15.    On August 2, 2022, defendants: (i) Momentus, Harms, and Kennedy; and (ii) SRAC, Sponsor, and Kabot, filed and served their Answers to the Amended Complaint.

16.    Lead Plaintiff continued his investigation into the claims asserted, but he also recognized that the Court's decision on the motions to dismiss underscored the risks attendant to this litigation. While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. They began to discuss the possibility of exploring whether a settlement could be reached through a mediation process. The Parties selected Jed Melnick, Esq. of JAMS, a well-respected mediator of complex litigation to oversee settlement discussions.

17.    On October 17, 2022, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Mr. Melnick. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of both liability and damages. The session ended without any agreement being reached.

18.    Over the course of the next several months, Mr. Melnick conducted further discussions with the Parties, which culminated in Mr. Melnick making an $8,500,000 settlement proposal, which both sides accepted.

19.    While Lead Plaintiff had conducted an intensive investigation into the claims asserted based on publicly available information, they had not yet had access to Defendants' documents. Therefore, a condition of the agreement in principle to settle the Action, was Momentus's agreement to provide certain documents that would allow Lead Plaintiff and Lead Counsel to confirm the propriety of the decision to settle on the agreed-to terms. Review of the documents produced by Momentus, which consisted of Momentus Board of Directors materials, internal emails, and other documents relating to the planned merger between SRAC and Momentus, has confirmed Lead Plaintiff and Lead Counsel's belief that the Settlement is fair, reasonable, and adequate.

20.    Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

21.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or

concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

22. On _____, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**<br>**WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
|:---:|

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired SRAC Securities between October 7, 2020 and July 13, 2021, inclusive ("Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as an executive officer and/or director of the Corporate Defendants during the Settlement Class Period (including Edward Freedman, Ann Kono, and Marc Lehmann), and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Corporate Defendants; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; (vi) John Rood, and his Immediate Family; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [___] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR ONLINE NO LATER THAN _____, 2023.**

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24.    If there were no Settlement, the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims against the remaining Defendants through trial and appeals would be substantial.  Additionally, if Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  For example, Defendants assert that their statements were not actionable under the federal securities laws because they were not materially misleading, and because they were legally protected forward-looking statements. Defendants further argued that they had publicly warned of the exact risks that Lead Plaintiff alleged to be false and misleading.  Defendants also argued that they did not make the challenged statements with the intent to mislead investors, that investors' losses were not caused by the alleged fraud, and that Lead Plaintiff could not establish that investors relied on Defendants' challenged statements.  If the litigation continued, Lead Plaintiff would have faced several obstacles, including class certification, summary judgment, and trial, and if he prevailed on those, the appeals that were likely to follow. A loss at any stage could have resulted in a recovery far less than the Settlement, or no recovery at all. Moreover, Momentus's financial statements indicate substantial doubt as to its ability to continue as a going concern, and thus there was a very substantial risk that, even if Lead Plaintiff prevailed on all issues through the remainder of the litigation and secured a verdict at trial, such a victory might be meaningless to the class because he would not be able to recover on that judgment.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

25.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

27.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with

prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims (as defined in ¶ 29 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

29.    "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class:  (i) asserted in the operative Complaint, or (ii) could have asserted in any forum that arise out of, or relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint, and that in any way arise out of, relate to, or are based upon, directly or indirectly, the purchase, acquisition, ownership, disposition, holding, transfer, or sale of SRAC Securities during the Settlement Class Period.  Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in the following actions: (a) *Brian Lindsey v. Chris Hadfield* (C.D. Cal. Case No. 2:22-cv-04212) (*dismissed*); (b) *James Burk v. Momentus Inc.* (Del. Ch. Case No. 2022-0519) (*dismissal pending*); (c) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-133); (d) *The Larian Living Trust v. Momentus Inc.* (New Castle Cty. Sup. Ct. Case No. N22C-07-117); (e) *Shirley et al. v. Kabot et al.* (Del. Ch. Case No. 2022-1023); (f) *Hanna v. Kabot et al.* (N.D. Cal. Case No. 5:23-cv-00374); (g) *Alexander Lora et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0322); (h) *James Burk et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0334); or (i) *Brian Lindsey v. Quiroga, et al*. (Del. Ch. Case No. 2023-0674); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

30.    "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.  For the avoidance of doubt, Defendants' Releasees include Mikhail Kokorich, Edward Freedman, Ann Kono, Marc Lehmann, and John Rood in their capacities as officers and/or directors of the Corporate Defendants.

