Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
 *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
 *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
 *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Hartmut Haenisch*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx)<br><br>Honorable John F. Walter<br><br>**LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Hearing Date: November 20, 2023<br>Hearing Time: 1:30 p.m.<br>Location: 350W. 1st Street<br>          Courtroom 7A |

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................1

II.  BACKGROUND ..................................................................................................2

     A.   Nature of the Action.................................................................................2

     B.   The Parties Entered Into The Settlement Agreement ............................2

     C.   The Court Granted Preliminary Approval To The Settlement ...............3

     D.   Momentus Requested Extension Of The Settlement Funding Deadline, And Plaintiff Agreed To A Partial, Seven-Day Extension.................................................................................................3

     E.   Momentus Has Repeatedly Represented That It Is Solvent, And Has Recently Sold Millions Of Dollars Of Stock..................................5

     F.   The Settlement Amount Has Not Been Fully Paid, And Is Now Overdue ...................................................................................................7

III. STANDARDS FOR ENFORCING SETTLEMENT AGREEMENTS ...............7

IV. ARGUMENT .......................................................................................................7

V.  CONCLUSION ....................................................................................................9

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

# **TABLE OF AUTHORITIES**

<u>CASES</u>

*Callie v. Near*,
829 F.2d 888 (9th Cir. 1987) ................................................................................7

*Caribbean Queen, Inc. v. Gracia Fashion Corp.*,
2019 WL 8884095 (C.D. Cal. July 22, 2019) ......................................................7

*Jeff D. v. Andrus*,
899 F.2d 753 (9th Cir. 1989) ...............................................................................7

*Kia Motors Corp. v. Keystone Auto. Indus., Inc.*,
2009 WL 10672323 (C.D. Cal. June 26, 2009)..................................................7, 8

## I.    PRELIMINARY STATEMENT

Lead Plaintiff Hartmut Haenisch ("Lead Plaintiff") respectfully requests that the Court order Defendants to comply with the terms of the Stipulation and Agreement of Settlement dated August 18, 2023 (Dkt. No. 187-7) (the "Settlement Agreement"),[1] and further order that Defendant Momentus Inc. ("Momentus") and/or the Corporate Defendants' insurers promptly pay into the Escrow Account the unpaid $3.5 million portion of the total $8.5 million Settlement Amount.[2]

The relevant facts are not reasonably in dispute, and so summary enforcement of the Settlement Agreement is appropriate. The Settlement Agreement is a binding and valid contract, executed by all of the Parties.[3] The full $8.5 million Settlement Amount was due to be paid by October 5, 2023, under the terms of the Settlement Agreement, and Lead Plaintiff granted a one-week extension for part of the payment, ending on October 12, 2023. That date has come and gone, with no payment of the outstanding $3.5 million. This amount is now overdue, and should be paid immediately so that the Settlement can proceed to final approval, and compensation can be distributed to the Settlement Class who were harmed by Defendants' alleged securities fraud that gave rise to this action.

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

[2] The "Corporate Defendants" are Defendants Momentus Inc. ("Momentus"), Stable Road Acquisition Corp. ("SRAC"), and SRC-NI Holdings, LLC ("Sponsor"). *See* Settlement Agreement at p. 1.

[3] The "Parties" are Lead Plaintiff, Momentus, SRAC, Sponsor, Brian Kabot, Juan Manuel Quiroga, James Norris, James Hofmockel, Dawn Harms, and Fred Kennedy. *See* Settlement Agreement at p. 1.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## II.     BACKGROUND

### A.     Nature of the Action

Lead Plaintiff asserts securities fraud claims on behalf of a class of investors against SRAC, the Sponsor, Momentus and the Individual Defendants (collectively, "Defendants").[4] Lead Plaintiff alleges Defendants misled investors between October 7, 2020, and July 13, 2021, inclusive (the "Settlement Class Period"), by failing to disclose material information concerning Momentus's business, and concerning SRAC's due diligence for its merger with Momentus.

