Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
 *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
 *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
 *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Hartmut Haenisch*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx)<br><br>Honorable John F. Walter<br><br>**LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Hearing Date: November 20, 2023<br>Hearing Time: 1:30 p.m.<br>Location: 350W. 1st Street<br>                Courtroom 7A |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Court-appointed lead plaintiff Hartmut Haenisch ("Lead Plaintiff") filed a motion on October 23, 2023, seeking to have the Court order Defendants to comply with the terms of the Stipulation and Agreement of Settlement dated August 18, 2023 (Dkt. No. 178-1) (the "Settlement Agreement"),[1] and further order that Defendant Momentus Inc. ("Momentus") and/or the Corporate Defendants' insurers promptly pay into the Escrow Account the unpaid $3.5 million portion of the total $8.5 million Settlement Amount.[2]  *See* Dkt. Nos. 185-87.  As Lead Plaintiff explained in his memorandum in support of the motion, the full $8.5 million Settlement Amount was due to be paid by October 5, 2023, and even after Lead Plaintiff granted a one-week extension for part of the payment, the outstanding $3.5 million was not paid even though Momentus had been raising millions of dollars from investors in the public markets and representing to the public and to Lead Plaintiff that Momentus did not face any solvency issues.  Dkt. No. 186 at 2-6.

Pursuant to Local Rule 7-9, the time to respond to the motion was October 30, 2023.  On October 30, 2023, Momentus filed a "response" to the motion.  Dkt. No. 188.  Momentus did not dispute any of the contentions in Lead Plaintiff's motion, including that it violated the terms of the Settlement Agreement by failing to pay the full amount owed, that Momentus and/or the Corporate Defendants' insurers owed $3.5 million pursuant to the Settlement Agreement, and that it had the funds to immediately pay the $3.5 million.  *See id.*  Instead, Momentus simply asked for a continuance of the hearing date of the motion.  *Id.*  Likewise, counsel for the other Corporate Defendants and the Individual Defendants did not respond to Lead

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

[2] The "Corporate Defendants" are Defendants Momentus, Stable Road Acquisition Corp. ("SRAC"), and SRC-NI Holdings, LLC ("Sponsor").  *See* Settlement Agreement at p. 1.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Plaintiff's motion at all.  Dkt. No. 189.  They only say "they do not oppose and have no objection to Momentus' request for a thirty (30) day extension."  *Id.*

The Court's Standing Order (Dkt. No. 10) clearly states in bold that "**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.**"  Standing Order at 12.  Since Momentus and the other Corporate Defendants did not timely respond to the contentions in Lead Plaintiff's motion, they consent to the motion.  *Toutouni v. Guardian Life Ins. Co. of Am.*, 2017 WL 8160964, at *1 (C.D. Cal. May 31, 2017) ("Plaintiffs failed to file a timely Opposition to Defendant's Motion. Pursuant to Local Rule 7-12, the Court deems Plaintiffs' failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendant's Motion."); *Love v. Experian Info. Sols., Inc.*, 2023 WL 4167874, at *2 (C.D. Cal. June 8, 2023) ("Pursuant to Local Rule 7-12 and this Court's Standing Order, '[f]ailure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.'  As such, Defendant Craig Boundy's Motion For Judgment on the Pleadings shall be GRANTED on this independent basis alone.") (internal citation omitted).[3]

---

[3] Momentus' request for an extension on the opposition deadline does not negate the deadline.  Standing Order at ¶7 ("No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.").  Moreover, the request should be rejected because as the Court's website makes clear, "Continuances are granted only upon a showing of good cause"; "Requests for continuance should be submitted well in advance of the requested relief"; and "Requests for continuances must be made by motion, stipulation, or application with a separate proposed order accompanied by a declaration setting forth the reasons for the requested continuance."  Momentus and the other defendants did not even attempt to meet this standard or comply with the Court's required practices for a continuance.  Accordingly, Momentus' request should be denied and Lead Plaintiff's motion should be granted.  *See* Court Website, https://www.cacd.uscourts.gov/honorable-john-f-walter ("Requests for continuance not in compliance with the Court's Standing Order or the Local Rules will be denied.").

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Similarly, that Momentus and the other Corporate Defendants failed to address the merits of Lead Plaintiff's motion constitutes waiver or concession of the argument. *See Worx4u2, Inc. v. Earthwhile Endeavors, Inc.*, 2022 WL 1601399, at *4 (C.D. Cal. Apr. 5, 2022) (holding and citing numerous cases for the proposition that a failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issues).[4]

In sum, all defendants have conceded (as they must) that they violated the terms of the Settlement Agreement by failing to pay the full amount of the Settlement, that Momentus and/or the Corporate Defendants' insurers owe $3.5 million, and that they have the funds to pay this amount now.[5] The Court should, therefore, ignore their

---

[4] *See also Est. of Paul Rea v. Cnty. of Los Angeles*, 2021 WL 9699494, at *5 (C.D. Cal. Oct. 7, 2021) ("In addition, Jaylene did not oppose and, thus, concedes Defendants' arguments with respect to her tenth claim for relief for false imprisonment and eleventh claim for relief for violation of the Bane Act."); *Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) ("In his Opposition, although Plaintiff argues that his Section 1198.5 claim is not preempted by the LMRA, Plaintiff does not address and, thus, concedes that he cannot state a claim under Section 226, 432, or 1198.5."); *Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*, 2021 WL 4706552, at *14 (C.D. Cal. Aug. 17, 2021) ("Plaintiff does not address and, thus, concedes that the statute of limitations bars its claim for both private and public nuisance for the recovery of costs incurred before February 14, 2016."); *Bethea v. Burnett*, 2005 WL 1720631, at *17 n.13 (C.D. Cal. June 28, 2005) ("The Court notes that Plaintiffs failed to address Defendants' arguments or otherwise provide any support for their Section 17200 claim in their Opposition to Defendants' Motion. The Court construes Plaintiffs' failure to oppose, much less address, Defendants' arguments regarding preemption as a waiver of any opposition Plaintiffs may have to those arguments.").

[5] Nowhere in either filing does any defendant actually state that Momentus and/or the Corporate Defendants' insurers do not have the money to pay now. Instead, Momentus just quotes its own SEC Form 8-K, which says it is working on obtaining additional capital. Dkt. No. 188. This is unsurprising since Momentus has recently raised millions of dollars and repeatedly represented its solvency. *See* Dkt. No. 186 at 5-7.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

continued attempt to delay payment and order Momentus and/or the Corporate Defendants' insurers to pay what they owe into the Escrow Account.

Dated: November 6, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Casey E. Sadler*
Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey E. Sadler (SBN 274241)
  *csadler@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Hartmut Haenisch*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Hartmut Haenisch, certifies that this brief contains 1152 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 6, 2023        *s/ Casey E. Sadler*
                                         Casey E. Sadler

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

# PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 6, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 6, 2023, at Los Angeles, California.

*/s/ Casey E. Sadler*
Casey E. Sadler

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT