**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Case No. 2:21-CV-5744-JFW(SHKx) |
| | Honorable John F. Walter |
| | **STATEMENT OF DECISION RE THE MOTION TO ENFORCE SETTLEMENT AGREEMENT [DKT NO. 185]** |

**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [filed 10/23/2023; Docket No. 185]**

On October 23, 2023 Lead Plaintiff Hartmut Haenisch ("Plaintiff") filed a motion seeking to have the Court order Defendants to comply with the terms of the Stipulation and Agreement of Settlement dated August 18, 2023 (the "Settlement

Agreement"),[1] and further order that Defendant Momentus Inc. ("Momentus") and/or the Corporate Defendants' insurers promptly pay into the Escrow Account the unpaid $3.5 million portion of the total $8.5 million Settlement Amount.[2] *See* Dkt. Nos. 185-87.  On October 30, 2023, Momentus  filed a response to the motion.  Dkt. No. 188. On October 30, 2023, counsel for the other Corporate Defendants and the Individual Defendants also filed a response to the motion.  Dkt. No. 189.  On November 6, 2023, Plaintiff filed a reply.  Dkt. No. 190. After considering the moving, opposing, and reply papers, and the arguments therein, the Court grants Plaintiff's motion.

## I.      Factual and Procedural Background

Plaintiff asserts securities fraud claims on behalf of a class of investors against SRAC, the Sponsor, Momentus and the Individual Defendants (collectively, "Defendants").  Plaintiff alleges Defendants misled investors between October 7, 2020, and July 13, 2021, inclusive (the "Settlement Class Period"), by failing to disclose material information concerning Momentus' business, and concerning SRAC's due diligence for its merger with Momentus.

On August 18, 2023, the Parties executed the Settlement Agreement.  The Settlement Agreement provides, among other things, that "Momentus and/or the Corporate Defendants' insurers shall pay or cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than ten (10) business days after: (a) the date of entry by the Court of an order preliminarily approving the settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the escrow account." Dkt. No. 178-1 at ¶8. The "Settlement Amount" is defined as "eight million and five

---

[1] Dkt. No. 178-1. All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

[2] The "Corporate Defendants" are Defendants Momentus Inc. ("Momentus"), Stable Road Acquisition Corp. ("SRAC"), and SRC-NI Holdings, LLC ("Sponsor"). *See* Settlement Agreement at p. 1.

hundred thousand dollars ($8,500,000) in cash." *Id.* at ¶1(rr).

On August 30, 2023, Plaintiff filed his Unopposed Motion For Preliminary Approval Of Class Action Settlement. Dkt. No. 177. On September 21, 2023, the Court entered the Order Preliminarily Approving Settlement And Providing For Notice (Dkt. No. 181) ("Preliminary Approval Order").  Pursuant to the terms of the Settlement Agreement, shortly following entry of the Preliminary Approval Order, Lead Counsel provided to Defendants' Counsel the information necessary to effectuate a transfer of funds to the escrow account. *See* Dkt. No. 187 (Declaration of Garth Spencer ("Spencer Decl.")) at ¶2.

Momentus sought an extension of the payment terms from Plaintiff, which Plaintiff ultimately agreed to in the Joint Stipulation Regarding Revising Settlement Agreement And Continuing Deadlines Set In The Preliminary Approval Order (Dkt. No. 182) (the "Extension Stipulation").[3] Among other things, the Extension Stipulation stated that "as of the filing of this Joint Stipulation, $5 million of the Settlement Amount has been deposited into the Escrow Account, and $3.5 million remains outstanding." Extension Stipulation at 1. The Extension Stipulation provided that "[t]he deadline for Momentus and/or the Corporate Defendants' insurers to fund the remaining unpaid portion of the Settlement Amount shall be extended by one week (until October 12, 2023)." *Id.* The Extension Stipulation provided that the Parties would request an additional ninety-day extension if certain conditions were met, in Lead Plaintiff's sole discretion. *Id.* at 2-3, n.3. Those were not met, and the Parties have not reached any agreement for extension of any payment deadline beyond October 12, 2023. *See* Spencer Decl. at ¶5.

---

[3] On October 10, 2023, the Court entered the Order Regarding Revising Settlement Agreement And Continuing Deadlines Set In The Preliminary Approval Order (Dkt. No. 183), as had been proposed by the Parties in connection with Lead Plaintiff's filing of the Extension Stipulation, and which effectively so-ordered the terms of the Extension Stipulation.

None of the Defendants have disputed any of the facts set out in Plaintiff's motion.

## II.    Summary Enforcement Is Appropriate Because Defendants Breached The Settlement Agreement And Owe $3.5 Million To Further Fund The Settlement

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement is appropriate, and an evidentiary hearing is not required, where the material facts are not in dispute. *See Kia Motors Corp. v. Keystone Auto. Indus., Inc.*, 2009 WL 10672323, at *3 (C.D. Cal. June 26, 2009) ("the Court concludes that no evidentiary hearing is required, as there are no material facts in dispute").

