Rebecca A. Musarra (SBN 291250)
GRANT & EISENHOFER PA
123 Justison St.
Wilmington, Delaware 19801
Tel.: (302) 622-7026
Fax:  (302) 622-7100
rmusarra@gelaw.com

*Counsel for Objectors*
[Additional Counsel
on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION | Master File No. 2:21-CV-5744-JFW(SHKx)<br><br>**OBJECTION TO STIPULATION OF SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Hearing Date: April 22, 2024<br>Hearing Time: 1:30 p.m.<br>Location: W. 1st Street, Courtroom 7A |

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

PLEASE TAKE NOTICE that James Burk ("Burk"), Alexander Lora ("Lora"), Patricia Shirley ("Shirley"), and Christopher Dylan Spears ("Spears," and with Burk, Lora, and Shirley, "Objectors"), by and through their undersigned counsel, hereby intend to appear and be heard at the settlement hearing on April 22, 2024, at 1:30 p.m. in Courtroom 7A of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, to raise the following objections.

## **INTRODUCTION**

Pursuant to this Court's Order Granting Preliminary Approval dated September 20, 2023 (ECF #181) and the Order Granting Joint Stipulation to Reinstate and Continue Deadlines Set in the Preliminary Approval Order entered November 22, 2023 (ECF #195), Objectors hereby object to the proposed settlement and request for attorneys' fees. Objectors are members of the proposed Settlement Class, having purchased shares of Momentus, Inc. ("Momentus"), and held such shares, on the dates set forth in the accompanying declarations.[1] Objectors are also co-lead plaintiffs in *In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.) ("Delaware Fiduciary Duty Action"), a class action suit in the Delaware Court of Chancery asserting breach of fiduciary duty claims. Objectors respectfully ask the Court to withhold approval of the proposed settlement (or condition approval upon a revision to the settlement terms) because the proposed release of claims contained in the Stipulation and Agreement of Settlement ("Settlement Agreement") as drafted could be interpreted to include the claims in the Delaware Fiduciary Duty Action, which the settling parties expressly tried to carve out of the release.

---

[1] *See* Exhibit 1, Declaration of James Burk ("Burk Declaration"), ¶3; Exhibit 2, Declaration of Alexander Lora ("Lora Declaration"), ¶3; Exhibit 3, Declaration of Patricia Shirley ("Shirley Declaration"), ¶3; Exhibit 4, Declaration of Christopher Dylan Spears ("Spears Declaration"), ¶3.

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

## BACKGROUND

On July 15, 2021, plaintiffs in this action (hereinafter, "Federal Plaintiffs") initiated this case by filing a Complaint for Violations of the Federal Securities Laws ("Federal Securities Action") (ECF #1).

On November 10, 2022, Objectors Shirley and Spears filed a Verified Class Action Complaint in the Delaware Court of Chancery.[2]  On March 16, 2023, Objector Lora filed a Verified Class Action Complaint in the same court.[3]  Objector Burk filed a Verified Class Action Complaint the following day, March 17, 2023.[4] On May 31, 2023, the Delaware Court of Chancery consolidated these cases into the Delaware Fiduciary Duty Action and appointed Objectors as co-lead plaintiffs. Objectors' operative complaint ("Operative Complaint")[5] asserts class action claims, including breach of fiduciary duty claims, against defendants Brian Kabot, James Hofmockel, Ann Kono, Mark Lehmann, James Norris, Juan Manuel Quiroga, SRC-NI Holdings, LLC, Edward K. Freedman, Dawn Harms, Fred Kennedy, and John C. Rood.[6]  Notably, Objectors based those claims on a pre-filing investigation that included, among other things, a books-and-records investigation pursuant to 8 *Del. C.* § 220, in which Objectors obtained confidential internal documents of Momentus.

### THE PROPOSED SETTLEMENT AND OVERBROAD RELEASE

The Settlement Agreement's overly broad release purports to release "all claims . . . that could have [been] asserted in any forum that . . . relate to . . . the . .

---

[2] *Patricia Shirley and Christopher Dylan Spears v. Brian Kabot et al.*, C.A. No. 2022-1023-PAF (Del. Ch.).

[3] *Alexander Lora v. Brian Kabot et al.*, C.A. No. 2023-0322-PAF (Del. Ch).

[4] *James Burk v. Brian Kabot et al.*, C.A. No. 2023-0334-PAF (Del. Ch.).

[5] A public version of the Operative Complaint is attached hereto as Exhibit 5.

[6] Objectors voluntarily dismissed Mr. Rood as a defendant in the Delaware Fiduciary Duty Action without prejudice on January 23, 2024.

