# EXHIBIT 6

# G&E  Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel:  646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel:  312.610.5350
fax: 312.214.0001

2325 3rd Street
Suite 329
San Francisco, CA 94107
tel:  415.229.9720
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

Kelly L. Tucker
Principal
+1 (302) 622-7109
ktucker@gelaw.com

September 29, 2023

**VIA ELECTRONIC AND OVERNIGHT MAIL**

Robert V. Prongay, Esq.
(rprongay@glancylaw.com)
Casey E. Sadler, Esq.
(csadler@glancylaw.com)
1925 Century Park East, Ste. 2100
Los Angeles, CA 90067

Mark C. Holscher, Esq.
(mark.holscher@kirkland.com)
2049 Century Park East, Ste. 3700
Los Angeles, CA 90067

Aaron Goodman
(aaron.goodman@bakermckenzie.com)
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067

Jeffrey L. Steinfeld, Esq.
(jlsteinfeld@winston.com)
333 S. Grand Ave., 38th Flr.
Los Angeles, CA 90071

William E. Stoner, Esq.
(wstoner@stonergrannis.com)
301 E. Colorado Blvd., Ste. 320
Los Angeles, CA 90017

Re:  *In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.)
     *In re Stable Road Acquisition Corp. Sec. Litig.*, No. 21-cv-05744 (C.D. Cal.)

Dear Counsel:

We are reaching out to address settlement developments in the securities class action filed against Stable Road Acquisition Corp. ("SRAC"), Momentus Inc. ("Momentus"), and various other defendants captioned *In re Stable Road Acquisition Corp. Sec. Litig.*, No. 21-cv-05744 (C.D. Cal.) (the "*Haenisch* Action").

As you are aware, Grant & Eisenhofer P.A. ("G&E") and Bernstein Litowitz Berger &

Glancy Prongay and Murray LLP
Kirkland and Ellis LLP
Page  2
September 29, 2023


Grossman LLP ("BLBG") represent plaintiffs Patricia Shirley and Christopher Dylan Spears in a class action captioned *In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.) (the "Delaware Action"), which is currently pending in the Delaware Court of Chancery and which asserts claims for (i) breach of fiduciary duty, (ii) unjust enrichment against certain directors, officers and/or controlling stockholders of SRAC, and (iii) aiding and abetting against certain officers of Momentus, arising from the merger between SRAC and Momentus.  I have enclosed a copy of the Verified Class Action Complaint filed in the Delaware Action for your review.   The class in the Delaware Action includes all stockholders of SRAC that held shares on the Record Date (July 7, 2021) and held those shares through the closing of the merger (August 12, 2021), i.e. *all* stockholders whose redemption rights were impaired by the defendants.

The claims asserted in the Delaware Action are fundamentally different than the claims asserted in the *Haenisch* Action, and include a different class of stockholders.   First, the *Haenisch* Action is largely based on claims related to the purchase of securities both before and after the merger pursuant to the registration statements filed by SRAC, and does not include any claims arising from the impairment of stockholder redemption rights or for breach of fiduciary duty or unjust enrichment. Second, the Delaware Action seeks disgorgement as a remedy for the violation of stockholder redemption rights, which the *Haenisch* Action does not. Third, the additional and exacting pleading requirements under federal securities law, including requirements to prove loss causation, reliance, and scienter that are not at issue in the Delaware Action, result in substantially higher litigation risks than exist with regard to the Delaware Action, which calls into serious question whether a settlement fair to members of the Delaware class could be accomplished through the release of claims in the *Haenisch* Action. Finally, the remedies in securities actions and Delaware actions are different.   *See, e.g.*, *In re Lordstown Motors Corp. S'holders Litig.*, No. CV 2021-1066-LWW, 2022 WL 678597, at \*5 (Del. Ch. Mar. 7, 2022).  It thus would not be appropriate to attempt to release the claims in the Delaware Action in connection with a settlement in the *Haenisch* Action.

The Stipulation and Agreement of Settlement recently filed in the *Haenisch* Action ("Stipulation"),[1] however, appears to release Plaintiffs' claims in the Delaware Action.  While the Stipulation contains a carve-out which references the Delaware Action, the carve-out, by its terms, only applies to "any derivative claims asserted" in the Delaware Action.  *See* Stipulation ¶1(nn).   As noted above, the Delaware Action is a *class* case with direct claims; Plaintiffs do not assert *any* derivative claims in the Delaware Action. *In re MultiPlan Corp. S'holders Litig.*, 268 A.3d 784, 805 (Del. Ch. 2022).

We expect that this limitation to derivative claims only in the carve-out for the Delaware Action was an oversight.  Please confirm by Friday, September 29, and please expeditiously amend the Stipulation to reflect the appropriate carve-out.

---

[1] *Haenisch* Action, Dkt. 178-1.

Glancy Prongay and Murray LLP
Kirkland and Ellis LLP
Page 3
September 29, 2023


Relatedly, the Stipulation's overbroad release would insulate a broad swath of individuals and entities who are potentially subject to liability. As written, it defines "Defendants' Releasees" as "Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such." Stipulation ¶1(n). This provision would potentially release these individuals and entities from liability in the Delaware Action before discovery takes place, leaving the Delaware Action class without any recovery from them or scrutiny into their potential liability. This is particularly troubling because it is not always clear—in advance of discovery—who all of the wrongdoers may be. *See Firefighters' Pension System of City of Kansas City, Missouri Trust v. Presidio, Inc*., 251 A.3d 212, 277 (Del. Ch. 2021) ("It is also important to remember that parties who engage in duplicitous activity do not generally advertise their actions or motives, which may not be readily apparent from the surface facts."). Indeed, Discovery may often "reveal a deeper problem" that was concealed by the "patina of normalcy surrounding the transaction." *In re Del Monte Foods Co. S'holders Litig.*, 25 A.3d 813, 817 (Del. Ch. 2011). As written, the broad definition of Defendants' Releasees is thus manifestly unfair, unreasonable, and inadequate, and the Stipulation should therefore expressly carve out "any direct claims which are now asserted, or may later be asserted, in the [Delaware Action]."

Please note that any attempt to release Plaintiffs' Delaware Action claims will be subject to objection, which we hope will not be necessary. Furthermore, if the parties insist on pursuing a release of the Delaware Action claims, please provide, by September 29, evidence sufficient to demonstrate that Haenisch owned SRAC shares through the redemption deadline, and evidence to identify any SRAC share sales Haenisch made (and the price at which they occurred) on or after December 8, 2020.

We are available to discuss this matter further if you have any questions or concerns.

Very truly yours,

**GRANT & EISENHOFER P.A.**

*/s/ Kelly L. Tucker*
Kelly L. Tucker (Del. #6382)

Enclosure
cc:   Gregory V. Varallo, Esq.
      Jeroen van Kwawegen, Esq.
      Glenn R. McGillivray, Esq.
      Frank R. Cruz, Esq.
      David J. Aveni, Esq.
      Marc S. Casarino, Esq.
      Rudolf Koch, Esq.
      Eric Veres, Esq.