# EXHIBIT 7



Garth Spencer
gspencer@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
929-777-1047

September 29, 2023

**VIA E-MAIL**

Kelly L. Tucker
Grant & Eisenhofer P.A
ktucker@gelaw.com

> Re:  *In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.)
> *In re Stable Road Acquisition Corp. Sec. Litig.*, No. 21-cv-05744 (C.D. Cal.)

Dear Ms. Tucker:

I write in response to your letter of September 26, 2023.[1] In the letter you discuss various issues concerning you representation of plaintiffs Patricia Shirley and Christopher Dylan Spears ("Delaware Plaintiffs") in a class action captioned *In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.) (the "Delaware Action"), in relation to *In re Stable Road Acquisition Corp. Sec. Litig.*, No. 21-cv-05744 (C.D. Cal.) (the "Federal Action") in which our firm is lead counsel to lead plaintiff Hartmut Haenisch.

After evaluating the assertions in your letter we believe they are unfounded, as detailed below. Furthermore, in the letter the Delaware Plaintiffs advance arguments that undermine their own interests and those of the class that they purport to represent, calling into serious doubt their adequacy to serve as class representatives and the reasons for their threatened objection to the settlement in the Federal Action.

We are surprised that the Delaware Plaintiffs assert (without explanation) that the Stipulation and Agreement of Settlement in the Federal Action "appears to release Plaintiffs' claims in the Delaware Action." As you are aware, the release encompasses claims that "arise out of, or relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint" in the Federal Action. As you are no doubt further aware, the complaint in the Federal Action alleges a class period ending on July 13, 2021, alleges that the truth was disclosed to investors at that time by the SEC's published actions against the defendants, and contains no mention of the July 23, 2021 proxy statement on which all of the Delaware Plaintiffs' claims are based. Indeed, your own letter argues that "[t]he claims asserted in the Delaware Action are *fundamentally different* than the claims asserted in the Haenisch Action" (emphasis added). As such, we do not understand the

---

[1] The letter is incorrectly dated September 29, 2023.

Kelly L. Tucker
September 29, 2023
Page 2

basis for your claim that the release in the Federal Action settlement "appears to release Plaintiffs' claims in the Delaware Action." Please explain the reasoning for your assertion.

The Delaware Plaintiffs' unsupported assertion actively undermines their own interests, and those of the class they purport to represent, by potentially forcing them to choose between participation in the Federal Action settlement or pursuing the Delaware Action. Notably, the Delaware Plaintiffs chose to copy defense counsel on your letter, thereby handing defendants a powerful argument that the release covers the claims in the Delaware Action. We are at a loss to understand why the Delaware Plaintiffs pursued this course of action. Please explain how admitting to defense counsel that the release in the Federal Action settlement "appears to release Plaintiffs' claims in the Delaware Action" is consistent with the Delaware Plaintiffs' duty to represent the interests of their purported class.

In your letter you state that "any attempt to release Plaintiffs' Delaware Action claims will be subject to objection." First, the Federal Action plaintiff is not attempting to release the claims asserted in the Delaware Action, as is clear from the fact that the Settlement Class Period in the Federal Action ends before Momentus published the July 23, 2021 proxy statement. Second, only members of the Settlement Class in the Federal Action may object to the settlement, and the Delaware Plaintiffs have not provided the information required to demonstrate that they are members of the Settlement Class. Please do so immediately or we will interpret your failure to do so as an admission that the Delaware Plaintiffs are not Settlement Class Members in the Federal Action and do not have standing to object.

Assuming the Delaware Plaintiffs have standing to object, their threatened objection is puzzling. If they genuinely believe that the Federal Action settlement will release the claims asserted in the Delaware Action, then they are free to exclude themselves from the Settlement Class, in which case they will not be bound by its release. However, as discussed above, the Delaware Plaintiffs have failed to explain why they assert that the release covers the Delaware Action.

In sum, after evaluating the assertions in your letter we believe they are unfounded, and we have serious concerns about the adequacy and conduct of the Delaware Plaintiffs. We are willing to further evaluate your assertions, but require additional information, as requested above, to do so properly.

Kelly L. Tucker
September 29, 2023
Page 3

Sincerely,

*/s/ Garth Spencer*

Garth Spencer

New York          Los Angeles          Berkeley
www.glancylaw.com