# EXHIBIT 8

**Grant & Eisenhofer P.A.**

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

2325 3rd Street
Suite 329
San Francisco, CA 94107
tel: 415.229.9720
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

Kelly L. Tucker
Principal
+1 (302) 622-7109
ktucker@gelaw.com

October 5, 2023

**VIA ELECTRONIC MAIL**

Garth Spencer, Esq.
(gspencer@glancylaw.com)
1925 Century Park East, Ste. 2100
Los Angeles, CA 90067

> **Re:** ***In re Momentus, Inc. S'holders Litig.*, Consol. No. 2022-1023-PAF (Del. Ch.)**
> ***In re Stable Road Acquisition Corp. Sec. Litig.*, No. 21-cv-05744 (C.D. Cal.)**

Dear Mr. Spencer:

We write in response to your September 29, 2023 letter.

Your letter expresses "surprise" at our statement that the Stipulation and Agreement of Settlement ("Stipulation") in the *Haenisch* Action "appears to release Plaintiffs' claims in the Delaware Action." Yet the Stipulation quite clearly attempts to carve out claims in the Delaware Action. While it does so clumsily—since there are no "derivative claims" in the Delaware Action—the fact the carve out mentions the Delaware Action at all clearly suggests that its drafter believed the Delaware Action claims might otherwise be released, unless carved out.[1]

If you and your clients did not seek, and do not wish, to release the claims in the Delaware Action, then fix the ambiguous carve-out. Doing so would alleviate the risk that a party will later argue that the Stipulation's release encompasses the Delaware Action claims. And to be clear, Plaintiffs in the Delaware Action did, in fact, purchase their shares during, and held through the end of, the Federal class period. And so, undoubtedly, did a large number of class members in the Delaware Action.

---

[1] To remind you, the Stipulation's overly broad release purports to release "all claims . . . that ***could have [been] asserted in any forum*** that . . . ***relate to*** . . . the . . . ***transactions,*** **[or]** ***facts . . . that in any way arise out of, relate to, or are based upon . . . the purchase, acquisition, ownership, disposition,*** **[or]** ***holding . . . of SRAC Securities . . .***" The expansive nature of that definition in the Stipulation's release might well have motivated the (inartfully drafted) carve-out that references the Delaware Action.

Garth Spencer, Esq.
Page 2
October 5, 2023

We note that you suggest that Plaintiffs exclude themselves from the Federal settlement. One would expect that, as class action lawyers, you would intuitively understand that, even if Plaintiffs were to exclude themselves from the Federal settlement, that would not cure the problem for the absent Delaware Action class members.

We reserve all rights, including the right to object, and are available to discuss this matter further if you wish to avoid such an objection.

Very truly yours,

**GRANT & EISENHOFER P.A.**

*/s/ Kelly L. Tucker*
Kelly L. Tucker (Del. #6382)

Enclosure

cc:    Gregory V. Varallo, Esq.
       Jeroen van Kwawegen, Esq.
       Glenn R. McGillivray, Esq.