# EXHIBIT 9

| | |
|---|---|
| **From:** | Garth Spencer <GSpencer@glancylaw.com> |
| **Sent:** | Friday, February 23, 2024 5:53 PM |
| **To:** | Glenn McGillivray |
| **Subject:** | RE: In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**[External]**

Glenn,

Our correspondence and the filings in our case speak for themselves, and we respectfully disagree with your characterizations of them.

While we do not believe it is necessary, I can confirm that if defendants agree to amend the settlement stipulation to modify the release carve out language concerning the Delaware plaintiffs' claims then plaintiff will agree as well, subject to review of the proposed language.

Best,
Garth

_____
Garth Spencer
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
929-777-1047

**From:** Glenn McGillivray <Glenn.McGillivray@blbglaw.com>
**Sent:** Thursday, February 22, 2024 2:45 PM
**To:** Garth Spencer <GSpencer@glancylaw.com>
**Subject:** RE: In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.)

Garth,

Thank you for your response. As you are aware, we addressed the issues raised in your email below in our September 26, 2023 and October 5, 2023 letters (both attached for reference). We did not receive a response to our October 5 letter, aside from the October 6, 2023 joint stipulation filed in the federal securities action saying that the settlement stipulation would be revised to fix the carve-out language to expressly exclude the claims in our Delaware fiduciary duty class action. I will not rehash the issues addressed in our letters again here.

While it is not our responsibility to speak with the federal securities defendants about fixing the carve-out language in the settlement stipulation, we have contacted the defendants and asked if

1

they will agree. We are doing this because the federal securities parties failed to fix this issue after we raised it in September 2023, despite saying they would do so in their October 6 joint stipulation filed with the court in the federal securities action.

Please confirm that, if the federal securities defendants agree to amend the settlement stipulation to fix the carve-out language to expressly exclude the Delaware fiduciary duty class action claims from the release, the federal securities plaintiffs will agree to do so as well.

Thanks,
Glenn

Glenn R. McGillivray
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
NY: (212) 554-1944
DE: (302) 364-3600
Mobile: (401) 829-9660
glenn.mcgillivray@blbglaw.com

---

**From:** Garth Spencer <GSpencer@glancylaw.com>
**Sent:** Tuesday, February 20, 2024 6:01 PM
**To:** Glenn McGillivray <Glenn.McGillivray@blbglaw.com>
**Subject:** RE: In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.)

**[External]**

---

Glenn,

Nice speaking with you last Thursday. On our call you inquired about the possibility of expanding the carve outs to the release in our settlement, in relation to the Delaware Chancery case relating to Momentus. You also stated that your clients intended to file an objection to our settlement, before the end of this week, unless we were able to "get something worked out," though what you meant by this was not clear.

As discussed in my September 29, 2023 letter to your co-counsel (attached), you have not explained the basis for your assertion that the release in our action covers the claims in the Chancery action. As stated in that letter, "the complaint in the Federal Action alleges a class period ending on July 13, 2021, alleges that the truth was disclosed to investors at that time by the SEC's published actions against the defendants, and contains no mention of the July 23, 2021 proxy statement on which all of the Delaware Plaintiffs' claims are based," and our Settlement Class Period ends before the July 23, 2021 proxy statement that forms the basis for your claims.

We also continue to have concerns, as discussed in the letter, that the Delaware plaintiffs' actions and threatened objection are contrary to their own interests and those of the class they purport to represent. These concerns are heightened by recent developments including the deterioration in Momentus's financial position, of which I assume you are aware from its public filings, and as indicated by the trading price of its stock ($0.74 per share) and total company market cap of approximately $7.6 million. If, however unlikely, your clients manage to persuade the Court to revise the settlement release over defendants' objections, then the defendants might seek to terminate the settlement on that basis. If your clients are indeed members of the settlement class, this would be in direct conflict with their interests. Furthermore, as a practical matter, given Momentus's financial position it is not clear from what sources the Delaware plaintiffs expect to recover in their action. As stated in our preliminary approval brief, "Lead Plaintiff was able to recover more than all of the available insurance policies."

2

Please advise whether you have you contacted each of the defendants in our action, whose agreement would be required for any amendment to the settlement stipulation, about your request to expand the carve out, and what their responses were. It would be premature for your clients to object before determining whether defendants will agree to an amendment.

Best,
Garth

_____

Garth Spencer
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
929-777-1047

---

**From:** Glenn McGillivray <Glenn.McGillivray@blbglaw.com>
**Sent:** Monday, February 19, 2024 5:38 PM
**To:** Garth Spencer <GSpencer@glancylaw.com>
**Subject:** RE: In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.)

Thanks, Garth. Appreciate the update. Hope you had a nice holiday as well.

Glenn R. McGillivray
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
NY: (212) 554-1944
DE: (302) 364-3600
Mobile: (401) 829-9660
glenn.mcgillivray@blbglaw.com

---

**From:** Garth Spencer <GSpencer@glancylaw.com>
**Sent:** Monday, February 19, 2024 5:26 PM
**To:** Glenn McGillivray <Glenn.McGillivray@blbglaw.com>
**Subject:** RE: In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.)

**[External]**

---

Glenn, just writing to follow up on our call from Thursday. I expect to have a response for you tomorrow. Hope you're enjoying the holiday today.

Best,
Garth

_____

Garth Spencer
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

929-777-1047

---

**From:** Glenn McGillivray <Glenn.McGillivray@blbglaw.com>
**Sent:** Thursday, February 15, 2024 4:21 PM
**To:** Garth Spencer <GSpencer@glancylaw.com>
**Subject:** In re Stable Road Acquisition Corp. Securities Litig., 2:21-CV-05744 (C.D. Cal.)

Garth,

Hope this note finds you well. Tried your office line a couple times but couldn't get through. We are plaintiffs' counsel in the Delaware Chancery class action relating to Momentus, and I wanted to speak with you about the upcoming settlement hearing and objection period in the federal securities action (referenced above). Please give me a call today on my office line at 212-554-1944 whenever you free up.

Best,
Glenn

Glenn R. McGillivray
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
NY: (212) 554-1944
DE: (302) 364-3600
Mobile: (401) 829-9660
glenn.mcgillivray@blbglaw.com