31.    "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the effective date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 33 below) on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

33.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined above), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.  Moreover, for the avoidance of doubt, to the extent any claims may exist between or amongst the Defendants related to this Action, all such claims are expressly reserved.

34.    "Plaintiff Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked or online no later than _____, 2023**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.StableRoadSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in SRAC Securities, as they may be needed to document your Claim.  If you request exclusion from the

Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

36.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid eight million five hundred thousand dollars ($8,500,000) in cash.   The Settlement Amount will be deposited into an escrow account.   The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."   If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.   Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.    Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 29 above) against the Defendants' Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in SRAC Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.   They should include ONLY those publicly traded Class A common shares, warrants or units that they purchased or acquired outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases or

acquisitions of SRAC Securities during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired SRAC Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the SRAC Securities.

## PROPOSED PLAN OF ALLOCATION

46. The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.StableRoadSecuritiesSettlement.com.

47. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which Plaintiff alleges corrective information was entering the marketplace. In this case, Plaintiff alleges that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, October 7, 2020 through July 13, 2021, inclusive) which had the effect of artificially inflating the prices of the SRAC Securities.[3, 4]    The estimated alleged

---

[3] During the Settlement Class Period, SRAC Class A Common Stock, SRAC Warrants and SRAC Units were listed on the Nasdaq Capital Market ("Nasdaq") under the ticker symbols "SRAC," "SRACW" and "SRACU," respectively. Each SRAC Warrant entitled the holder

artificial inflation in the prices of the SRAC Securities during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the prices of the SRAC Securities during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the price change in each security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

49. In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the SRAC Securities. Plaintiff alleges that corrective disclosures removed the artificial inflation from the prices of the SRAC Securities on the following dates: January 5, 2021, January 6, 2021, January 25, 2021, January 26, 2021, January 27, 2021, March 8, 2021, May 4, 2021, May 24, 2021, May 25, 2021, July 14, 2021 and July 15, 2021 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss Amount, SRAC Securities must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

50. To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

---

thereof to purchase one share of SRAC Class A Common Stock at a price of $11.50 per share. Each SRAC Unit consisted of one share of SRAC Class A Common Stock and one-half of one SRAC Warrant.

[4] The merger between Stable Road Acquisition Corp. and Momentus, Inc. was completed after the Settlement Class Period on August 12, 2021, pursuant to which SRAC changed its name to Momentus, Inc. (the "Business Combination"). On August 13, 2021, the combined Company's Class A common stock and public warrants began trading on the Nasdaq, under the ticker symbols "MNTS" and "MNTSW," respectively. The Company did not have publicly traded units followingly the closing of the Business Combination.

| Table 1 Artificial Inflation in SRAC Securities* | | | | |
|---|---|---|---|---|
| From | To | SRAC CLASS A Common Stock | SRAC Warrants | SRAC Units |
| October 7, 2020 | January 4, 2021 | $10.66 | $5.14 | $11.72 |
| January 5, 2021 | January 5, 2021 | $9.38 | $4.56 | $9.89 |
| January 6, 2021 | January 24, 2021 | $8.01 | $4.06 | $9.26 |
| January 25, 2021 | January 25, 2021 | $6.88 | $3.90 | $7.97 |
| January 26, 2021 | January 26, 2021 | $6.34 | $3.43 | $7.97 |
| January 27, 2021 | March 7, 2021 | $4.84 | $2.57 | $5.38 |
| March 8, 2021 | May 3, 2021 | $4.05 | $2.49 | $5.38 |
| May 4, 2021 | May 23, 2021 | $3.43 | $1.93 | $4.13 |
| May 24, 2021 | May 24, 2021 | $1.64 | $1.33 | $2.09 |
| May 25, 2021 | July 13, 2021 | $1.34 | $1.09 | $2.03 |
| July 14, 2021 | July 14, 2021 | $0.20 | $0.20 | $0.92 |
| July 15, 2021 | Thereafter | $0.00 | $0.00 | $0.00 |

* For each day during the period October 7, 2020 through July 14, 2021, inclusive, the artificial inflation in each SRAC Security shall be limited to that day's closing price of the SRAC Security.

51.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for the SRAC Securities.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on an SRAC Security purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such SRAC Security and the security's average closing price during the 90-Day Lookback Period.  The Recognized Loss Amount on an SRAC Security purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and the rolling average closing price of the security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.[5, 6]

52.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that

---

[5] The SRAC Warrants became exercisable thirty days after the completion of the August 12, 2021 Business Combination.  SRAC Warrants that were exercised during the 90-Day Lookback Period, shall be treated as a sale of such warrants on the date of exercise, at a sale price equal to the closing price of the SRAC Warrants on the date of exercise.