### B.     The Parties Entered Into The Settlement Agreement

On August 18, 2023, after a lengthy mediation and negotiation process, the Parties executed the Settlement Agreement. *See* Dkt. No. 177 at 5 (describing negotiation process). The Settlement Agreement provides, among other things, that "Momentus and/or the Corporate Defendants' insurers shall pay or cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than ten (10) business days after: (a) the date of entry by the Court of an order preliminarily approving the settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the escrow account." Dkt. No. 178-1 at ¶8. The "Settlement Amount" is defined as "eight million and five hundred thousand dollars ($8,500,000) in cash." *Id.* at ¶1(rr).

The Settlement Agreement also contained the following representation of Defendants' solvency and ability to pay the $8.5 million Settlement Amount:

> Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the

---

[4] The Individual Defendants were executives of SRAC, the Sponsor, and/or Momentus during the Settlement Class Period.

purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

*Id.* at ¶39.

The Settlement Agreement is governed by California law. *Id.* at ¶50.

**C.    The Court Granted Preliminary Approval To The Settlement**

On August 30, 2023, Lead Plaintiff filed his Unopposed Motion For Preliminary Approval Of Class Action Settlement. *See* Dkt. No. 177. On September 21, 2023, the Court entered the Order Preliminarily Approving Settlement And Providing For Notice (Dkt. No. 181) ("Preliminary Approval Order"). The Preliminary Approval Order, among other things, "preliminarily approve[d] the Settlement, as embodied in the [Settlement Agreement], as being fair, reasonable, and adequate to the Settlement Class." *Id.* at ¶4. The Preliminary Approval Order "stay[ed] all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the [Settlement Agreement]." *Id.* at ¶20. The Preliminary Approval Order further stated that "if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it . . . to enforce the terms of the Settlement." *Id.* at ¶25. Finally, the Preliminary Approval Order stated that "[t]he Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement." *Id.* at ¶27.

Shortly following entry of the Preliminary Approval Order, on September 21, 2023, Lead Counsel provided to Defendants' Counsel the information necessary to effectuate a transfer of funds to the escrow account. *See* Declaration of Garth Spencer (filed herewith) ("Spencer Decl.") at ¶2.

**D.    Momentus Requested Extension Of The Settlement Funding Deadline, And Plaintiff Agreed To A Partial, Seven-Day Extension**

On September 20, 2023, counsel for Momentus contacted counsel for Lead Plaintiff, to ask for an extension of time to pay part of the Settlement Amount. *See* Spencer Decl. at ¶3.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

After the Court entered the Preliminary Approval Order and Lead Counsel provided to Defendants' Counsel the information necessary to effectuate a transfer of funds to the escrow account, which both occurred on September 21, 2023, the deadline to pay the Settlement Amount under the Settlement Agreement was October 5, 2023. *See* Settlement Agreement at ¶8.

From September 20, 2023, through October 6, 2023, Lead Counsel had various communications with counsel for Defendants concerning Momentus's extension request. *See* Spencer Decl. at ¶4. These communications culminated in the filing of the Joint Stipulation Regarding Revising Settlement Agreement And Continuing Deadlines Set In The Preliminary Approval Order (Dkt. No. 182) (the "Extension Stipulation"). *See id.* Among other things, the Extension Stipulation stated that "as of the filing of this Joint Stipulation, $5 million of the Settlement Amount has been deposited into the Escrow Account, and $3.5 million remains outstanding." Extension Stipulation at 1. The Extension Stipulation further stated that "Momentus has informed counsel for Lead Plaintiff that it needs an extension of the funding deadline to avoid an adverse impact on its ability to continue as a going concern." *Id.* at 2.

The Extension Stipulation provided that "[t]he deadline for Momentus and/or the Corporate Defendants' insurers to fund the remaining unpaid portion of the Settlement Amount shall be extended by one week (until October 12, 2023)." *Id.* The Extension Stipulation provided that the Parties would request an additional ninety-day extension if certain conditions were met, in Lead Plaintiff's sole discretion. *Id.* at 2-3, n.3. Those conditions have not been met, and the Parties have not reached any agreement for extension of any payment deadline beyond October 12, 2023. *See* Spencer Decl. at ¶5.