Plaintiff has sufficiently shown that there was a binding contract between the Parties that set forth the terms of Momentus' and the Corporate Defendants' financial obligations to fund the Settlement.   Plaintiff has further sufficiently shown that the non-payment of $3.5 million in funds constituted a breach of the Settlement Agreement.   Defendants concede as much by not disputing any of Plaintiff's arguments, including that the Parties have a valid contract, that Momentus and the Corporate Defendants owe $3.5 million to Plaintiff on behalf of the Settlement Class, that the contract was breached by this non-payment and that Momentus and/or the Corporate Defendants' insurers have the means to pay this amount immediately.

Momentus' response to the motion simply asked for a continuance of the hearing date of the motion.  Dkt. No. 188.  Likewise, counsel for the other Corporate Defendants and the Individual Defendants did not respond to Lead Plaintiff's motion at all.  Dkt. No. 189.  They only stated "they do not oppose and have no objection to Momentus' request for a thirty (30) day extension." *Id.*

The Court's Standing Order (Dkt. No. 10) clearly states that "**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting**

**of the motion.  *See* Local Rules.**"  Standing Order at 12.  Since Momentus and the other Corporate Defendants did not timely respond to the contentions in Plaintiff's motion, they consent to the motion.  *Toutouni v. Guardian Life Ins. Co. of Am.*, 2017 WL 8160964, at *1 (C.D. Cal. May 31, 2017)* ("Plaintiffs failed to file a timely Opposition to Defendant's Motion. Pursuant to Local Rule 7-12, the Court deems Plaintiffs' failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendant's Motion."); *Love v. Experian Info. Sols., Inc.,* 2023 WL 4167874, at *2 (C.D. Cal. June 8, 2023)* ("Pursuant to Local Rule 7-12 and this Court's Standing Order, '[f]ailure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.'  As such, Defendant Craig Boundy's Motion For Judgment on the Pleadings shall be GRANTED on this independent basis alone.") (internal citation omitted).[4]

Similarly, that Momentus and the other Corporate Defendants failed to address the merits of Plaintiff's motion constitutes waiver or concession of the argument. *See Worx4u2, Inc. v. Earthwhile Endeavors, Inc*., 2022 WL 1601399, at *4 (C.D. Cal. Apr. 5, 2022)* (holding and citing numerous cases for the proposition that a failure to respond in an opposition brief to an argument put forward in an opening brief

---

[4] Momentus' request for an extension on the opposition deadline did not negate the deadline.  Standing Order at ¶7 ("No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.").

Moreover, as the Court's website makes clear, "Continuances are granted only upon a showing of good cause"; "Requests for continuance should be submitted well in advance of the requested relief"; and "Requests for continuances must be made by motion, stipulation, or application with a separate proposed order accompanied by a declaration setting forth the reasons for the requested continuance."  Here, Momentus and the other defendants did not even attempt to meet this standard or comply with the Court's required practices for a continuance.  As such, their extension request is denied.  *See* Court Website, https://www.cacd.uscourts.gov/honorable-john-f-walter ("Requests for continuance not in compliance with the Court's Standing Order or the Local Rules will be denied.").

constitutes waiver or abandonment in regard to the uncontested issues); *Est. of Paul Rea v. Cnty. of Los Angeles*, 2021 WL 9699494, at \*5 (C.D. Cal. Oct. 7, 2021) ("In addition, Jaylene did not oppose and, thus, concedes Defendants' arguments with respect to her tenth claim for relief for false imprisonment and eleventh claim for relief for violation of the Bane Act."); *Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at \*8 (C.D. Cal. June 30, 2020) ("In his Opposition, although Plaintiff argues that his Section 1198.5 claim is not preempted by the LMRA, Plaintiff does not address and, thus, concedes that he cannot state a claim under Section 226, 432, or 1198.5."); *Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*, 2021 WL 4706552, at \*14 (C.D. Cal. Aug. 17, 2021) ("Plaintiff does not address and, thus, concedes that the statute of limitations bars its claim for both private and public nuisance for the recovery of costs incurred before February 14, 2016."); *Bethea v. Burnett*, 2005 WL 1720631, at \*17 n.13 (C.D. Cal. June 28, 2005) ("The Court notes that Plaintiffs failed to address Defendants' arguments or otherwise provide any support for their Section 17200 claim in their Opposition to Defendants' Motion. The Court construes Plaintiffs' failure to oppose, much less address, Defendants' arguments regarding preemption as a waiver of any opposition Plaintiffs may have to those arguments.").

There is clearly a valid contract that was breached by Momentus and the Corporate Defendants. As such, summary enforcement is appropriate, and Momentus and/or the Corporate Defendants' insurers shall promptly pay the outstanding $3.5 million. *See Kia Motors*, 2009 WL 10672323, at \*3.

**III.   Conclusion**

For the foregoing reasons, the Plaintiff's Motion to Enforce the Settlement Agreement is GRANTED.

Defendants are ORDERED to comply with the terms of the Settlement Agreement.

Momentus and/or the Corporate Defendants' insurers are ORDERED to pay or

cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than two business days after entry of the Court's order.

IT IS SO ORDERED.

Dated: November 14, 2023

_____
United States District Court Judge