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

. transactions, [or] facts . . . that in any way arise out of, relate to, or are based upon . . . the purchase, acquisition, ownership, disposition, [or] holding . . . of SRAC Securities . . . "[7]  The Settlement Agreement contains a carve-out that excludes from the release "any ***derivative*** claims in the following actions: . . . (e) *Shirley et al. v. Kabot et al.* (Del. Ch. Case No. 2022-1023); . . . (g) *Alexander Lora et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0322); (h) *James Burk et al. v. Kabot et al.* (Del. Ch. Case No. 2023-0334) . . ."[8]  Each of the cases identified in clauses (e), (g), and (h) are now consolidated into the Delaware Fiduciary Duty Action.

The release's carve-out expressly lists the case names and numbers associated with the Delaware Fiduciary Duty Action.  This demonstrates that the drafters of the Settlement Agreement intended to ***exclude*** the Delaware Fiduciary Duty Action claims from the release.  As written, however, the carve-out mistakenly refers to "derivative claims" in the Delaware Fiduciary Duty Action. The Delaware Fiduciary Duty Action is a class action, *not* a derivative action. Thus, while the Federal Plaintiffs apparently intended to exclude the Delaware Fiduciary Duty Action claims from the release, a scrivener's error, if not corrected, could be interpreted as leaving them in.

On September 26, 2023, Objectors' counsel sent a letter to counsel for all parties in the Federal Securities Action, requesting that the Settlement Agreement's release be modified to make it clear that the release did not—and the parties did not intend to—release claims currently pending in the Delaware Fiduciary Duty Action.[9]  While counsel for defendants in the Federal Securities Action did not respond, the Federal Plaintiffs responded by letter on September 29,

---

[7] Settlement Agreement, ¶1(nn).

[8] Settlement Agreement, ¶1(s) (emphasis added).

[9] *See* Letter from Objectors (K. Tucker, Esq.) to counsel for the parties in the Federal Securities Action, attached as Exhibit 6 (dated Sept. 29, 2023, transmitted Sept. 26, 2023).

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

2023.[10] In that letter, the Federal Plaintiffs dismissed the Objectors' concerns as "unfounded," expressed "surprise" at the Objectors' request, and even suggested that the Objectors were ignoring their own duties to their class clients. Objectors replied on October 5, 2023, emphasizing that if the Federal Securities Action Plaintiffs believed the claims in the Delaware Fiduciary Duty Action were not encompassed in the release, then it should be a simple matter to fix the inartful drafting of the carve-out.[11] Federal Plaintiffs did not respond to Objectors' October 5 letter.

Despite the Federal Plaintiffs' surprisingly defensive response to Objectors' September 29 letter—and, at the same time, likely in response to that letter—the Federal Plaintiffs filed in this Court a Joint Stipulation Regarding Revising Settlement Agreement and Continuing Deadlines Set in the Preliminary Approval Order (ECF #182) ("Joint Stipulation") on October 6, 2023.

The Joint Stipulation effectively acknowledged that the parties in the Federal Securities Action erred in drafting the carve-out. The Joint Stipulation first noted that Momentus, a defendant in the Federal Securities Action, had yet to fund the full settlement amount called for by the Settlement Agreement, and provided for a one-week extension for that funding. At the same time, it provided that the parties would request an additional, ninety-day extension of the settlement funding deadline if, by October 12, 2023,

> "the Settlement Agreement, and exhibits thereto, are revised to provide that ***all claims*** in the action styled *In re Momentus Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.) [i.e., the

---

[10] *See* September 29, 2023 Letter from Federal Plaintiffs (G. Spencer, Esq.) to Objectors (K. Tucker, Esq.), attached as Exhibit 7.

[11] *See* October 5, 2023 Letter from Objectors (K. Tucker, Esq.) to Federal Plaintiffs (G. Spencer, Esq.), attached as Exhibit 8.

---

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

Delaware Fiduciary Duty Action] *are excluded from the releases in this Action*."[12]

The Court entered the Joint Stipulation as an order on October 10, 2023. The parties, however, never revised the Settlement Agreement. Instead, on October 23, 2023, the Federal Plaintiffs filed a Motion to Enforce Settlement Agreement ("Motion to Enforce") (ECF #186). The Motion to Enforce advised that the conditions of the Joint Stipulation—which included the revision to the Settlement Agreement release—had not been met. The Federal Plaintiffs therefore sought an order of the Court enforcing the Settlement Agreement as written. The Court granted the request and entered that order on November 22, 2023 (ECF #195). The Court's order also extended the deadlines from the Preliminary Approval Order, including the deadline by which class members could submit any objections to the settlement, which was extended to twenty-one days before the April 22, 2024 settlement approval hearing (i.e., April 1, 2024).