[6] Holders of SRAC Class A Common Stock were entitled to redeem all or a portion of their public shares for cash upon the completion of the Business Combination.  Each share of SRAC Class A Common Stock that was redeemed shall be treated as a sale of such stock on the date of redemption at a price equal to the per-share amount of cash received in the redemption.

Recognized Loss Amount shall be set to zero. Any transactions in SRAC Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

53.    Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of SRAC Securities during the Settlement Class Period (*i.e.*, October 7, 2020 through July 13, 2021, inclusive), that is listed in the Claim Form and for which adequate documentation is provided.

I.    For each SRAC Security purchased or otherwise acquired during the period October 7, 2020 through July 13, 2021, inclusive,

    a.    that was sold prior to January 5, 2021, the Recognized Loss Amount is $0.00.

    b.    that was subsequently sold during the period January 5, 2021 through July 13, 2021, inclusive, the Recognized Loss Amount is *the lesser of*:

        i.    the amount of per-security price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-security price inflation on the date of sale as appears in Table 1 above; or

        ii.    the purchase price *minus* the sale price.

    c.    that was subsequently sold during the period July 14, 2021 through October 11, 2021, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

        i.    the amount of per-security price inflation on the date of purchase as appears in Table 1 *minus* the amount of per-security price inflation on the date of sale as appears in Table 1 above; or

        ii.    the purchase price *minus* the sale price; or

        iii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

    d.    that was still held as of the close of trading on October 11, 2021, the Recognized Loss Amount is *the lesser of*:

        i.    the amount of per-security price inflation on the date of purchase as appears in Table 1; or

        ii.    the purchase price *minus* the average closing price for the SRAC Security during the 90-Day Lookback Period, which is: $10.34 for SRAC Class A Common Stock; $2.18 for SRAC Warrants; and $11.35 for SRAC Units.

II.    For each SRAC Security purchased or otherwise acquired after July 13, 2021, the Recognized Loss Amount is $0.00.

| Table 2 | | | |
|---|---|---|---|
| **90-Day Lookback Values** | | | |
| **Sale/ Disposition** | **SRAC Class A** | **SRAC** | **SRAC** |

| Date | Common Stock | Warrants | Units |
|---|---|---|---|
| 7/14/2021 | $10.66 | $2.36 | $12.25 |
| 7/15/2021 | $10.52 | $2.25 | $11.75 |
| 7/16/2021 | $10.51 | $2.18 | $11.74 |
| 7/19/2021 | $10.61 | $2.19 | $11.83 |
| 7/20/2021 | $10.57 | $2.16 | $11.83 |
| 7/21/2021 | $10.53 | $2.15 | $12.00 |
| 7/22/2021 | $10.50 | $2.14 | $11.97 |
| 7/23/2021 | $10.46 | $2.14 | $11.87 |
| 7/26/2021 | $10.42 | $2.12 | $11.87 |
| 7/27/2021 | $10.38 | $2.09 | $11.82 |
| 7/28/2021 | $10.35 | $2.07 | $11.76 |
| 7/29/2021 | $10.33 | $2.06 | $11.67 |
| 7/30/2021 | $10.30 | $2.03 | $11.60 |
| 8/2/2021 | $10.28 | $2.01 | $11.54 |
| 8/3/2021 | $10.26 | $1.99 | $11.48 |
| 8/4/2021 | $10.25 | $1.96 | $11.42 |
| 8/5/2021 | $10.23 | $1.94 | $11.42 |
| 8/6/2021 | $10.19 | $1.92 | $11.38 |
| 8/9/2021 | $10.19 | $1.90 | $11.35 |
| 8/10/2021 | $10.20 | $1.91 | $11.32 |
| 8/11/2021 | $10.20 | $1.91 | $11.30 |
| 8/12/2021 | $10.24 | $1.93 | $11.35 |
| 8/13/2021 | $10.25 | $1.94 | N/A |
| 8/16/2021 | $10.20 | $1.94 | N/A |
| 8/17/2021 | $10.18 | $1.94 | N/A |
| 8/18/2021 | $10.13 | $1.95 | N/A |
| 8/19/2021 | $10.07 | $1.95 | N/A |
| 8/20/2021 | $10.02 | $1.94 | N/A |
| 8/23/2021 | $9.97 | $1.94 | N/A |
| 8/24/2021 | $9.91 | $1.94 | N/A |
| 8/25/2021 | $9.88 | $1.94 | N/A |
| 8/26/2021 | $9.86 | $1.95 | N/A |
| 8/27/2021 | $9.85 | $1.95 | N/A |
| 8/30/2021 | $9.84 | $1.95 | N/A |
| 8/31/2021 | $9.85 | $1.95 | N/A |
| 9/1/2021 | $9.87 | $1.95 | N/A |
| 9/2/2021 | $9.92 | $1.96 | N/A |
| 9/3/2021 | $9.97 | $1.97 | N/A |
| 9/7/2021 | $10.02 | $1.99 | N/A |
| 9/8/2021 | $10.05 | $2.00 | N/A |
| 9/9/2021 | $10.07 | $2.01 | N/A |
| 9/10/2021 | $10.09 | $2.02 | N/A |
| 9/13/2021 | $10.09 | $2.02 | N/A |
| 9/14/2021 | $10.08 | $2.02 | N/A |