On October 10, 2023, the Court entered the Order Regarding Revising Settlement Agreement And Continuing Deadlines Set In The Preliminary Approval Order (Dkt. No. 183), as had been proposed by the Parties in connection with Lead

Plaintiff's filing of the Extension Stipulation, and which effectively so-ordered the terms of the Extension Stipulation.

### E.    Momentus Has Repeatedly Represented That It Is Solvent, And Has Recently Sold Millions Of Dollars Of Stock

Despite Momentus informing Lead Counsel "that it needs an extension of the funding deadline to avoid an adverse impact on its ability to continue as a going concern" (Extension Stipulation at 2), recently Momentus has repeatedly represented that it is solvent, and has sold millions of dollars' worth of its stock. Moreover, as discussed in Part II.B *supra*, Momentus represented in the Settlement Agreement, *dated August 18, 2023*, that payment of the Settlement Amount would not render it insolvent.

On September 7, 2023, Momentus issued a press release announcing a $5 million stock sale, which closed on September 11, 2023. *See* Spencer Decl. Exs. 1 (September 7 press release), 2 (September 11 press release). Also on September 7, 2023, Momentus filed with the SEC a Form 8-K concerning this stock sale, which included as an exhibit the Form of Securities Purchase Agreement ("First SPA") to be used in connection with the sale. *See* Spencer Decl. Ex. 3 (September 7 Form 8-K). In the First SPA, at section 3.1(w), Momentus represented and warranted its solvency as follows:

> Solvency.    Based on the consolidated financial condition of the Company as of the Closing Date, after giving effect to the receipt by the Company of the proceeds from the sale of the Securities hereunder, (i) the fair saleable value of the Company's assets exceeds the amount that will be required to be paid on or in respect of the Company's existing debts and other liabilities (including known contingent liabilities) as they mature, (ii) the Company's assets do not constitute unreasonably small capital to carry on its business as now conducted and as proposed to be conducted including its capital needs taking into account the particular capital requirements of the business conducted by the Company, consolidated and projected capital requirements and capital availability thereof, and (iii) the current cash flow of the Company, together with the proceeds the Company would receive, were it to liquidate all of its assets, after taking into account all

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

anticipated uses of the cash, would be sufficient to pay all amounts on or in respect of its liabilities when such amounts are required to be paid. The Company does not intend to incur debts beyond its ability to pay such debts as they mature (taking into account the timing and amounts of cash to be payable on or in respect of its debt). *The Company has no knowledge of any facts or circumstances which lead it to believe that it will file for reorganization or liquidation under the bankruptcy or reorganization laws of any jurisdiction within one year from the Closing Date.*

*See* Spencer Decl. Ex. 4 (First SPA excerpts) (emphasis added).

On October 2, 2023, Momentus issued a press release announcing a $4 million stock sale, which closed on October 4, 2023. *See* Spencer Decl. Exs. 5 (October 2 press release), 6 (October 4 press release). On October 3, 2023, Momentus filed with the SEC a Form 8-K concerning this stock sale, which included as an exhibit the Form of Securities Purchase Agreement ("Second SPA") to be used in connection with the sale. *See* Spencer Decl. Ex. 7 (October 3 Form 8-K). In the Second SPA, at section 3.1(w), Momentus represented and warranted its solvency in language identical to the First SPA. *See* Spencer Decl. Ex. 8 (Second SPA excerpts).

It is possible that Momentus has carried out additional recent stock sales. Over the two-week period of September 29, 2023, through October 12, 2023, alone, over 123 million shares of Momentus stock were publicly traded. *See* Spencer Decl. at ¶6. Momentus has an "At-the-Market Equity Offering Sales Agreement," under which it "may from time to time sell, through the sales agent using at-the-market ('ATM') offerings, shares of Common Stock up to an aggregate offer price of $50.0 million." *See* Spencer Decl. Ex. 9 (Momentus Form 10-Q excerpts). As of June 30, 2023, Momentus had $50 million of capacity for share sales under this agreement. *See id.* Even if the $9 million of publicly disclosed recent share sales reduces this $50 million capacity, that would leave $41 million of capacity for additional share sales remaining under the at-the-market program.