Before filing this objection, on February 15, 2024, Objectors contacted Federal Plaintiffs to request that they revise the Settlement Agreement release as they had previously committed to do. Federal Plaintiffs agreed to do so, conditioned on the agreement of the defendants in the Federal Securities Action ("Federal Defendants").[13] Objectors contacted Federal Defendants on February 22, 2024, to request they agree to revise the Settlement Agreement release. The Federal Defendants refused.[14]

---

[12] Joint Stipulation ¶2(b) (emphasis added).

[13] Federal Plaintiffs' agreement was also conditioned on their review of the proposed revised carve-out. See Feb. 23, 2024 E-mail from Federal Plaintiffs (G. Spencer, Esq.) to Objectors (G. McGillivray, Esq.), and related e-mail chain, attached as Exhibit 9.

[14] *See* Feb. 27, 2024 Email from Federal Defendants (A. Norris, Esq.) to Objectors (G. McGillivray, Esq.) refusing to amend the Settlement Agreement, attached as Exhibit 10.

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

## **THIS OBJECTION**

Objectors—members of the purported class encompassed by the proposed settlement—object to the vague, overly broad, and unfair release set forth in the Settlement Agreement.[15]  "[T]he scope of a release of claims cannot be limitless, if only because of substantive due process concerns."[16]

First, the Delaware Fiduciary Duty Action's meritorious claims are worth substantially more than the $8.5 million settlement reached in the Federal Securities Action.  The defendants in the Delaware Fiduciary Duty Action did not even attempt to seek dismissal of certain of Objectors' claims,[17] and they conceded that the challenged transaction is subject to entire fairness review which is Delaware's "most onerous standard of review"[18] and *shifts the burden of proof to the defendants* to "establish 'to the *court's* satisfaction that the transaction was the product of both fair dealing and fair price.'"[19]  Thus, the Delaware Fiduciary Duty Action is proceeding with discovery, as the Delaware Court of Chancery expressly

---

[15] Pursuant to Fed. R. Civ. P. 23(e), a settlement of a federal class action must be "fair, reasonable, and adequate, accounting for the interests of absent class members" to obtain court approval.  *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (quoting FED. R. CIV. P. 23(e)(2)).

[16] *In re Phila Stock Exch.*, 945 A.2d 1123, 1145 (Del. 2008) (citing *Matsushita Elec. Indus Co. v. Epstein*, 516 U.S. 367, 388 (1996) (Ginsburg, J., concurring)); *see also Kouri v. Federal Express Corp.*, No. 21-cv-08066-SPG-JEM, 2023 WL 3431288, at *6-7 (C.D. Cal. Jan. 13, 2023) (noting that the Court is obliged to consider whether a release is overly broad, and rejecting a settlement because of an overbroad release).

[17] Specifically, none of the defendants in the Delaware Fiduciary Duty Action challenged Objectors' claims concerning defendants' failure to disclose the net cash per share underlying the SRAC shares prior to the merger.

[18] *In re McDonald's Corp. S'holder Deriv. Litig.*, 291 A.3d 652, 685 (Del. Ch. 2023).

[19] *Id.* (quoting *Cinerma, Inc. v. Technicolor, Inc.*, 663 A.2d 1156, 1163 (Del. 1995)).

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

directed during the February 1, 2024 oral argument on the defendants' partial motions to dismiss: "So this case is going to go forward as an entire fairness case. . . . [T]he case is going to go forward, so you should start preparing your discovery and get on with it."[20]

The defendants in the Delaware Fiduciary Duty Action therefore face an uphill battle to contest Objectors' claims. Those claims are well developed and premised upon detailed allegations, based on Momentus's non-public documents obtained by Objectors through their books-and-records investigation. And, by virtue of their factual strength, favorable legal standard, and progress past the pleadings stage, Objectors believe their claims in the Delaware Fiduciary Duty Action are much more valuable than the proposed recovery in the Federal Securities Action.

Indeed, while the Delaware Fiduciary Duty Action has not yet reached the expert discovery stage, a fair estimate of the value of the Delaware Fiduciary Duty Action claims is many times (i.e., at least an order of magnitude) greater than the $8.5 million for which the Federal Plaintiffs have agreed to settle. Moreover, the scope of possible damages in the Delaware Fiduciary Duty Action is broader in part as a result of the equitable nature of the Objectors' claims and damages (including rescissory damages). Thus, the proposed Federal Securities Action settlement is utterly insufficient to justify releasing the Delaware Fiduciary Duty Action's meritorious claims.

By now refusing to modify the release in the Settlement Agreement— despite having previously agreed to do so—the Federal Defendants appear to be attempting to make an opportunistic end run around the Delaware Fiduciary Duty

---

[20] Exhibit 11, *Delaware Fiduciary Duty Action*, Oral Argument on Defendants' Motion to Dismiss the Verified Amended Class Action Complaint (Del. Ch. Feb. 1, 2024) (TRANSCRIPT), at 69. The court also stated that it would promptly issue a bench ruling, *id.* at 68, which Objectors expect before May 1, 2024.

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

Action by settling with the Federal Plaintiffs and improperly attempting to release the Delaware Fiduciary Duty Action claims. That is not surprising, given that the Federal Plaintiffs lost motions to dismiss without leave to amend by Juan Quiroga, James Norris, and James Hofmockel, and did not plead claims against Ann Kono, Marc Lehmann, or Edward Freedman, all of whom remain defendants in the Delaware Fiduciary Duty Action, which the Delaware Court of Chancery has already confirmed will be proceeding. Further, the Delaware Fiduciary Duty Action will be reviewed under the plaintiff-friendly entire fairness standard, which unlike federal securities claims, does not have scienter requirement. And while the Federal Plaintiffs apparently have only propounded preliminary discovery requests and have not actually received any substantive discovery, Objectors are now in full-blown plenary discovery.

Second, it should be noted that the Federal Plaintiffs apparently did not intend to include the Delaware Fiduciary Duty Action claims within the Settlement Agreement's release. The release's carve-out expressly identifies the cases that comprise the Delaware Fiduciary Duty Action. If not for the erroneous reference to "derivative" claims, there would be no question that the carve-out entirely excludes from the release the Delaware Fiduciary Duty Action claims (which are class claims, not derivative claims).

Third, once alerted to the problem by the Objectors, the Federal Securities Action parties took steps to amend the Settlement Agreement and remedy the issue. In the Joint Stipulation, the Federal Securities Action parties provided for a potential three-month extension to the settlement's funding deadline if certain conditions were met, including a revision to the release to remedy the error that Objectors had raised to them. For reasons unknown to the Objectors, the Federal Securities Action parties never revised the release in the Settlement Agreement to correct the error. Objectors reserve the right to (1) request that the exhibits attached to this objection be entered into evidence at the settlement hearing, (2) call counsel

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

for the Federal Plaintiffs and/or Federal Defendants as witnesses at the settlement hearing, and/or (3) otherwise seek discovery with respect to the settlement and negotiation thereof, including with respect to negotiations occurring between the parties after Objectors raised concerns about the error in the release's carve-out as to the Delaware Fiduciary Duty Action claims.

Fourth, the release, as written, is both untenably vague and overly broad, making the settlement not "fair, reasonable, and adequate."[21]  By referencing "derivative" claims as to a case that does not involve any derivative claims, it is unclear whether the release's carve-out would prevent the Objectors from continuing to press their claims in the Delaware Fiduciary Duty Action.  The release and its carve-out thus present a risk that a party will later argue that the Settlement Agreement's release encompasses the claims in the Delaware Fiduciary Duty Action, when it was intended to do the opposite.  Indeed, the SRAC Defendants[22] in the Delaware Fiduciary Duty Action specifically noted in their motion to dismiss brief that they were not "address[ing] the hypothetical impact of the submission or approval of the [federal settlement] on this litigation and instead *reserve all rights to do so at a more appropriate time*."[23]  In other words, the Defendants may later argue that the Objectors' claims in the Delaware Fiduciary Duty Action are barred by the Settlement Agreement.  The sloppy language of the

---

[21] *Briseño*, 998 F.3d at 1022.

[22] Brian Kabot, James Hofmockel, Ann Kono, Marc Lehmann, James Norris, Juan Manuel Quiroga, Edward K. Freedman, and SRC-NI Holdings, LLC are defined collectively as the "SRAC Defendants" in the Delaware Fiduciary Duty Action.

[23] SRAC Defendants' Opening Brief in Support of their Motion to Dismiss Plaintiffs' Verified Class Action Complaint (Del. Ch. June 30, 2023) (Trans. ID 70291694) at 11 n.4.

9

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

release therefore risks the valuable claims of a potentially large number of absent class members in the Delaware Fiduciary Duty Action.[24]

Fifth, without the corrected carve-out, the Settlement Agreement's overbroad release would insulate a broad swath of individuals and entities who are potentially subject to liability. As written, it defines "Defendants' Releasees" as "Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such."[25] Without correcting the carve-out language, this provision would potentially release these individuals and entities from liability in the Delaware Fiduciary Duty Action before discovery takes place, leaving the Delaware Fiduciary Duty Action class without any recovery from them or scrutiny into their potential liability. This is particularly troubling because it is not always clear—in advance of discovery— who all of the wrongdoers may be.[26] Indeed, as is often the case, discovery may "reveal a deeper problem" that was concealed by the "patina of normalcy

---

[24] *See Sanchez v. Frito-Lay, Inc.*, No. 14-cv-00797-DAD-BAM, 2019 WL 4828775, at *11 (E.D. Cal. Sept. 30, 2019) ("An overbroad and unclear release of claims can present due process issues for absent class members if they do not know the extent of the claims they are releasing based on the language of the settlement agreement) (citing *Gonzalez v. CoreCivic of Tennessee, LLC*, No. 16-cv-01891-DAD-JLT, 2018 WL 4388425, at *11 (E.D. Cal. Sept. 12, 2018)).

[25] Settlement Agreement ¶1(n).

[26] *See Firefighters' Pension Sys. of City of Kansas City, Missouri Trust v. Presidio, Inc.*, 251 A.3d 212, 277 (Del. Ch. 2021) ("[P]arties who engage in duplicitous activity do not generally advertise their actions or motives, which may not be readily apparent from the surface facts."); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (noting that discovery may be required to reveal the identity of unknown defendants) (citing *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)).

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

surrounding the transaction."[27] As now written, the broad definition of Defendants' Releasees is thus manifestly unfair, unreasonable, and inadequate.[28]

## RELIEF REQUESTED

Objectors respectfully request that the Court either (i) condition approval of the settlement upon a revision of the Settlement Agreement that provides that all claims which are now asserted, or may later be asserted, in the Delaware Fiduciary Duty Action are excluded from the Settlement Agreement's releases; or (ii) reject the proposed settlement entirely.

DATED:  March 8, 2024

OF COUNSEL:

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeroen van Kwawegen
Maria Nudelman
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
jeroen@blbglaw.com
Maria.Nudelman@blbglaw.com

Gregory V. Varallo
Glenn R. McGillivray
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Tel.: (302) 364-3601
Greg.Varallo@blbglaw.com
Glenn.McGillivray@blbglaw.com

**SQUITIERI & FEARON, LLP**
Lee Squitieri
305 Broadway, 7th Floor

**GRANT & EISENHOFER P.A.**

/s/  *Rebecca A. Musarra*
Rebecca A. Musarra (SBN 291250)
Kelly L. Tucker (*pro hac vice* to be filed)
Jason M. Avellino (*pro hac vice* to be filed)
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax: (302) 622-7100
rmusarra@gelaw.com
ktucker@gelaw.com
javellino@gelaw.com

*Attorneys for Objectors*

---

[27] *In re Del Monte Foods Co. S'holders Litig*., 25 A.3d 813, 817 (Del. Ch. 2011).

[28] *Briseño*, 998 F.3d at 1022.

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

New York, NY 10007
Tel.: (212) 421-6492
Fax: (212) 421-6553
lee@sfclasslaw.com

**MOORE KUEHN, PLLC**
Fletcher Moore
Justin Kuehn
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 709-8245
Fax: (917) 634-3035
fmoore@moorekuehn.com
jkuehn@moorekuehn.com

Michael Klausner, Esq.
559 Nathon Abbott Way
Stanford, CA 94305
Tel: (650) 740-1194
klausner@stanford.edu

**KASKELA LAW LLC**
D. Seamus Kaskela
Adrienne Bell
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel.: (484) 258-1585
skaskela@kaskelalaw.com
abell@kaskelalaw.com

**LEVI & KORSINSKY, LLP**
Donald J. Enright
Brian Stewart
Noah R. Gemma
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel.: (202) 524-4290
Fax: (212) 363-7171
denright@zlk.com
bstewart@zlk.com
ngemma@zlk.com

12

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR

**ASHBY & GEDDES, P.A.**
Stephen E. Jenkins
Richard D. Heins
Tiffany Geyer Lydon
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
Tel.: (302) 654-1888
Fax: (302) 654-2067
SJenkins@ashbygeddes.com
RHeins@ashbygeddes.com
TLydon@ashbygeddes.com

OBJECTION TO STIP. OF SETTLEMENT & NOT. OF INTENT TO APPEAR