| | | | |
|---|---|---|---|
| **9/15/2021** | $10.07 | $2.02 | N/A |
| **9/16/2021** | $10.08 | $2.03 | N/A |
| **9/17/2021** | $10.10 | $2.03 | N/A |
| **9/20/2021** | $10.12 | $2.03 | N/A |
| **9/21/2021** | $10.15 | $2.04 | N/A |
| **9/22/2021** | $10.20 | $2.06 | N/A |
| **9/23/2021** | $10.24 | $2.07 | N/A |
| **9/24/2021** | $10.26 | $2.09 | N/A |
| **9/27/2021** | $10.27 | $2.11 | N/A |
| **9/28/2021** | $10.29 | $2.12 | N/A |
| **9/29/2021** | $10.30 | $2.13 | N/A |
| **9/30/2021** | $10.30 | $2.14 | N/A |
| **10/1/2021** | $10.31 | $2.14 | N/A |
| **10/4/2021** | $10.31 | $2.15 | N/A |
| **10/5/2021** | $10.31 | $2.15 | N/A |
| **10/6/2021** | $10.31 | $2.16 | N/A |
| **10/7/2021** | $10.31 | $2.16 | N/A |
| **10/8/2021** | $10.33 | $2.17 | N/A |
| **10/11/2021** | $10.34 | $2.18 | N/A |

## ADDITIONAL PROVISIONS

54.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 63 below) is $10.00 or greater.

55.    **FIFO Matching:**    If a Settlement Class Member has more than one purchase/acquisition or sale of SRAC Securities, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

56.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all SRAC Securities.

57.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of SRAC Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of SRAC Securities during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of SRAC Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any SRAC Security unless (i) the donor or decedent purchased or otherwise acquired such SRAC Security during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such SRAC Security; and (iii) it is specifically so provided in the instrument of gift or assignment.

58.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the SRAC Security.  The date of a "short sale" is deemed to be the date of sale of the SRAC Security.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in an SRAC Security, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

59.    **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to SRAC Common Stock purchased through the exercise of an option, the purchase date of the stock shall be the exercise date of the option, and the purchase price of the stock shall be the option's exercise price.  Any Recognized Loss Amount arising from purchases of SRAC Common Stock acquired during the Settlement Class Period through the exercise of an option on SRAC Common Stock shall be computed as provided for other purchases of SRAC Common Stock in the Plan of Allocation.

60.    **Separated SRAC Units:** SRAC Units purchased during the Settlement Class Period that were subsequently separated into their component securities prior to or in connection with the Business Combination (*i.e.*, separated into one share of SRAC Class A Common Stock and one-half of an SRAC Warrant per SRAC Unit), shall be treated as (i) a sale of such SRAC Units on the date of separation at a per-unit sale price equal to the closing price of the SRAC Units on the date of separation, plus (ii) a purchase of the component securities received upon the separation of such SRAC Units at a per-security purchase price equal to the closing price of each component security received on the date of separation.[7]

61.    **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in SRAC Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in SRAC Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

62.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in SRAC Securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[8] and (ii) the sum of the Total Sales Proceeds[9] and the Holding Value.[10]  If the

---

[7]  In connection with the consummation of the Business Combination, all then-issued and outstanding SRAC Units automatically separated into their component securities.  SRAC Units purchased prior to the Settlement Class Period that were subsequently separated into their component securities during the Settlement Class Period are not eligible for a recovery from the Settlement.

[8]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all SRAC Securities purchased or acquired during the Settlement Class Period.

[9]  The Claims Administrator shall match any sales of SRAC Securities during the Settlement Class Period, first against the Claimant's opening position in like SRAC Securities (the proceeds

Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

63.    **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.  Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, and Taxes, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Public Justice Foundation, or such other non-sectarian, not-for-profit organization(s) approved by the Court.

65.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's consulting damages experts, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders

---

of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of SRAC Securities sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[10] The Claims Administrator shall ascribe a "Holding Value" to SRAC Securities purchased or acquired during the Settlement Class Period and still held as of the close of trading on July 13, 2021, which shall be: $10.34 for SRAC Class A Common Stock; $2.18 for SRAC Warrants; and $11.35 for SRAC Units.  The sum of the Claimant's Holding Values for all SRAC Securities shall be the Claimant's "Total Holding Value."

of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

66. Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $165,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

67. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Stable Road Acquisition Corp. Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The exclusion request must be ***received*** no later than _____, 2023. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx)"; (c) state the number of publicly traded shares of SRAC Class A Common Stock, SRAC Warrants and SRAC Units that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

68. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff Claim against any of the Defendants' Releasees.

69.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

70.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

71.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

72.   The Settlement Hearing will be held on _____, 2023 at __:__ .m., before the Honorable John F. Walter at the United States District Court for the Central District of California, United States Courthouse, Courtroom 7A, 350 W. 1st Street, Los Angeles, CA 90012. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

73.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before _____, 2023.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2023**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Central District of California Clerk of the Court Edward R. Roybal Federal Building & U.S. Courthouse 255 East Temple Street Room 180 Los Angeles, CA 90012 | **Glancy Prongay & Murray LLP** Casey E. Sadler, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Kirkland & Ellis LLP** Mark Holscher 2049 Century Park East, Ste. 3700 Los Angeles, CA 90067

**Baker & McKenzie LLP** Aaron Goodman 10250 Constellation Blvd., Ste. 1850 Los Angeles, CA 90067

**Wilson Elser Moskowitz Edelman & Dicker LLP** David J. Aveni 401 West A. Street, Ste. 1900 San Diego, CA 92101

**Winston & Strawn LLP** Jeffrey L. Steinfeld 333 S. Grand Avenue, 38th Floor Los Angeles, California 90071

**Stoner Carlson LLP** William E. Stoner 301 E. Colorado Boulevard, Ste. 320 Los Angeles, CA 90017 |

74.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of publicly traded shares of SRAC Class A Common Stock, SRAC Warrants and SRAC Units that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

75.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2023**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 73 above so that the notice is *received* **on or _____, 2023**.

78.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

79.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

80.    If you purchased or otherwise acquired any of the SRAC Securities during the period between October 7, 2020 and July 13, 2021, inclusive, for the beneficial interest of persons or organizations other than yourself, you must within seven (7) calendar days of receipt of the Notice, either: (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) request the link of the Notice Packet to email all such beneficial owners and within seven (7) calendar days of receipt of the link forward them to all such beneficial owners; or (c) provide a list of the names and addresses of all such beneficial owners to *In re Stable Road Acquisition Corp. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  If you choose to follow procedure (a) or (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.

81.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $.0.05 per emailed Notice Packet link; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF.   NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

82.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 180, Los Angeles, CA 90012.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.StableRoadSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re Stable Road Acquisition Corp.*           and/or          Casey E. Sadler, Esq.
*Securities Litigation*                                          Glancy Prongay & Murray LLP
c/o Strategic Claims Services                          1925 Century Park East, Suite 2100
P.O. Box 230                                             Los Angeles, CA 90067
600 N. Jackson Street, Suite 205                         (888) 773-9224
Media, PA 19063                                     settlements@glancylaw.com
866-274-4004
www.StableRoadSecuritiesSettlement.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**


Dated: _____, 2023                              By Order of the Court
                                                     United States District Court
                                                     Central District of California

**Exhibit A-2**

*In re Stable Road Acquisition Corp. Securities Litigation*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Toll Free Number: (866) 274-4004**
**Settlement Website: www.StableRoadSecuritiesSettlement.com**
**Email:  info@strategicclaims.net**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online at www.StableRoadSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than _____, 2023.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN STABLE ROAD ACQUISITION CORP. ("SRAC") UNITS** | _ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN SRAC CLASS A COMMON STOCK** | _ |
| **PART V – SCHEDULE OF TRANSACTIONS IN SRAC WARRANTS** | _ |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | _ |

1

# PART I – CLAIMANT INFORMATION

## (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|------|-------|----------|

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|-------------------------|-------------------------|

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):
☐ Individual (includes joint owner accounts)      ☐ Pension Plan      ☐ Trust

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

☐   Corporation                  ☐   Estate

☐   IRA/401K                ☐   Other _____ (please specify)

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the Releases described in the Settlement Notice and provided for in this Claim Form.

2.      This Claim Form is directed to all persons and entities that, between October 7, 2020 and July 13, 2021, inclusive (the "Settlement Class Period") purchased or otherwise acquired: (a) publicly traded Stable Road Acquisition Corp. ("SRAC") units ("SRAC Units"); (b) publicly traded SRAC Class A common stock ("SRAC Class A Common Stock"); and/or (c) publicly traded SRAC warrants ("SRAC Warrants"), and were damaged thereby (together, the "Settlement Class").[2] SRAC Units, SRAC Class A Common Stock, and SRAC Warrants are referred to collectively as "SRAC Securities." All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as an executive officer and/or director of the Corporate Defendants during the Settlement Class Period (including Edward Freedman, Ann Kono, and Marc Lehmann), and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Corporate Defendants; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; (vi) John Rood, and his Immediate Family; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      If you are not a Settlement Class Member do not submit a Claim Form. YOU

---

[2] During the Settlement Class Period, SRAC Class A Common Stock, SRAC Warrants and SRAC Units were listed on the Nasdaq Capital Market ("Nasdaq") under the ticker symbols "SRAC," "SRACW" and "SRACU," respectively. Following the Company's August 12, 2021 business combination, SRAC Class A Common Stock and SRAC Warrants were listed on the Nasdaq under the ticker symbols "MNTS" and "MNTSW," respectively. The Company did not have publicly traded units followingly the business combination.

MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable SRAC Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable SRAC Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note: Only SRAC Units, SRAC Class A Common Stock, and SRAC Warrants purchased and/or acquired during the Settlement Class Period are eligible under the Settlement. However, because the law provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of SRAC Units, SRAC Class A Common Stock, and SRAC Warrants during the period from July 14, 2021 to October 11, 2021, inclusive, in order for the Claims Administrator to calculate your Recognized Loss amount under the Plan of Allocation and process your claim.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the SRAC Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in SRAC Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO

NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired SRAC Units, SRAC Class A Common Stock, and/or SRAC Warrants, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired SRAC Units, SRAC Class A Common Stock, and SRAC Warrants, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the SRAC Securities; and

(c)    furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the SRAC Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be

made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator at *In re Stable Road Acquisition Corp. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063,  or by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may download the documents from the Settlement website, www.StableRoadSecuritiesSettlement.com.

19.    **NOTICE REGARDING ELECTRONIC FILES:**  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the electronic filing requirements and file layout, you may visit the Settlement website at https://www.strategicclaims.net/institutional-filers/ or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 866-274-4004.**

## PART III – SCHEDULE OF TRANSACTIONS IN SRAC UNITS

Complete this Part III if and only if you purchased/acquired SRAC Units during the period from October 7, 2020, through and including July 13, 2021.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above.  Do not include information in this section regarding securities other than SRAC Units.

| | |
|---|---|
| **1.  BEGINNING HOLDINGS:** State the total number of SRAC Units held as of the opening of trading on October 7, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | |

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of SRAC Units from after the opening of trading on October 7, 2020, through and including the close of trading on July 13, 2021.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Units Purchased | Purchase Price Per Unit | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS JULY 14, 2021 THROUGH AUGUST 12, 2021:** State the total number of SRAC Units purchased/acquired (including free receipts) from after the opening of trading on July 14, 2021, through and including the close of trading on August 12, 2021.  If none, write "zero" or "0." _____

**4.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH AUGUST 12, 2021:**  Separately list each and every sale/disposition (including free deliveries) of SRAC Units from after the opening of trading on October 7, 2020 through and including the close of trading on August 12, 2021.  (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units Sold | Sale Price Per Unit | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| 5. **SEPARATION OF UNITS DURING THE SETTLEMENT CLASS PERIOD THROUGH AUGUST 12, 2021:** Separately list each and every separation of SRAC Units into the underlying component securities from after the opening of trading on October 7, 2020, through and including August 12, 2021. (Must be documented.):[3] | **IF NONE, CHECK HERE** ○ |
| --- | --- |

| Separation Date (List Chronologically) (Month/Day/Year) | Number of Shares of SRAC Class A Common Stock Received Upon Separation | Number of SRAC Warrants Received Upon Separation |
| --- | --- | --- |
| /    / | | |
| /    / | | |
| /    / | | |
| /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

[3] Each SRAC Unit consisted of one share of SRAC Class A Common Stock and one-half of one SRAC Warrant. In connection with the consummation of the Company's August 12, 2021 business combination, all then-issued and outstanding SRAC Units automatically separated into their component securities. SRAC Units purchased prior to the Settlement Class Period that were subsequently separated into their component securities during the Settlement Class Period are not eligible for a recovery from the Settlement.

**PART IV – SCHEDULE OF TRANSACTIONS IN SRAC CLASS A COMMON STOCK**

Complete this Part IV if and only if you purchased/acquired SRAC Class A Common Stock during the period from October 7, 2020, through and including July 13, 2021. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than SRAC Class A Common Stock.

| | |
|---|---|
| **1. BEGINNING HOLDINGS:** State the total number of shares of SRAC Class A Common Stock held as of the opening of trading on October 7, 2020. (Must be documented.) If none, write "zero" or "0." _____ | |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of SRAC Class A Common Stock from after the opening of trading on October 7, 2020, through and including the close of trading on July 13, 2021. (Must be documented.) **Please note:** Do <u>not</u> include acquisitions of SRAC Class A Common Stock as a result of the separation of SRAC Units in this section (such acquisitions should be included in Part III item (5) above).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD:** State the total number of shares of SRAC/Momentus Inc.[4] Class A Common Stock purchased/acquired (including free receipts) from after the opening of trading on July 14, 2021, through and including the close of trading on October 11, 2021. If none, write "zero" or "0." _____

| | |
|---|---|
| **4. SALES AND REDEMPTIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH OCTOBER 11, 2021:** Separately list each and every sale, disposition (including free deliveries), and redemption of SRAC/Momentus Inc. Class A Common Stock from after the opening of trading on October 7, 2020, through and including the close of trading on October 11, 2021. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale/Redemption (List Chronologically) (Month/Day/Year) | Ticker Symbol (SRAC or MNTS) | Number of Shares Sold/Redeemed | Sale/Redemption Price Per Share | Total Sale/Redemption Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| /    / | | | $ | $ |

---

[4] After the merger was complete in August 2021, SRAC became Momentus Inc. Please include Momentus Inc. transactions for balancing purposes.

| | | | | |
|---|---|---|---|---|
| / / | | | $ | $ |
| / / | | | $ | $ |
| / / | | | $ | $ |

**5. ENDING HOLDINGS:** State the total number of shares of SRAC/Momentus Inc. Class A Common Stock held as of the close of trading on October 11, 2021. (Must be documented.) If none, write "zero" or "0."

_____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN SRAC WARRANTS

Complete this Part V if and only if you purchased/acquired SRAC Warrants during the period from October 7, 2020, through and including July 13, 2021. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than SRAC Warrants.

**1. BEGINNING HOLDINGS:** State the total number of SRAC Warrants held as of the opening of trading on October 7, 2020. (Must be documented.) If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of SRAC Warrants from after the opening of trading on October 7, 2020, through and including the close of trading on July 13, 2021. (Must be documented.) **Please note:** Do not include acquisitions of SRAC Warrants as a result of the separation of SRAC Units in this section (such acquisitions should be included in Part III item (5) above).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Warrants Purchased | Purchase Price Per Warrant | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD:** State the total number of SRAC/Momentus Inc. Warrants purchased/acquired (including free receipts) from after the opening of trading on July 14, 2021, through and including the close of trading on October 11, 2021. If none, write "zero" or "0." _____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH OCTOBER 11, 2021:** Separately list each and every sale/disposition (including free deliveries) of SRAC/Momentus Inc. Warrants from after the opening of trading on October 7, 2020, through and including the close of trading on October 11, 2021. (Must be documented.) | **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Ticker Symbol (SRACW or MNTSW) | Number of Warrants Sold | Sale Price Per Warrant | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| / / | | | $ | $ |
| / / | | | $ | $ |
| / / | | | $ | $ |
| / / | | | $ | $ |

| 5. **WARRANT EXERCISES THROUGH OCTOBER 11, 2021:** Separately list each and every exercise of SRAC/Momentus Inc. Warrants through and including the close of trading on October 11, 2021.[5] (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Exercise (List Chronologically) (Month/Day/Year) | Number of Warrants Exercised |
|---|---|
| /    / | |
| /    / | |
| /    / | |
| /    / | |

6. **ENDING HOLDINGS:** State the total number of SRAC/Momentus Inc. Warrants held as of the close of trading on October 11, 2021. (Must be documented.) If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

[5] The SRAC Warrants became exercisable thirty days after the completion of the Company's August 12, 2021 business combination.

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON*

## *PAGE [   ] OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves), and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), that:

1.     I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     The Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.     I (we) own(ed) the SRAC Units, SRAC Class A Common Stock, and/or SRAC Warrants identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.     The Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of SRAC Units, SRAC Class A Common Stock, or SRAC Warrants, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.     The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.     I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.     The Claimant(s) waive(s) the right to trial by jury and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Claim Form and knowingly and intentionally waive(s) any right of appeal to any court including the U.S. Court of Appeals for the Ninth Circuit;

8.     I (we) acknowledge that the Claimant(s) will be bound by and subject to the

terms of any judgment(s) that may be entered in the Action; and

9.    The Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                        Date

_____
Print your name here

_____
Signature of joint Claimant, if any                                      Date

_____
Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of Claimant                Date

_____
Print your name here

_____
CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE _ OF THIS CLAIM FORM.)

## REMINDER CHECKLIST:

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 866-274-4004.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at **866-274-4004** or visit www.StableRoadSecuritiesSettlement.com.  Please DO NOT call Stable Road Acquisition Corp. or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2023**, ADDRESSED AS FOLLOWS:

*In re Stable Road Acquisition Corp. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**OR SUBMITTED ONLINE AT www.StableRoadSecuritiesSettlement.com ON OR BEFORE _____, 202_.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 202_ is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx) <br><br> Honorable John F. Walter |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All persons and entities that purchased or otherwise acquired publicly traded Stable
Road Acquisition Corp. ("SRAC") units, publicly traded SRAC Class A common
stock, and publicly traded SRAC warrants between October 7, 2020 and July 13,
2021, inclusive, and were damaged thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Central District of California,
that the above-captioned litigation (the "Action") has been certified as a class action on behalf of
the Settlement Class, except for certain persons and entities who are excluded from the
Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class
Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an
Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Lead Plaintiff in the Action has reached a
proposed settlement of the Action for $8,500,000 in cash (the "Settlement"), that, if approved,
will resolve all claims in the Action.

A hearing will be held on _____, 2023 at __:__ _.m., before the Honorable
John F. Walter at the United States District Court for the Central District of California, United
States Courthouse, Courtroom 7A, 350 W. 1st Street, Los Angeles, CA 90012, to determine
(i) whether the proposed Settlement should be approved as fair, reasonable, and adequate;
(ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein shall
have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August
18, 2023 (the "Stipulation"), which is available at www.StableRoadSecuritiesSettlement.com.

specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Stable Road Acquisition Corp. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-866-274-4004  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.StableRoadSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* or online no later than _____, 2023. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Stable Road Acquisition Corp., or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Casey E. Sadler, Esq.
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re Stable Road Acquisition Corp. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
866-274-4004
www.StableRoadSecuritiesSettlement.com

By Order of the Court

**Exhibit B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx)<br><br>Honorable John F. Walter |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Stable Road Acquisition Corp. Securities Litigation*, No. 2:21-CV-5744-JFW(SHKx) (the "Action");

WHEREAS, (a) lead plaintiff Hartmut Haenisch ("Lead Plaintiff") on behalf of himself and the other members of the Settlement Class (defined below); and (b) defendants Stable Road Acquisition Corp. ("SRAC"), SRC-NI Holdings, LLC ("Sponsor"), Momentus Inc. ("Momentus," and together with SRAC and Sponsor, "Corporate Defendants") and Brian Kabot ("Kabot"), Juan Manuel Quiroga ("Quiroga"), James Norris ("Norris"), James Hofmockel ("Hofmockel"), Dawn Harms ("Harms"), and Fred Kennedy ("Kennedy") (collectively, with Mikhail Kokorich ("Kokorich"), the "Individual Defendants"; and together with the Corporate Defendants, "Defendants"; and together with Lead Plaintiff, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated

August 18, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2023 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2023.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased or otherwise acquired SRAC Securities[1] between October 7, 2020 and July 13, 2021, inclusive

---

[1] "SRAC Securities" means publicly traded SRAC units, publicly traded SRAC Class A common stock, and publicly traded SRAC warrants.

("Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as an executive officer and/or director of the Corporate Defendants during the Settlement Class Period (including Edward Freedman, Ann Kono, and Marc Lehmann), and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Corporate Defendants; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; (vi) John Rood, and his Immediate Family; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms

of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*, as amended, and all other applicable law and rules.

6.    **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.   The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.   The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class

pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants and the other Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(s) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the

Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses,

or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion

to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other

Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of April 13, 2023, as provided in the Stipulation.

17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable John F. Walter
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to**

**Request]**