Lead Counsel has repeatedly asked counsel for Momentus for detailed information on Momentus's financial condition, including its current available cash, and whether it has recently raised any financing that has not been publicly disclosed. *See* Spencer Decl. at ¶7. Momentus has not provided the requested information. *Id.*

**F.    The Settlement Amount Has Not Been Fully Paid, And Is Now Overdue**

As of the filing of this motion, only $5 million has been paid into the Escrow Account, out of the $8.5 million total Settlement Amount. *See* Spencer Decl. at ¶8. The unpaid $3.5 million was due by October 12, 2023, under the express terms of the Settlement Agreement and the Extension Stipulation.

## III.    STANDARDS FOR ENFORCING SETTLEMENT AGREEMENTS

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement is appropriate, and an evidentiary hearing is not required, where the material facts are not in dispute. *See Kia Motors Corp. v. Keystone Auto. Indus., Inc.*, 2009 WL 10672323, at *3 (C.D. Cal. June 26, 2009) (Walter, J.) ("the Court concludes that no evidentiary hearing is required, as there are no material facts in dispute").

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). "Under California law, settlement agreements are governed by general principles of contract law." *Caribbean Queen, Inc. v. Gracia Fashion Corp.*, 2019 WL 8884095, at *2 (C.D. Cal. July 22, 2019) (Walter, J.).

## IV.    ARGUMENT

Lead Plaintiff respectfully submits that summary enforcement of the Settlement Agreement is warranted here. There can be no reasonable dispute that the Parties have entered into a valid agreement, indeed the Court has already granted preliminary

7

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

approval to the Settlement Agreement, which was signed by counsel for all Parties and filed with the Court. *See* Preliminary Approval Order at ¶4; Settlement Agreement at pp. 49-52. Similarly, there can be no reasonable dispute that Defendants are in breach of the Settlement Agreement, which requires payment of the full $8.5 million Settlement Amount into the Escrow Account by October 12, 2023 (as extended). *See* Settlement Agreement at ¶8; Extension Stipulation at 2. To date, only $5 million has been paid into the Escrow Account. *See* Spencer Decl. at ¶8. Therefore, because no material facts are in dispute, summary enforcement is appropriate, and the Court can and should find that Defendants have breached the terms of the Settlement Agreement, and order Momentus and/or the Corporate Defendants' insurers to promptly pay the outstanding $3.5 million. *See Kia Motors*, 2009 WL 10672323, at *3.

While Lead Plaintiff expects Momentus to claim that paying the remainder of the Settlement Amount may force it into bankruptcy, substantial reason exists to doubt any such argument. Momentus has recently publicly represented its solvency in binding contracts three times. *See supra* Part II.E; Settlement Agreement at ¶39; Spencer Decl. Exs. 4 (First SPA excerpts), 8 (Second SPA excerpts). Momentus recently sold at least $9 million of stock, and may be able to sell as much as $50 million in total. *See supra* Part II.E; Spencer Decl. Exs. 2 (September 11 press release), 6 (October 4 press release), 9 (Momentus Form 10-Q excerpts). And Momentus has not provided Lead Counsel with any of the requested information to substantiate Momentus's assertion that it "needs an extension of the funding deadline to avoid an adverse impact on its ability to continue as a going concern." *See* Extension Stipulation at 2; Spencer Decl. at ¶7. Moreover, even assuming, *arguendo*, that Momentus is insolvent, there is no reason that the Corporate Defendants' insurers cannot pay the remaining $3.5 million of the Settlement Amount as provided for in the Settlement Agreement.  Dkt. No. 178-1 at ¶8.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## V.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court order Defendants to comply with the terms of the Settlement Agreement, and further order Momentus and/or the Corporate Defendants' insurers to pay or cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than two business days after entry of the Court's order.

Dated: October 23, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
  *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Hartmut Haenisch*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Hartmut Haenisch, certifies that this brief contains 2,629 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 23, 2023

*s/ Garth Spencer*
Garth Spencer

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On October 23, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 23, 2023, at Wilmington, North Carolina.

*/s/ Garth Spencer*
Garth Spencer

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT